IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARTIN J. WALSH,<br>SECRETARY OF LABOR,<br>U.S. DEPARTMENT OF LABOR,<br><br>           Plaintiff,<br><br>    v.<br><br>PACKERS SANITATION SERVICES,<br>INC., LTD.<br><br>           Defendant. | CIVIL ACTION FILE<br>NO. 4:22-cv-3246 |

<u>DECLARATION OF JUSTIN UPHOLD</u>

I, Justin Uphold, declare under penalty of perjury, as prescribed in 28 U.S.C. § 1746, that the following is true and correct:

1. I am the Planning and Reporting Coordinator (PRC) for the Midwest Region of the United States Department of Labor, Wage and Hour Division's Regional Office. I am also an investigator assigned to investigate the Defendant's compliance with the child labor provisions of the Fair Labor Standards Act ("FLSA"). As part of my duties, I oversee the strategic planning of all directed cases for the Region. I am also a member of the Wage and Hour Divisions National Planning Team, where I contribute, plan, and evaluate several national-level initiatives that include the investigation of violations under the FLSA's child labor provisions. Part of this duty is to work with leadership to ensure child labor violations are captured and recorded accurately by all nine of the Midwest's District Offices.

2. I began as a Wage and Hour Investigator in the Grand Rapids District Office in April 2016. I conducted numerous multi-unit child labor investigations over my five

**EXHIBIT 7**

years as an investigator. I have also assisted other investigators in investigating, citing, and reporting child labor violations. I also conducted investigations of employers under various other laws that the Wage and Hour is charged with enforcing, including the FLSA. In June of 2021, I became the Planning and Reporting Coordinator.

3. The statements made herein are based on my training and experience, my personal knowledge, observations made during the execution of the warrant involving Defendant (as discussed below), my interaction with other Wage and Hour Investigators while conducting this investigation, as well as conversations with representatives and employees of the Defendant in this matter.

**The Defendant**

4. Packers Sanitation Services, Inc., Ltd., which may also operate as or do business as Packers Sanitation Services, LLC, ("PSSI") is a cleaning and sanitation company that provides contract work at meat processing facilities.

5. On August 24, 2022, the Wage and Hour Division initiated an investigation of PSSI to determine whether its practices complied with the FLSA, including its child labor provisions.

**Executing the Warrants**

6. On October 13, 2022, Wage and Hour executed a search warrant at approximately 8:00 a.m. at the PSSI Corporate Headquarters located at 3681 Prism Lane, Kieler, Wisconsin. I was assigned to serve the warrant on behalf of Wage and Hour. District Direction Kristin Tout, Assistant District Director Jenna Carte, and several Special Agents from the Office of Inspector General accompanied me on the warrant service.

7. Upon entry to the facility, Wage and Hour personnel met with PSSI Vice President Amanda Vaassen to discuss the contents of the warrant, as well as to provide the evidence preservation letters. The search warrant included all records for all of PSSI's 400+ locations.

8. After the initial execution of the warrant at PSSI's Kieler, Wisconsin headquarters, Wage and Hour and PSSI negotiated an *initial* document production or review of fifty (50) facilities at PSSI.

9. Additionally, on October 13, 2022, I provided analysis and support for all other Wage and Hour teams serving search warrants on other PSSI locations. Part of these duties was to assist with the collection of information through real time support to the field, providing general data assistance or the live processing of leads.

**Review of Records**

10. On October 17, 2022, I started a review of the records provided by PSSI of the fifty agreed-upon locations. PSSI agreed to provide the records electronically, via a secured Dropbox folder. Dropbox is a cloud-based storage solution used to share large amounts of data via the internet. PSSI first uploaded several gigabytes of electronic records, including reports pertaining to the locations that were served with search warrants. These records included employee personnel files, copies of the employee handbook, safety guide, as well as liability waivers for various services. The guides, handbook, and waivers were often unsigned, and included repeated documents.

11. Once I began to review these records, it was clear that there was an extensive amount of information that would require an intensive manual review, as some of the employee files were over 500 pages. As the records were reviewed, it was unclear

where some files started or stopped in the employee personnel file. This made it difficult to determine what was repeat information (like handbook language) or actual employee information. However, I went through the records to ensure they included the relevant information needed for an in-depth review, such as the employee's first and last name, email address, address, emergency contacts, and references.

12. Due to the extensive nature of the records, and the small section that has been reviewed, it is clear that Wage and Hour will need to conduct additional cross-references for the other forty-seven locations with documents Wage and Hour will need to subpoena from school districts.

13. As of right now, we have received over 225 GBs of total documentation from PSSI. A document such as the employee personnel file is generally around 500 pages long and about 150 MB of data. To estimate the total volume of pages of records to be reviewed, of just the fifty agreed-upon facilities, using the personnel files as a metric, there is the digital equivalent of approximately 100,000,000 pages of records in the 225 GBs of records.

14. On October 19, 2022, I began a cursory review of the forty-seven (47) other PSSI locations. I have concerns that PSSI might be employing minors at these other locations. For example:

    a. I reviewed photographs from clock in records at eight plants. Based on the appearance of some of these workers, I have concerns that some of these workers are minors.

    b. I reviewed hiring documents for employees at eight plants and have noticed birth dates seem inconsistent.

4

c. While spot checking records, I noticed one employee's age was returned at 129-years-old when their social security number was searched in CLEAR.

Executed on this <u>3rd</u> day of November, 2022.

                                                     *[signature]*
                                            Justin Uphold
                                            Planning and Reporting Coordinator
                                            Wage and Hour Division
                                            U.S. Department of Labor