# UNITED STATES DISTRICT COURT
## for the
## District of Nebraska

IN RE ADMINISTRATIVE WARRANT OF:   )
          )
**PACKERS SANITATION**        )
**SERVICES, INC., LTD.**          )
**515 W. 3ʳᵈ Street**              )
**Grand Island, NE 68801**      )
          )

## SEALED

**Case No. 8:22MJ554**

**SEALED**

---

## WARRANT FOR INSPECTION UNDER
## THE FAIR LABOR STANDARDS ACT OF 1938

---

To:   **SHANNON REBOLLEDO**, Regional Enforcement Coordinator for the Chicago Regional Office, Wage and Hour Division, United States Department of Labor

Application having been made, and reasonable cause having been shown for the inspection of the location described as Packers Sanitation Services, Inc., Ltd., which may also operate as or do business as Packers Sanitation Services, LLC, ("PSSI") and located at 515 W. 3ʳᵈ Street, Grand Island, NE 68801.

IT IS HEREBY ORDERED that, pursuant to Section 11(a) of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. ("FLSA" or "Act"), YOU OR YOUR DULY AUTHORIZED REPRESENTATIVE ARE AUTHORIZED to enter the above described location during regular working hours, including overnight shifts, or at other reasonable times, to make an inspection and investigation into violations of the Act, including child labor violations.

The inspection will include relevant records, including data, documents, and records related to PSSI's compliance with the Act, including the employment of minors by PSSI and records of former and current individuals employed or working for PSSI, including temporary

**EXHIBIT 8**

workers and independent contractors. These records may include, but are not limited to, pay and time records of PSSI workers and/or employees, identification documents and records reflecting the age of workers and employees of PSSI, tax records, PSSI corporate records, surveillance videos, and other records or documents as the investigators may deem necessary or appropriate to determine whether any person has violated any provision of the FLSA. Said inspection may include copying, transcribing, transferring, and downloading all relevant electronic files maintained on any computer hardware or software at the premises, as well as Cloud-based electronic files and data (files and data stored in a remote database rather than locally at the premises) accessed by PSSI as part of their business operations or containing documents or records related to PSSI's employment of minors and/or compliance with the Act. Where such records would be impractical to transcribe, copy, or convert to a portable form on the premises, said inspection may include physically removing any such records or electronic storage media, including tablets, laptops, or desktop computers used in the operation of PSSI's business or containing records and documents related to PSSI's business and employees (to permit the imaging and off-site searching for such records), for a period not to exceed 5 business days. Where access to such records requires account information, such as user names, passwords, and other authentication, PSSI shall provide such information to permit access to the records for the purposes of this inspection.

The inspection will be conducted during regular working hours, including overnight shifts, or at other reasonable times, within reasonable limits, and in a reasonable manner, including the questioning privately of any employee or agent, and the taking of photographs and videos. The investigators' credentials will be presented. The inspection will be commenced as

soon as practicable after the issuance of this warrant and will be completed within 14 days of the issuance of this warrant.

You are hereby directed not to disclose any information obtained during the inspection that is designated to be a trade secret, as defined by 18 U.S.C. § 1905, except that such information may be disclosed to other officers or employees concerned with carrying out the Act or when relevant in any proceeding under the Act.

A return shall be made to this Court showing that the inspection has been completed. The inspection authorized herein shall be initiated within 14 (fourteen) days, and a return shall be made to the Court within fourteen days following the completion of the inspection.

DATED: 10/11/2022

**MICHAEL D. NELSON**
**United States Magistrate Judge**

**UNITED STATES DISTRICT COURT**
**for the**
**District of Nebraska**

IN RE ADMINISTRATIVE WARRANT OF:    )
                                                 )
        PACKERS SANITATION           )      Case No. 8:22MJ554
        SERVICES, INC., LTD.         )
        515 W. 3rd Street              )
        Grand Island, NE 68801     )
                                                 )

I hereby certify that a copy of the within warrant was duly served on the company named hereon on:

_____(person)

_____(address)

_____

_____(date)


<u>RETURN</u>

Inspection of the establishment described in the warrant was made

on _____ (date), and commenced at _____ (time).


_____(Signature)

_____(Print
Wage and Hour Investigator
Wage and Hour Division
United States Department of Labor

UNITED STATES DISTRICT COURT
for the
District of Nebraska

IN RE ADMINISTRATIVE WARRANT OF:　　)
　　　　　　　　　　　　　　　　　　　　)
　　PACKERS SANITATION　　　　　　　)　　　Case No. 8:22MJ554
　　SERVICES, INC., LTD.　　　　　　　)
　　515 W. 3rd Street　　　　　　　　　)
　　Grand Island, NE 68801　　　　　　)
　　　　　　　　　　　　　　　　　　　　)

I hereby certify that a copy of the within warrant was duly served on the company named hereon on:

　　　　　Linda Rodriguez (person)

　　　　　515 W. 3rd St. (address)

　　　　　Grand Island, NE 68801

　　　　　10/13/22 (date)


RETURN

Inspection of the establishment described in the warrant was made

on 10/13/22 (date), and commenced at 8:16 (time).


　　　　　　　　　　　　　　(Signature)

　　　　　Shannon Rebolledo (Print
Wage and Hour Investigator
Wage and Hour Division
United States Department of Labor

# UNITED STATES DISTRICT COURT
## District of Nebraska

| | | |
|---|---|---|
| **IN RE ADMINISTRATIVE WARRANT OF:** | ) | **SEALED** |
| | ) | |
| **555 South Stuhr Road** | ) | Case No. 8:22MJ532 |
| **Grand Island, NE 68801** | ) | |
| | ) | **SEALED** |
| **Under the custody or control of** | ) | |
| **JBS USA or Affiliate** | ) | |

---

## WARRANT FOR INSPECTION UNDER
## THE FAIR LABOR STANDARDS ACT OF 1938

---

To: **SHANNON REBOLLEDO**, Regional Enforcement Coordinator for the Chicago Regional Office, Wage and Hour Division, United States Department of Labor

Application having been made, and reasonable cause having been shown for the inspection of the location at 555 South Stuhr Road, Grand Island, Nebraska 68801, where Packers Sanitation Services, Inc., Ltd., which may also operate as or do business as Packers Sanitation Services, LLC, ("PSSI") workers and/or employees work at a meat processing facility believed to be owned and/or operated by JBS USA or one of its affiliates.

