IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARTIN J. WALSH, SECRETARY OF LABOR U.S. DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>PACKERS SANITATION SERVICES, INC., LTD.,<br><br>Defendant. | CIVIL ACTION FILE NO. 4:22-CV-03246 |

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR
EXPEDITED DISCOVERY, SCHEDULING ORDER, AND
<u>CONTINUANCE OF PRELIMINARY INJUNCTION HEARING</u>**

Pursuant to Rules 16, 26, and 65 of the Federal Rules of Civil Procedure and the Court's inherent powers, Defendant Packers Sanitation Services, LLC ("PSSI" or "the Company") requests that the Court enter an order providing three things: (1) limited, expedited discovery as detailed below to prevent extreme prejudice to Defendant; (2) a scheduling order with certain provisions relating to witness and exhibit lists, including the identification and exchange of witness information (including any purported experts) and documents for use at the preliminary injunction hearing; and (3) a short extension of the date for preliminary injunction hearing to ensure a fair hearing in this matter. Without such discovery and some extension of the hearing date, PSSI will be deprived of due process and the opportunity to adequately respond to the request of the United States Department of Labor ("DOL") for a preliminary injunction against Defendant.

Significantly, PSSI's policies and practices, including but not limited to a prohibition on employing anyone under the age of 18, are designed to require and to ensure compliance with the child labor provisions of the Fair Labor Standards Act. Allowing PSSI limited, expedited discovery will allow the Company to determine what employees DOL alleges are under 18 and to examine any circumstances related to the person's hiring (whether due to "lax documentation"

1

practices as DOL has claimed, or otherwise), including evading detection through use of the federal government's E-Verify system, which PSSI utilizes whether it is required to do so or not, and to obtain documentation that DOL contends supports their hearsay contentions that these individuals are under 18. This discovery is necessary both as a matter of fairness and due process to PSSI, but also for the purpose of reducing the likelihood of employing minors while aiding in ensuring that no such persons are currently employed. Thus, the limited discovery which PSSI seeks will both ensure a more fair proceeding and aid in compliance with the law, which is DOL's stated objective.

Notably, in the present litigation, DOL already has obtained an *ex parte* temporary restraining order (i.e., an order granted without the opportunity for PSSI even to respond), which will remain in place until the preliminary injunction hearing. In seeking the extraordinary remedy of a preliminary injunction, however, DOL has refused to provide even basic, limited discovery on an informal basis that would allow PSSI to adequately respond to the contentions in this lawsuit, and that also would aid the Company in the elimination of any minor employment, to the extent that it may exist.

In particular, DOL has submitted declarations to this Court about minors that it claims were employed by PSSI, but steadfastly refuses to identify the majority of those individuals. It also refuses to produce any information about the alleged minors it claims were employed by the Company, including any of the documents or information referred to and relied upon by DOL in the declarations it has submitted to this Court in support of its TRO and Preliminary Injunction motion, i.e., the information DOL claims to have to substantiate its contentions in this case. In other words, DOL expects PSSI and the Court simply to accept its hearsay representations, perhaps only to spring this "evidence" upon PSSI at the preliminary injunction hearing with no notice, opportunity to review what DOL supposedly has, and no chance to test any of the assertions or

documents. DOL simply refuses to provide even the most bare information that would allow PSSI to investigate and to respond to its accusations. This stonewalling approach results in extreme prejudice to the Defendant, deprives Defendant of due process, does not serve the public interest, and provides the Court an inadequate evidentiary basis for making a ruling on the issue of whether a preliminary injunction is appropriate. DOL cannot have it both ways, seeking to rely on this information to obtain relief from the Court, but hiding the information from PSSI until the parties appear in Court (or maybe DOL does not even intend to identify the individuals or information then, wanting PSSI and the Court simply to accept its say-so).