IT IS HEREBY ORDERED that, pursuant to section 11(a) of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. ("FLSA" or "Act"), YOU OR YOUR DULY AUTHORIZED REPRESENTATIVE ARE AUTHORIZED to enter the above described location during regular working hours, including overnight shifts, or at other reasonable times, to make an inspection and investigation into violations of the Act, including child labor violations.

The inspection will include relevant records, including data, documents, and records related to PSSI's compliance with the Act, including the employment of minors by PSSI and records of former and current individuals employed or working for PSSI, including temporary

workers and independent contractors. These records may include, but are not limited to, pay and time records of PSSI workers and/or employees, identification documents and records reflecting the age of workers and employees of PSSI, tax and employment verification records, PSSI corporate records, surveillance videos, and other records or documents as the investigators may deem necessary or appropriate to determine whether any person has violated any provision of the FLSA. Said inspection may include copying, transcribing, transferring, and downloading all relevant electronic files maintained on any computer hardware or software at the premises, as well as Cloud-based electronic files and data (files and data stored in a remote database rather than locally at the premises) accessed by PSSI or JBS USA or one of its affiliates as part of their business operations or containing documents or records related to PSSI's employment of minors and/or compliance with the Act. Where such records would be impractical to transcribe, copy, or convert to a portable form on the premises, said inspection may include physically removing any such records or electronic storage media, including tablets, laptops, or desktop computers used in the operation of PSSI's or JBS USA's or one of its affiliates' business or containing records and documents related to PSSI's business and employees (to permit the imaging and off-site searching for such records), for a period not to exceed 5 business days. Where access to such records requires account information, such as user names, passwords, and other authentication, PSSI or JBS USA or one of its affiliates, as applicable, shall provide such information to permit access to the records for the purposes of this inspection.

The inspection will be conducted during regular working hours at this location, including overnight shifts, or at other reasonable times, within reasonable limits, and in a reasonable manner, including the questioning privately of any employee or agent of PSSI or of JBS USA or one of its affiliates, and the taking of photographs and videos. The investigators' credentials will

be presented. The inspection will be commenced as soon as practicable after the issuance of this

warrant and will be completed within 14 days of the issuance of this warrant.

You are hereby directed not to disclose any information obtained during the inspection

that is designated to be a trade secret, as defined by 18 U.S.C. § 1905, except that such

information may be disclosed to other officers or employees concerned with carrying out the Act

or when relevant in any proceeding under the Act.

A return shall be made to this Court showing that the inspection has been completed. The

inspection authorized herein shall be initiated within 14 (fourteen) days, and a return shall be

made to the Court within fourteen days following the completion of the inspection.

DATED: __9/30/2022_____

_____
MICHAEL D. NELSON
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## District of Nebraska

**IN RE ADMINISTRATIVE WARRANT OF:**   )
)
    **555 South Stuhr Road**     )    Case No. 8:22MJ532
    **Grand Island, NE 68801**    )
)
    **Under the custody or control of** )
    **JBS USA or Affiliate**      )

I hereby certify that a copy of the within warrant was duly served on the company named hereon on:

_____(person)
_____(address)
_____

## RETURN

Inspection of the establishment described in the warrant was made on _____, (date).

_____(Signature)

_____(Print)
Wage and Hour Investigator
Wage and Hour Division
United States Department of Labor

# UNITED STATES DISTRICT COURT
## District of Nebraska

IN RE ADMINISTRATIVE WARRANT OF: )
                                               )
    **555 South Stuhr Road**              )      Case No. 8:22MJ532
    **Grand Island, NE 68801**        )
                                               )
    **Under the custody or control of** )
    **JBS USA or Affiliate**               )

I hereby certify that a copy of the within warrant was duly served on the company named hereon on:

_Marina Ramirez_ (person)
_555 South Stuhr Road_ (address)
_Grand Island NE 68801_

## RETURN

Inspection of the establishment described in the warrant was made on _October 13 2022_ (date).

_Thomas F. Phelan_ (Signature)
_Thomas F. Phelan_ (Print)
Wage and Hour Investigator
Wage and Hour Division
United States Department of Labor

# UNITED STATES DISTRICT COURT
## District of Nebraska

IN RE ADMINISTRATIVE WARRANT OF: )
                                         )

    **555 South Stuhr Road**            )    Case No. 8:22MJ532
    **Grand Island, NE 68801**       )
                                           )

    **Under the custody or control of** )
    **JBS USA or Affiliate**             )

I hereby certify that a copy of the within warrant was duly served on the company named hereon on:

          Gregorio Acosta       (person)
          555 South Stuhr Road    (address)
          Grand Island NE 68801

## RETURN

Inspection of the establishment described in the warrant was made on _October 13 2022_, (date).

          _Thomas F. Phelan_    (Signature)
          _Thomas F. Phelan_    (Print)
Wage and Hour Investigator
Wage and Hour Division
United States Department of Labor

# UNITED STATES DISTRICT COURT
## District of Nebraska

IN RE ADMINISTRATIVE WARRANT OF:    )
    )
    **555 South Stuhr Road**    )    Case No. 8:22MJ532
    **Grand Island, NE 68801**    )
    )
    **Under the custody or control of** )
    **JBS USA or Affiliate**    )

I hereby certify that a copy of the within warrant was duly served on the company named hereon on:

    Robert Meier     (person)
    555 S Stuhr Rd.     (address)
    Grand Island 68801

## RETURN

Inspection of the establishment described in the warrant was made on _10/13/2022_ , (date).