The same approach taken by DOL here has been taken by DOL before other courts and rejected based on serious due process and fairness concerns. As recently stated in *Walsh v. MedStaffers LLC*, No. 1:21-cv-1730, 2021 WL 5505825, at *5 (M.D.Pa. Nov. 24, 2021), there are "serious fairness concerns" when DOL seeks a preliminary injunction but denies the defendant basic discovery. In *Medstaffers LLC*, the court stated as follows in a passage that rings particularly true in this case:

> Secretary Walsh cannot have his cake and eat it too. The Department has a choice when it comes to the informer's privilege: it can invoke the privilege and keep the information to itself, forgoing reliance on that evidence to meet its burden of proof, or it can waive the privilege and enter the information into evidence…What the Department cannot do is pursue the extraordinary remedy of a preliminary injunction by relying on evidence it refuses to disclose to defendants. Accordingly, we will not consider the materials submitted to the court *in camera* in our preliminary injunction ruling.

*Id.* at *5. *See also Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers, Local No. 70 of Alameda Cty.*, 415 U.S. 423, 448 (1974) (before a preliminary injunction can issue, Fed. R. Civ. P. 65 "implies a hearing in which the *defendant is given a fair opportunity to oppose the application and to prepare for such opposition*"; emphasis added).

The same concerns are present in this proceeding. For the reasons set forth below, PSSI respectfully requests that the Court order the limited discovery sought by PSSI (as further described below) on an expedited basis, that the Court enter a scheduling order relating to the exchange of witness and exhibit lists and documents, and that the Court continue the date of the preliminary injunction hearing from November 23, 2022 for approximately 7-14 days. These provisions are necessary to provide due process and to avoid extreme prejudice to Defendant, and to further the public interest, allowing the Court to make a determination regarding the extraordinary remedy of a preliminary injunction based on an adequate evidentiary record.[1]

### A.     Background.

As the Court is aware, this case involves an action initiated by the DOL against PSSI seeking to enjoin alleged violations of the child labor provisions of the Fair Labor Standards Act ("FLSA"). On November 9, 2022, DOL filed the Complaint and immediately sought an *ex parte* temporary restraining order. The following day, November 10, this Court granted in part DOL's request and entered a Temporary Restraining Order (Doc. 8), imposing certain restrictions and setting a preliminary injunction hearing for less than two weeks later, on November 23, 2022.[2]

Plaintiff DOL already has executed search warrants on certain PSSI locations and has taken documents and information from the Company. DOL now seeks to present evidence in support of a preliminary injunction without providing PSSI basic information necessary for it to investigate

---

[1] The public interest obviously also is not threatened here by any continuance since the Temporary Restraining Order that the Court entered on November 10, 2022 remains entirely in place. Although counsel for PSSI has asked DOL's counsel if the government believed there were any additional steps beyond those that the Company already has taken that were necessary to comply with the TRO in DOL's view, DOL has made no such suggestions.

[2] This period included a three-day holiday weekend due to Veteran's Day.

and respond to DOL's contentions, and to enable PSSI to take efforts to ensure that any compliance concerns under the FLSA have been addressed.

Since the day this case was filed on November 9, 2022, counsel for PSSI repeatedly has requested that DOL identify the individuals DOL lists in its Motion for Temporary Restraining Order and Preliminary Injunction and the supporting papers (see Doc. #s 2-3) as alleged minor employees. This was both so that PSSI could investigate and be in a position to respond to DOL's assertions, and so that those individuals could be removed from the workplace if they in fact were minors. DOL refused. PSSI's counsel repeated these requests on November 10 and November 11, with DOL continuing to refuse to identify the alleged minor employees included in DOL's pleadings and to provide the supporting documents or information establishing that the employees (identified only by letters "A" through "EE") were not eligible to work. Finally, on November 15, 2022, Defendant's counsel again informally requested information from DOL in order to prepare for the preliminary injunction hearing. *See Exhibit 1*. DOL responded today, November 16, stating "we will not be providing the documents requested." *See id.* Defendant has sought to informally and cooperatively obtain information needed for the hearing and to obtain agreement from DOL for certain procedures that would allow the preliminary injunction process to proceed in a fair and orderly manner, but has not been successful in achieving such agreement. As a result, PSSI's counsel this evening served limited, narrowly-tailored formal document requests and set of interrogatories to DOL. *See Exhibit 2*. Thus, Defendant now seeks the Court's assistance so that it can address the important issues raised by the Plaintiff DOL in its motion for a preliminary injunction, including by ordering expedited responses to these discovery requests.