_____ (Signature)

Shannon Reboileau (Print)
Wage and Hour Investigator
Wage and Hour Division
United States Department of Labor

**U.S. Department of Labor**

**Wage and Hour Division**
District Office Name
Street Address
City, State - ZIP


WAGE AND HOUR DIVISION

### RECEIPT FOR RECORDS REMOVED FROM THE EMPLOYER'S PREMISES

On this date ___10/13/2022___ I, __Edith Cardonas - Michmerhuizen__ removed the following records from the employer's premises
_____(Date)_____ _____(WHI Name)_____

located at ___555 S Stuhr Rd, Grand Island, NE___ for further review, transcription and/or copying.
_____(Employer Name – City, State)_____

(Enter a detailed description of the records removed)

1. PSSI Training documentation, Employees training records, Fabrication binder with employee's training sign-off sheets

2. PSSI/JBS Grand Island, NE #112 - 2021 Master Sanitation Schedule binder

3. PSSI Training documentation, Slaughter, binder with employees' training sign-off sheets

4. PSSI PPE Check documentation Fabrication, binder with personal protective equipment checklists

_____
(Signature of WHI – Date - Time)

The records listed above were returned to the employer on the date indicated below:

Date: ___10/14/2022___

_____
(Signature of WHI – Date - Time)

_____
(Signature of Employer/Authorized Representative)

Lead Investigator: __Thomas Phelan__     Case ID: __1971179__     Page No.:

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**

IN RE ADMINISTRATIVE WARRANT OF:       )
                                        )
**PACKERS SANITATION**                  )
**SERVICES, INC., LTD.**                )
**2613 S. Limit Ave.,**                 )       Case No. 22-sw-633
**Sedalia, MO 65301**                   )
                                        )       **SEALED**
                                        )

**WARRANT FOR INSPECTION UNDER**
**THE FAIR LABOR STANDARDS ACT OF 1938**

To:   **SHANNON REBOLLEDO**, Regional Enforcement Coordinator for the Chicago
      Regional Office, Wage and Hour Division, United States Department of Labor

      Application having been made, and reasonable cause having been shown for the

inspection of the location described as Packers Sanitation Services, Inc., Ltd., which may also

operate or do business as Packers Sanitation Services, LLC, ("PSSI") and located at 2613 S.

Limit Ave., Sedalia, Missouri 65301.

      IT IS HEREBY ORDERED that, pursuant to Section 11(a) of the Fair Labor Standards

Act of 1938, 29 U.S.C. § 201, et seq. ("FLSA" or "Act"), YOU OR YOUR DULY

AUTHORIZED REPRESENTATIVE ARE AUTHORIZED to enter the above described

location during regular working hours, including overnight shifts, or at other reasonable times, to

make an inspection and investigation into violations of the Act, including child labor violations.

      The inspection will include relevant records, including data, documents, and records

related to PSSI's compliance with the Act, including the employment of minors by PSSI and

records of former and current individuals employed or working for PSSI, including temporary workers and independent contractors. These records may include, but are not limited to, pay and time records of PSSI workers and/or employees, identification documents and records reflecting the age of workers and employees of PSSI, tax records, PSSI corporate records, surveillance videos, and other records or documents as the investigators may deem necessary or appropriate to determine whether any person has violated any provision of the FLSA.  Said inspection may include copying, transcribing, transferring, and downloading all relevant electronic files maintained on any computer hardware or software at the premises, as well as Cloud-based electronic files and data (files and data stored in a remote database rather than locally at the premises) accessed by PSSI as part of their business operations or containing documents or records related to PSSI's employment of minors and/or compliance with the Act. Where such records would be impractical to transcribe, copy, or convert to a portable form on the premises, said inspection may include physically removing any such records or electronic storage media, including tablets, laptops, or desktop computers used in the operation of PSSI's business or containing records and documents related to PSSI's business and employees (to permit the imaging and off-site searching for such records), for a period not to exceed 3 business days. Where access to such records requires account information, such as user names, passwords, and other authentication, PSSI shall provide such information to permit access to the records for the purposes of this inspection.

The inspection will be conducted during regular working hours at this location, including overnight shifts, or at other reasonable times, within reasonable limits, and in a reasonable manner, including the questioning privately of any employee or agent of PSSI, and the taking of photographs and videos. The investigators' credentials will be presented. The inspection will be

commenced as soon as practicable after the issuance of this warrant and will be completed within 14 days of the issuance of this warrant.

You are hereby directed not to disclose any information obtained during the inspection that is designated to be a trade secret, as defined by 18 U.S.C. § 1905, except that such information may be disclosed to other officers or employees concerned with carrying out the Act or when relevant in any proceeding under the Act.

A return shall be made to this Court showing that the inspection has been completed. The inspection authorized herein shall be initiated within 14 (fourteen) days, and a return shall be made to the Court within fourteen days following the completion of the inspection.


DATED:  3:45 PM, Oct 6, 2022


Jill A. Morris
United States Magistrate Judge
Kansas City, Missouri

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **IN RE ADMINISTRATIVE WARRANT OF:** | **)** | |
| | **)** | |
| **PACKERS SANITATION** | **)** | |
| **SERVICES, INC., LTD.** | **)** | |
| **2613 S. Limit Ave,** | **)** | Case No. 23-sw-633 |
| **Sedalia, MO 65301** | **)** | |
| | **)** | **SEALED** |
| | **)** | |

I hereby certify that a copy of the within warrant was duly served on the company named hereon on:

_____(person)
_____(address)
_____

RETURN

Inspection of the establishment described in the warrant was made on _____, (date).

_____(Signature)

_____(Print)
Wage and Hour Investigator
Wage and Hour Division
United States Department of Labor

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| IN RE ADMINISTRATIVE WARRANT OF: | ) | |
| | ) | |
| PACKERS SANITATION | ) | |
| SERVICES, INC., LTD. | ) | |
| 2613 S. Limit Ave, | ) | Case No. 22-sw-633 |
| Sedalia, MO 65301 | ) | |
| | ) | **SEALED** |
| | ) | |

I hereby certify that a copy of the within warrant was duly served on the company named hereon on:

Emmett Daniels _____ (person)

2613 S. Limit _____ (address)

Sedalia MO 65301 _____

### RETURN

Inspection of the establishment described in the warrant was made on ___10/13/22___, (date).