5

FP 45674754.1

**B.     Memorandum of Law In Support of Motion for Expedited Discovery And Continuance of Preliminary Injunction Hearing.**

**1.   The Federal Rules of Civil Procedure Contemplate Limited Discovery Before A Preliminary Injunction Hearing.**

Defendant PSSI seeks expedited, limited discovery to be in a position to prepare for the preliminary injunction hearing currently set for November 23, 2022. Pursuant to Rule 26(d), the Court is specifically empowered to control the timing and sequence of discovery and may order that discovery proceed prior to the Rule 26(f) conference. See Fed.R.Civ.P. 26(d). Pursuant to Rule 26(d)(1):

> [a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(b) or when authorized by these rules, stipulation, or by court order.

Fed. R. Civ. P. 26(d)(1). The notes for Rule 26(d)(1) provide that early discovery may be warranted in cases involving a request for a preliminary injunction. *Id*., Comm. Note. 1993 (stating that early discovery "will be appropriate in some cases, such as those involving requests for a preliminary injunction").

**2.   Courts In The Eighth Circuit Regularly Allow Expedited Discovery Before A Preliminary Injunction Hearing**.

Courts within the Eighth Circuit regularly allow parties to conduct expedited discovery in connection with a motion for preliminary injunction so that the parties are not prejudiced, can develop necessary evidence for the preliminary injunction hearing, and so that the Court has an appropriate evidentiary basis on which to evaluate the issues raised. The Court may grant expedited discovery for "good cause" upon a showing that the need for expedited discovery, in consideration of the administration of justice, outweighs prejudice to responding party. *Wachovia Sec., LLC v. Stanton*, 571 F.Supp.2d 1014, 1049 (N.D. Iowa 2008)(discussing good cause standard, Eighth Circuit law, and ordering expedited, limited discovery, while noting that the party seeking

FP 45674754.1

discovery had made reasonable efforts to gather the needed information with the other party's cooperation and had narrowly tailored its requests); *Strike 3 Holdings, LLC v. Doe*, Civ. No. 18-777, 2018 WL 2078707, at *1 (D.Minn. May 14, 2018) (noting continued use of "good cause" standard within Eighth Circuit); *see New York v. Griepp,* 17-CV-3706 (CBA) (JO) ) (S.D.N.Y. July 20, 2017)(granting defendant's motion for expedited discovery, finding "Defendant's request for early production of copies of photos, videos, or audio recordings in Plaintiff's possession or control that Plaintiff alleges depict Defendant engaging in illegal conduct – to the extent that it is limited to documents that Plaintiff intends to use at the preliminary injunction hearing – is entirely reasonable.").

Expedited discovery in advance of a preliminary injunction hearing serves the interests of justice because development of the record before the preliminary injunction hearing better enables the Court to judge the parties' interests and respective changes for success on the merits. *Edudata Corp. v. Scientific Computers*, Inc., 599 F.Supp. 1084, 1088 (D.Minn. 1984) (issuing TRO but granting expedited discovery before preliminary injunction hearing, to "better enable the court to judge the parties' interests and respective chances for success on merits.").