_____ (Signature)

Susan M. Lang _____ (Print)

Wage and Hour Investigator
Wage and Hour Division
United States Department of Labor

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI

IN RE ADMINISTRATIVE WARRANT OF:    )
    )
    **19571 Whitfield Rd.**    )    Case No. 22-sw-634
    **Sedalia, MO 65301**    )
    )    **SEALED**
    **Under the custody or control of**    )
    **Tyson Foods, Inc.**    )

# WARRANT FOR INSPECTION UNDER
# THE FAIR LABOR STANDARDS ACT OF 1938

To:    **SHANNON REBOLLEDO**, Regional Enforcement Coordinator for the Chicago Regional Office, Wage and Hour Division, United States Department of Labor

Application having been made, and reasonable cause having been shown for the inspection of the location at 19571 Whitfield Rd., Sedalia, MO 65301 where Packers Sanitation Services, Inc., Ltd., which may also operate or do business as Packers Sanitation Services, LLC, ("PSSI") workers and/or employees work at a meat processing facility believed to be owned and/or operated by Tyson Foods, Inc.

IT IS HEREBY ORDERED that, pursuant to Section 11(a) of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. ("FLSA" or "Act"), YOU OR YOUR DULY AUTHORIZED REPRESENTATIVE ARE AUTHORIZED to enter the above described location during regular working hours, including overnight shifts, or at other reasonable times, to make an inspection and investigation into violations of the Act, including child labor violations.

The inspection will include relevant records, including data, documents, and records related to PSSI's compliance with the Act, including the employment of minors by PSSI and records of former and current individuals employed or working for PSSI, including temporary workers and independent contractors. These records may include, but are not limited to, pay and time records of PSSI workers and/or employees, identification documents and records reflecting the age of workers and employees of PSSI, tax records, PSSI corporate records, surveillance videos, and other records or documents as the investigators may deem necessary or appropriate to determine whether any person has violated any provision of the FLSA.  Said inspection may include copying, transcribing, transferring, and downloading all relevant electronic files maintained on any computer hardware or software at the premises, as well as Cloud-based electronic files and data (files and data stored in a remote database rather than locally at the premises) accessed by PSSI or Tyson Foods, Inc. as part of their business operations or containing documents or records related to PSSI's employment of minors and/or compliance with the Act. Where such records would be impractical to transcribe, copy, or convert to a portable form on the premises, said inspection may include physically removing any such records or electronic storage media, including tablets, laptops, or desktop computers used in the operation of PSSI's or Tyson Foods, Inc.'s business or containing records and documents related to PSSI's business and employees (to permit the imaging and off-site searching for such records), for a period not to exceed 3 business days.  Where access to such records requires account information, such as user names, passwords, and other authentication, PSSI or Tyson Foods, Inc., as applicable, shall provide such information to permit access to the records for the purposes of this inspection.

The inspection will be conducted during regular working hours at this location, including overnight shifts, or at other reasonable times, within reasonable limits, and in a reasonable manner, including the questioning privately of any employee or agent of PSSI or Tyson Foods, Inc., and the taking of photographs and videos. The investigators' credentials will be presented. The inspection will be commenced as soon as practicable after the issuance of this warrant and will be completed within 14 days of the issuance of this warrant.

You are hereby directed not to disclose any information obtained during the inspection that is designated to be a trade secret, as defined by 18 U.S.C. § 1905, except that such information may be disclosed to other officers or employees concerned with carrying out the Act or when relevant in any proceeding under the Act.

A return shall be made to this Court showing that the inspection has been completed. The inspection authorized herein shall be initiated within 14 (fourteen) days, and a return shall be made to the Court within fourteen days following the completion of the inspection.

DATED: 3:49 PM, Oct 6, 2022

Jill A. Morris
United States Magistrate Judge
Kansas City, Missouri

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **IN RE ADMINISTRATIVE WARRANT OF:** | ) | |
| | ) | |
| **19571 Whitfield Rd.** | ) | Case No. 22-sw-634 |
| **Sedalia, MO 65301** | ) | |
| | ) | **SEALED** |
| **Under the custody or control of** | ) | |
| **Tyson Foods, Inc.** | ) | |

I hereby certify that a copy of the within warrant was duly served on the company named hereon on:

_____(person)
_____(address)
_____

RETURN

Inspection of the establishment described in the warrant was made on _____, (date).


_____(Signature)


_____(Print
Wage and Hour Investigator
Wage and Hour Division
United States Department of Labor

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI

IN RE ADMINISTRATIVE WARRANT OF:  )
                                        )

    **19571 Whitfield Rd.**             )      Case No. 22-sw-634
    **Sedalia, MO 65301**           )
                                          )      **SEALED**

    **Under the custody or control of**   )
    **Tyson Foods, Inc.**                )

I hereby certify that a copy of the within warrant was duly served on the company named hereon on:

                         JOSE RAMIREZ       (person)
                         19571 Whitfield RD    (address)
                         Sedalia MO 65301

## RETURN

Inspection of the establishment described in the warrant was made on 10/13/22      , (date).

                                        (Signature)
                      SUSAN M. LANG       (Print)
            Wage and Hour Investigator
            Wage and Hour Division
            United States Department of Labor

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI

IN RE ADMINISTRATIVE WARRANT OF:   )

            )

   19571 Whitfield Rd.            )    Case No. 22-sw-634

   Sedalia, MO 65301            )

            )    **SEALED**

   Under the custody or control of   )

   Tyson Foods, Inc.            )

I hereby certify that a copy of the within warrant was duly served on the company named hereon on:

_Emmett Daniels_ (person) _Division Manager_
_19571 Whitfield Rd_ (address) _of Operations_
_Sedalia, MO 65301_

## RETURN

Inspection of the establishment described in the warrant was made on _10/13/2022_ , (date).

_Cassi Sta_ (Signature)

_Cassandra Stoner_ (Print
Wage and Hour Investigator
Wage and Hour Division
United States Department of Labor

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

IN RE ADMINISTRATIVE WARRANT OF:  )
                                 )

    19571 Whitfield Rd.            )      Case No. 22-sw-634
    Sedalia, MO 65301          )
                                 )      **SEALED**

    **Under the custody or control of**  )
    **Tyson Foods, Inc.**             )

I hereby certify that a copy of the within warrant was duly served on the company named hereon on:

Brian Sadler _____ (person)
19571 Whitfield Rd _____ (address)
Sedalia, MO 6534 _____

## RETURN

Inspection of the establishment described in the warrant was made on ____10/13/22____, (date).