3. **Good Cause Exists For Expedited Discovery In The Present Case In Order To Provide Due Process To Defendant And Avoid Extreme Prejudice.**

PSSI will suffer great prejudice absent the Court providing for expedited, limited discovery. "The issuance of an injunction can sometimes have a harmful impact on the personal reputations and legitimate business activities of defendants." *SEC v. Harwyn Indus. Corp.*, 326 F. Supp. 943, 957 (S.D.N.Y. 1971). Because preliminary injunctions are of potentially unlimited duration, "the notice required by Rule 65(a) before a preliminary injunction can issue implies a hearing in which the defendant is given a fair opportunity to oppose the application and to prepare for such opposition." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck*

*Drivers, Local No. 70 of Alameda Cty*., 415 U.S. 423, 448 (1974) (emphasis added); *Rural Media Group, Inc. v. Performance One Media, LLC*, No 8:09-cv-447, 2010 WL 273979, at *3 (D.Ne. Jan. 13, 2010)(a preliminary injunction requires fair opportunity to oppose the application and prepare an opposition).

Proceeding with a hearing on Plaintiff DOL's motion for preliminary injunction on November 23, 2022, would not provide Defendant with a fair opportunity to oppose Plaintiff DOL's application or to prepare its response. While the Plaintiff DOL has alleged that the Company has violated the FLSA, DOL's determination does not obviate the need for an independent judicial determination based upon a fair hearing after PSSI has had a reasonable opportunity to prepare its defense. *Granny Goose Foods, Inc*. 415 U.S. 448. PSSI cannot adequately prepare its defense in these circumstances.

The purposes underlying the discovery provisions of the Federal Rules of Civil Procedure are to avoid surprise and the possible miscarriage of justice and to eliminate the "sporting theory of justice." *Brown v. Badgett, Inc. v. Jennings*, 842 F.2d. 899, 902 (6th Cir. 1988). DOL, through the agency's investigational authority and the execution of warrants, has had many months to gather facts in support of its motion for preliminary injunction. By comparison, PSSI has had no opportunity to probe the government's purported evidence, which DOL has refused to provide to PSSI in any way in which the Company actually can investigate and respond to what DOL claims. *See Tumey v. Mycroft AI, Inc*. 27 F.4th 657 (8th Cir. 2022) (while defendant had opportunity to participate in adversarial hearing in sense that it could cross-examine plaintiff's witnesses and present its own evidence, defendant's ability to mount a defense was hampered by the non-disclosure and concealment of evidence, eradicating "a meaningful opportunity to defend against that evidence prior to the issuance of a preliminary injunction"). Fairness, due process, and the

public interest demands that PSSI be afforded expedited, limited discovery and a reasonable time frame to investigate and respond to DOL's motion. The already-obtained TRO, which will remain in place until the date of the preliminary injunction hearing, avoids any potential prejudice to DOL or the public interest. Affording an adequate amount of time and discovery to PSSI here furthers the parties' and the Court's interests.

### C. The Limited Discovery and Scheduling Order Sought by Defendant.

Defendant's specific requests, set forth below, are narrowly drawn. Defendant seeks expedited discovery on limited issues that are reasonably tailored to the circumstances based on the information set forth and relied upon by DOL in support of its *ex parte* Temporary Restraining Order request and its motion for preliminary injunction. The burden on DOL is virtually non-existent, but PSSI on the other hand has no means of identifying the employees identified by the DOL only by letter in the pleadings and certainly has no means of otherwise obtaining the documentary evidence upon which DOL apparently is relying to meet its burden of proof. Defendant seeks the following discovery in advance of a preliminary injunction hearing:

- Request 1: All documents or other evidence that DOL intends to present or to rely upon at the hearing, including any and all witness statements that DOL plans to present;

- Request 2: All documents relating to assertions by DOL of an employee or employees with birthdates supposedly in the 1800s, which DOL has referred to on a number of occasions;

- Request 3: Any evidence that supervisors, managers, or other management officials at PSSI had knowledge of child labor violations; and

- Request 4: Any exculpatory evidence that DOL possesses relating to the claims against PSSI (e.g., interview statements in which employees say that they know of no child labor violations).

- Request 5: Any documents or other information relating to your proof that individuals referred to in your TRO and Preliminary Injunction Pleadings are not the ages that appear in their I-9s or other employment documentation.

- Interrogatory 1: Please provide the identity of the remaining 19 (or 21) individuals referred to in your TRO and Preliminary Injunction pleadings who the DOL contends were employed in violation of the FLSA for whom DOL has not already furnished this information to Defendant.