_____ (Signature)

Susan M. Lane (Print

Wage and Hour Investigator
Wage and Hour Division
United States Department of Labor

### UNITED STATES DISTRICT COURT
### DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| IN RE ADMINISTRATIVE WARRANT OF: | ) | |
| | ) | |
| **JBS LIVE PORK, LLC d/b/a JBS** | ) | **SEALED BY ORDER** |
| **PACKERS SANITATION** | ) | **OF THE COURT** |
| **SERVICES, INC. LTD.** | ) | |
| **1700 Highway 60 N.E.** | ) | Case No. 22-mj-839 ECW |
| **Worthington, Minnesota 56187** | ) | |

### WARRANT FOR INSPECTION UNDER
### THE FAIR LABOR STANDARDS ACT OF 1938

To:   **SHANNON REBOLLEDO**, and/or any authorized representative

An application by the United States Department of Labor requests the inspection under section 11(a) of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. ("FLSA" or "Act") of the following establishment located in the State and District of Minnesota.

*See* Attachment A, incorporated here

The establishment to be inspected, described above, is believed to be in possession of:

*See* Attachment B, incorporated here

I find that the affidavit establishes probable cause to inspect the production facility of JBS Live Pork, LLC ("JBS") and, relatedly, Packers Sanitation Services, Inc. Ltd. ("PSSI") under section 11(a) of the FLSA, including but not limited to transcribing or copying all relevant records and data in whatever form maintained including paper or electronic for the previous three-year period, and privately questioning any workers or employees on the premises during working hours, regarding alleged violations of Sections 6, 7, 11, 12, and 15(a) of the Act, 29 U.S.C. §§ 206, 207, 211, 212, 215(a).

Said inspection may include all relevant workplaces and environments anywhere within the establishment, including areas designated by JBS and PSSI as inaccessible to employees. Said inspection may include copying, transcribing, transferring, and downloading all relevant electronic files maintained on any computer hardware or software at the premises, as well as Cloud-based electronic files and data (files and data stored in a remote database rather than locally at the premises) accessed by JBS or PSSI as part of their business operations.

**YOU ARE COMMANDED** to execute this warrant on or before _October 16, 2022_ (*not to exceed 14 days*) during the overnight shift, when PSSI is operating out of this facility, between 11:00PM and 8:00AM.

Where such records would be impractical to transcribe, copy, or convert to a portable form on the premises, said inspection may include physically removing any such records or electronic storage media in the form of tablets, laptops, or desktop computers used in the operation of JBS and PSSI's business (to permit the imaging and off-site searching for such records) for a period not to exceed 5 business days. Where access to such records requires account information, such as user names, passwords, and other authentication, JBS or PSSI, as applicable, shall provide such information to permit access to the records for the purposes of this inspection.

You must give a copy of the warrant and a receipt for any property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The authorized representative executing this warrant, or any authorized representative present during the execution of the warrant, must prepare a return showing that the inspection has been completed and promptly return this warrant and return to United States Magistrate Judge Elizabeth Cowan Wright.

Date and time issued:

_October 6, 2022 at 4:02 pm_

*Judge's Signature*

St. Paul, MN                    Magistrate Judge Elizabeth Cowan Wright

2

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| IN RE ADMINISTRATIVE WARRANT OF: | ) | |
| | ) | |
| **JBS LIVE PORK, LLC d/b/a JBS** | ) | **SEALED BY ORDER** |
| **PACKERS SANITATION** | ) | **OF THE COURT** |
| **SERVICES, INC. LTD.** | ) | |
| **1700 Highway 60 N.E.** | ) | Case No. 22-mj-839 ECW |
| **Worthington, Minnesota 56187** | ) | |

### RETURN OF SERVICE

I hereby certify that a copy of the within warrant was duly served (indicate by check method used).

: on a duly authorized agent
: by leaving at principal office
: or place of business, to wit:
:_____
:_____
:_____

On the company named hereon

_____
(Month) (Day) (Year)

_____
(Name of person making service)

_____
(Official Title)

### RETURN

Inspection of the establishment described in the warrant was made on _____, 2022 at _____am/pm.

_____
Wage and Hour Investigator

3

## ATTACHMENT A

The **Subject Premises** is an industrial meat processing facility located at 1700 Highway 60 N.E., Worthington, MN 56187 including any additional structures used by JBS Live Pork, LLC in the business of meat production. Subject premises is located on the east side of Highway 60 aka Oxford Street just south of Interstate 90.



The **Subject Premises** is an industrial building fronted by a large parking lot with a white and beige exterior. The JBS logo is featured prominently on a welcome sign and on the front of the building.





# ATTACHMENT B

1. Payroll records and records of pay and/or rate of pay, records of hours worked, and sign-in or sign-out sheets for the previous three year period for all former and current individuals employed by or working for Packers Sanitation Services, Inc. Ltd. ("PSSI") (including temporary workers and independent contractors), including any records containing the rate of pay (hourly, piece or other); total daily/weekly straight time earnings; total daily/weekly piece-rate; weekly, monthly, and annual earnings; total additional pay per hours worked weekly over 40 hours; total wages paid, including any records of payments made in cash; records related to the form of payment; records related to any pay cards issued as a form of pay and deposits and/or pay issued to or through pay cards, including Global Cash Cards; total deductions made from wages paid weekly; and total daily/weekly hours worked. Said records include, but are not limited to, logbooks, cash ledgers, timecards, attendance records, bank statements, Global Cash Cards or any other pay card records, records from any pay or payroll system used, including Wisely Pay, canceled payroll checks, and any video surveillance of employees entering, leaving, or on the premises of meat processing facilities.

2. For all former and current individuals employed by or working for PSSI (including temporary workers and independent contractors) records that contain any of the following information about any employee: names, physical likeness, photographs, addresses, social security numbers, telephone numbers, ages or dates of birth, and occupations, for the previous three-year period.  Said records include, but are not limited to, any photographs of employees, including any form of identification badge, employment records, personnel files, applications for employment—including documents provided in pursuit of employment—Team Member Termination and Resignation Forms, and job assignment records.