- Interrogatory 2: Please provide the identity of any employees referenced in your TRO and Preliminary Injunction pleadings (other than those identified in response to Interrogatory No. 1), or about whom DOL intends to offer evidence of at the preliminary injunction hearing, who DOL contends were employed in violation of the child labor provisions of the FLSA.

- Interrogatory 3: Please identify all individuals DOL contends were employed in violation of the FLSA's child labor provisions, including the letter designation by which the individual is referred to for those who appear in the in the DOL's TRO and Preliminary Injunction pleadings if applicable, and any of them who appear in any of the photographs in DOL's filings (identifying the specific photograph).

- Interrogatory 4: Please identify all individuals you will or may call to testify at the preliminary injunction hearing on behalf of DOL, indicating whether you will or may call each such person.

DOL seized several gigabytes of documents and information from PSSI via search warrant. The Company has no means of ascertaining the employees to whom DOL is referring in their pleadings or upon whom they intend to rely at the preliminary injunction hearing, something which is particularly problematic given that the Company employs thousands of employees and could not possibly identify these individuals; likewise, DOL should not be permitted to appear at the hearing and present documents with which it seeks to prove its claims, when those documents never have been identified and provided to PSSI. DOL's practices here simply seek to turn this case into a shoot-out at the OK Corral with the Company having its view intentionally obstructed by the DOL until after the shots are already fired. Good cause exists for expedited discovery exists where the "discovery sought … is limited in scope, and the [party] has a good reason for seeking it now as opposed to later." *Humphrey v. Sallie Mae, Inc.*, No. 3:10-cv-01505, 2010 WL 2522743, at *1 (D.S.C. June 17, 2010). This case easily fits that standard.

To avoid this entirely unfair result, the Court should direct that DOL answer the limited discovery served on it on November 16, 2022 by no later than November 23, 2022, that the Court enter a Scheduling Order directing the parties to exchange witness lists (including any experts) and exhibit lists (and to exchange exhibits) by no later than November 23, 2022, and that the Court continue the preliminary injunction hearing to December 7, 2022 or as soon thereafter as the Court can accommodate.

D.   **Conclusion.**

For the foregoing reasons, PSSI respectfully requests that the Court grant Defendant's motion for expedited discovery in its entirety and enter a Scheduling Order as described above. Defendant further requests that the Court continue the date of the preliminary injunction hearing until December 7, 2022 or as soon thereafter as the Court reasonably can accommodate.

Respectfully submitted,
*/s/ J. Randall Coffey*
J. Randall Coffey
**FISHER & PHILLIPS LLP**
46 Penn Centre
4622 Pennsylvania Avenue, Suite 910
Kansas City, MO 64112
Phone: (816) 842.8770
Facsimile: (816) 842.8767
Email: rcoffey@fisherphillips.com

And

FP 45674754.1

> Gillian G. O'Hara # 22414
> **KUTAK ROCK LLP**
> The Omaha Building
> 1650 Farnam Street
> Omaha, NE 68102-2186
> Phone: 402.346.6000
> Facsimile: 402.346.1148
> Email: gigi.ohara@kutakrock.com
>
> ATTORNEYS FOR DEFENDANT
> PACKERS SANITATION SERVICES, LLC

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 16th day of November, 2022, the foregoing was filed via the Court's Electronic Filing System and service made via the same, to:

> Ambriel Renn-Scanlan
> Traci Martin
> Laura O'Reilly
> U.S. Department of Labor
> Office of the Solicitor
> 2300 Main Street, Suite 10100
> Kansas City, Missouri 64108
> Phone: 816.285.7260
> Email: renn-scanlan.ambriel@dol.gov
> Email: martin.traci.e@dol.gov
> Email: oreilly.laura.m@dol.gov
> Counsel for Plaintiff

> /s/ *J. Randall Coffey*
> Attorney for Defendant

FP 45674754.1