3. IRS Forms W-2, W-4, 940, 941 and 1099 for or related to any former and/or current individuals employed by or working for PSSI (including temporary workers and independent contractors) from the past three-year period.

4. Records regarding PSSI's ownership and/or corporate structure; corporate filings; annual gross dollar volume of sales made or business done; federal and state tax forms; contracts with meat and/or poultry processors; contracts between PSSI and workers whom PSSI considers to be independent contractors or subcontractors; temporary worker agencies who provide workers to PSSI; first aid logs and records of injuries, and any injury reports submitted to or prepared to comply with any applicable safety and/or health regulations, including OSHA 300 logs, safety and sanitation training records and/or certificates of completion for each worker.

5. Originals and copies of driver's licenses, social security cards, and/or any other forms of identification kept on premises.

1

6. Any evidence or records relating to employees' working conditions and assigned tasks, including but not limited to observations of the environment, machinery, or chemicals used or encountered by employees during their work, oral statements from employees, and photographs of employees.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN RE ADMINISTRATIVE WARRANT OF: ) | |
| ) | |
| **JBS LIVE PORK, LLC d/b/a JBS** ) | **SEALED BY ORDER** |
| **PACKERS SANITATION** ) | **OF THE COURT** |
| **SERVICES, INC. LTD.** ) | |
| **1700 Highway 60 N.E.** ) | Case No. 22-mj-839 ECW |
| **Worthington, Minnesota 56187** ) | |

**RETURN OF SERVICE**

I hereby certify that a copy of the within warrant was duly served (indicate by check method used).

: on a duly authorized agent
: by leaving at principal office
: or place of business, to wit:

✓: Luke Brunning Safety : OccHealth Manager
: _____
: _____

On the company named hereon

10/13/2022
(Month) (Day) (Year)

Matthew Latuff
(Name of person making service)

Investigator
(Official Title)

**RETURN**

Inspection of the establishment described in the warrant was made on _October 13th_, 2022 at _2_ am/pm.

_____
Wage and Hour Investigator

3

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

IN RE ADMINISTRATIVE WARRANT OF:    )
    )
**JBS LIVE PORK, LLC d/b/a JBS**    )    **SEALED BY ORDER**
**PACKERS SANITATION**    )    **OF THE COURT**
**SERVICES, INC. LTD.**    )
**1700 Highway 60 N.E.**    )    Case No. 22-mj-839 ECW
**Worthington, Minnesota 56187**    )

**RETURN OF SERVICE**

I hereby certify that a copy of the within warrant was duly served (indicate by check method used).

    : on a duly authorized agent
    : by leaving at principal office
    : or place of business, to wit:
    ✓ Security Guard → Travis Bright
    : _____
    : _____

On the company named hereon

10/13/2022
(Month) (Day) (Year)

Matthew R Laduff
(Name of person making service)

Investigator
(Official Title)

**RETURN**

Inspection of the establishment described in the warrant was made on _October 13_____, 2022 at _2_____ am/pm.

_____
Wage and Hour Investigator

3

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| **IN RE ADMINISTRATIVE WARRANT OF:** | ) | |
| | ) | |
| **PACKERS SANITATION** | ) | **SEALED BY ORDER** |
| **SERVICES, INC. LTD.** | ) | **OF THE COURT** |
| **1016 Oxford Street** | ) | |
| **Worthington, MN 56187** | ) | Case No. 22-mj-841 ECW |
| | ) | |

## WARRANT FOR INSPECTION UNDER
## THE FAIR LABOR STANDARDS ACT OF 1938

To: **SHANNON REBOLLEDO**, and/or authorized representative

An application by the United States Department of Labor requests the inspection under section 11(a) of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. ("FLSA" or "Act") of the following establishment located in the State and District of Minnesota.

See Attachment A, incorporated here

The establishment to be inspected, described above, is believed to be in possession of:

See Attachment B, incorporated here

I find that the affidavit establishes probable cause to inspect the Packers Sanitation Services, Inc. Ltd. ("PSSI") office facility under section 11(a) of the FLSA, including but not limited to transcribing or copying all relevant records and data in whatever form maintained including paper or electronic for the previous three-year period, and privately questioning any workers or employees on the premises during working hours, regarding alleged violations of Sections 6, 7, 11, 12, and 15(a) of the Act, 29 U.S.C. §§ 206, 207, 211, 212, 215(a).

Said inspection may include all relevant workplaces and environments anywhere within the establishment, including areas designated by PSSI as inaccessible to employees.

1

Said inspection may include copying, transcribing, transferring, and downloading all relevant electronic files maintained on any computer hardware or software at the premises, as well as Cloud-based electronic files and data (files and data stored in a remote database rather than locally at the premises) accessed by PSSI as part of their business operations.

**YOU ARE COMMANDED** to execute this warrant on or before _____October 16, 2022_____ (*not to exceed 14 days*) during regular business hours or at other reasonable times during the daytime from 6:00 a.m. to 10:00 p.m.

Where such records would be impractical to transcribe, copy, or convert to a portable form on the premises, said inspection may include physically removing any such records or electronic storage media in the form of tablets, laptops, or desktop computers used in the operation of PSSI's business (to permit the imaging and off-site searching for such records) for a period not to exceed 5 business days. Where access to such records requires account information, such as usernames, passwords, and other authentication PSSI shall provide such information to permit access to the records for the purposes of this inspection.

You must give a copy of the warrant and a receipt for any property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The authorized representative executing this warrant, or any authorized representative present during the execution of the warrant, must prepare a return showing that the inspection has been completed and promptly return this warrant and return to United States Magistrate Judge Elizabeth Cowan Wright.

Date and time issued:

_____October 6, 2022 at 4:06 pm_____          _____
                                                                              *Judge's Signature*

St. Paul, MN                                    Magistrate Judge Elizabeth Cowan Wright

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| IN RE ADMINISTRATIVE WARRANT OF: | ) | |
| | ) | |
| **PACKERS SANITATION** | ) | **SEALED BY ORDER** |
| **SERVICES, INC. LTD.** | ) | **OF THE COURT** |
| **1016 Oxford Street** | ) | |
| **Worthington, MN 56187** | ) | Case No. 22-mj-841 ECW |
| | ) | |

## RETURN OF SERVICE

I hereby certify that a copy of the within warrant was duly served (indicate by check method used).

: on a duly authorized agent
: by leaving at principal office
: or place of business, to wit:
:_____
:_____
:_____

On the company named hereon

_____
(Month) (Day) (Year)

_____
(Name of person making service)

_____
(Official Title)

## RETURN

Inspection of the establishment described in the warrant was made on _____, 2022 at _____am/pm.

_____
Wage and Hour Investigator

3

## <u>ATTACHMENT A</u>

The **Subject Premises** is a stand-alone building storefront in a strip-mall located at 1016 Oxford Street, Worthington, MN 56187. Subject premises is located south-west of the intersection of Oxford Street and Oslo Street.



The **Subject Premises** is housed on the lower level of a green, wood clad building which it shares with "Edward Jones Investments" and a salon, "Urban Edge." The building is fronted by a small parking lot. The entrance to Packers Sanitation Services, Inc. ("PSSI") is on the east side of the building, with its door facing Oslo Street. The PSSI logo is featured prominently to the right of the door above a window with address numbers "1016" in white to the left of the door.

 

<u>**ATTACHMENT B**</u>

1. Payroll records and records of pay and/or rate of pay, records of hours worked, and sign-in or sign-out sheets for the previous three year period for all former and current individuals employed by or working for Packers Sanitation Services, Inc. Ltd. ("PSSI") (including temporary workers and independent contractors), including any records containing the rate of pay (hourly, piece or other); total daily/weekly straight time earnings; total daily/weekly piece-rate; weekly, monthly, and annual earnings; total additional pay per hours worked weekly over 40 hours; total wages paid, including any records of payments made in cash; records related to the form of payment; records related to any pay cards issued as a form of pay and deposits and/or pay issued to or through pay cards, including Global Cash Cards; total deductions made from wages paid weekly; and total daily/weekly hours worked. Said records include, but are not limited to, logbooks, cash ledgers, timecards, attendance records, bank statements, Global Cash Cards or any other pay card records, records from any pay or payroll system used, including Wisely Pay, canceled payroll checks, and any video surveillance of employees entering, leaving, or on the premises of meat processing facilities.

2. For all former and current individuals employed by or working for PSSI (including temporary workers and independent contractors) records that contain any of the following information about any employee: names, physical likeness, photographs, addresses, social security numbers, telephone numbers, ages or dates of birth, and occupations, for the previous three-year period.  Said records include, but are not limited to, any photographs of employees, including any form of identification badge, employment records, personnel files, applications for employment—including documents provided in pursuit of employment—Team Member Termination and Resignation Forms, and job assignment records.

3. IRS Forms W-2, W-4, 940, 941 and 1099 for or related to any former and/or current individuals employed by or working for PSSI (including temporary workers and independent contractors) from the past three-year period.

4. Records regarding PSSI's ownership and/or corporate structure; corporate filings; annual gross dollar volume of sales made or business done; federal and state tax forms; contracts with meat and/or poultry processors; contracts between PSSI and workers whom PSSI considers to be independent contractors or subcontractors; temporary worker agencies who provide workers to PSSI; first aid logs and records of injuries, and any injury reports submitted to or prepared to comply with any applicable safety and/or health regulations, including OSHA 300 logs, safety and sanitation training records and/or certificates of completion for each worker.

5. Originals and copies of driver's licenses, social security cards, and/or any other forms of identification kept on premises.

1

6. Any evidence or records relating to employees' working conditions and assigned tasks, including but not limited to observations of the environment, machinery, or chemicals used or encountered by employees during their work, oral statements from employees, and photographs of employees.

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

IN RE ADMINISTRATIVE WARRANT OF: )
)
**PACKERS SANITATION** )  **SEALED BY ORDER**
**SERVICES, INC. LTD.** )  **OF THE COURT**
**1016 Oxford Street** )
**Worthington, MN 56187** )  Case No. 22-mj-841 ECW
)

---

### RETURN OF SERVICE

I hereby certify that a copy of the within warrant was duly served (indicate by check method used).

: on a duly authorized agent
: by leaving at principal office
: or place of business, to wit:
✓ Juanita Briones   Recruiter/Office Man.
:_____
:_____

On the company named hereon

Oct. 13 2022
(Month) (Day) (Year)

Mathew Latnff
(Name of person making service)

Investigator
(Official Title)

### RETURN

Inspection of the establishment described in the warrant was made on ___Oct. 13_____, 2022 at ___8___ am/pm.

_____
Wage and Hour Investigator

3

# UNITED STATES DISTRICT COURT
## for the
### Western District of Wisconsin

IN RE ADMINISTRATIVE WARRANT OF:    )
   )
**PACKERS SANITATION**    )    Case No.: 22 MC 08
**SERVICES, INC. LTD.**    )
**3681 Prism Lane**    )
**Kieler, Wisconsin 53812**    )
   )    <u>**SEALED**</u>
   )

---

## WARRANT FOR INSPECTION UNDER
## THE FAIR LABOR STANDARDS ACT OF 1938

---

To:    **SHANNON REBOLLEDO,** and/or any Investigator of the Wage and Hour Division, United States Department of Labor, and/or any authorized representative

An application by the United States Department of Labor requests the inspection under section 11(a) of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, <u>et seq.</u> ("FLSA" or "Act") of the following establishment located in the Western District of Wisconsin.

Packers Sanitation Services, Inc. Ltd.
3681 Prism Lane
Kieler, Wisconsin 53812

The establishment to be inspected, described above, is believed to be in possession of:

*See* Attachment A.

I find that the affidavit establishes probable cause to inspect the establishment office of Packers Sanitation Services, Inc. Ltd. ("PSSI") under section 11(a) of the FLSA, including but not limited to transcribing or copying all relevant records and data in whatever form maintained including paper or electronic for the previous three-year period, and question such employees during working hours, regarding alleged violations of Sections 6, 7, 11, 12, and 15(a) of the Act, 29 U.S.C. §§ 206, 207, 211, 212, 215(a).

Said inspection may include all relevant workplaces and environments anywhere within the establishment, including areas designated by PSSI as inaccessible to employees. Said inspection may include copying, transcribing, transferring, and downloading all relevant electronic files maintained on any computer hardware or software at the premises, as well as Cloud-based electronic files and data (files and data stored in a remote database rather than locally at the premises) accessed by PSSI as part of their business operations.

**YOU ARE COMMANDED** to execute this warrant on or before   10-18-22   *(not to exceed 14 days)* during regular business hours or at other reasonable times during the daytime from 6:00 a.m. to 10:00 p.m.

Where such records would be impractical to transcribe, copy, or convert to a portable form on the premises, said inspection may include physically removing any such records or electronic storage media in the form of tablets, laptops, or desktop computers used in the operation of PSSI's business (to permit the imaging and off-site searching for such records) for a period not to exceed 5 business days. Where access to such records requires account information, such as user names, passwords, and other authentication, PSSI shall provide such information to permit access to the records for the purposes of this inspection.

You must give a copy of the warrant and a receipt for any property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The authorized representative executing this warrant, or any authorized representative present during the execution of the warrant, must prepare a return showing that the inspection has been completed and promptly return this warrant and return to United States Magistrate Judge Stephen L. Crocker.

Date and time issued:

_10·4-22 AT 3:30 PM_                                   

_____
*Judge's Signature*

Madison, Wisconsin                           Magistrate Judge Stephen L. Crocker

| | | |
|---|---|---|
| *Return* | | |
| Case No.:<br>Click to enter Case No. | *Date and time warrant executed:* | *Copy of warrant and inventory left with:* |
| *Inventory made in the presence of* | | |
| *Inventory of the property taken and name of any person(s) seized:* | | |

| *Certification* |
|---|

  *I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.*

Date: _____

*Executing officer's signature*

_____

*Printed name and title*

## ATTACHMENT A

1. Payroll records and records of pay and/or rate of pay, records of hours worked, and sign-in or sign-out sheets for the previous three year period for all former and current individuals employed by or working for Packers Sanitation Services, Inc. Ltd. ("PSSI") (including temporary workers and independent contractors), including any records containing the rate of pay (hourly, piece or other); total daily/weekly straight time earnings; total daily/weekly piece-rate; weekly, monthly, and annual earnings; total additional pay per hours worked weekly over 40 hours; total wages paid, including any records of payments made in cash; records related to the form of payment; records related to any pay cards issued as a form of pay and deposits and/or pay issued to or through pay cards, including Global Cash Cards; total deductions made from wages paid weekly; and total daily/weekly hours worked. Said records include, but are not limited to, logbooks, cash ledgers, timecards, attendance records, bank statements, Global Cash Cards or any other pay card records, records from any pay or payroll system used, including Wisely Pay, canceled payroll checks, and any video surveillance of employees entering, leaving, or on the premises of meat processing facilities.

2. For all former and current individuals employed by or working for PSSI (including temporary workers and independent contractors) records that contain any of the following information about any employee: names, physical likeness, photographs, addresses, social security numbers, telephone numbers, ages or dates of birth, and occupations, for the previous three-year period. Said records include, but are not limited to, any photographs of employees, including any form of identification badge, employment records, personnel files, applications for employment—including documents provided in pursuit of employment—Team Member Termination and Resignation Forms, and job assignment records.

3. IRS Forms W-2, W-4, 940, 941 and 1099 for or related to any former and/or current individuals employed by or working for PSSI (including temporary workers and independent contractors) from the past three-year period.

4. Records regarding PSSI's ownership and/or corporate structure; corporate filings; annual gross dollar volume of sales made or business done; federal and state tax forms; contracts with meat and/or poultry processors; contracts between PSSI and workers whom PSSI considers to be independent contractors or subcontractors; temporary worker agencies who provide workers to PSSI; first aid logs and records of injuries, and any injury reports submitted to or prepared to comply with any applicable safety and/or health regulations, including OSHA 300 logs, safety and sanitation training records and/or certificates of completion for each worker.

5. Originals and copies of driver's licenses, social security cards, and/or any other forms of identification kept on premises.

6. Any evidence or records relating to employees' working conditions and assigned tasks, including but not limited to observations of the environment, machinery, or chemicals used or encountered by employees during their work, oral statements from employees, and photographs of employees.

1

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

IN RE ADMINISTRATIVE WARRANT OF:     )
                                       )

**PACKERS SANITATION**          )
**SERVICES, INC. LTD.**         )
**3681 Prism Lane**             )     Case No.
**Kieler, Wisconsin 53812**    )
                                         )
                                         )

## RETURN OF SERVICE

I hereby certify that a copy of the within warrant was duly served (indicate by check method used).

                     : on a duly authorized agent
                     : by leaving at principal office
                     : or place of business, to wit:
                     : _____
                     : _____
                     : _____

         On the company named hereon

         _____
         (Month) (Day) (Year)

         _____
         (Name of person making service)

         _____
         (Official Title)

## RETURN

Inspection of the establishment described in the warrant was made on _____, 2022 at _____am/pm.

         _____
         Wage and Hour Investigator

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

IN RE ADMINISTRATIVE WARRANT OF: )
)
    PACKERS SANITATION )
    SERVICES, INC. LTD. )
    3681 Prism Lane )    Case No.   22 mc 00008-slc
    Kieler, Wisconsin 53812 )
)
)

## RETURN OF SERVICE

I hereby certify that a copy of the within warrant was duly served (indicate by check method used).

    : on a duly authorized agent
    : by leaving at principal office
    : or place of business, to wit:
    : AMANDA VAASSEN
    : 3681 PRISM LN
    : KIELER, WI

On the company named hereon

10 / 13 / 2022
(Month) (Day) (Year)

Justin Uphold
(Name of person making service)

Planning and Review Coordinator
(Official Title)

## RETURN

Inspection of the establishment described in the warrant was made
on 10/13/2022 , 2022 at 8:00 am/pm.

Wage and Hour Investigator