IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor, <br><br>        Plaintiff, <br><br> v. <br><br> PACKERS SANITATION SERVICES, INC., LTD., <br>        Defendant. | )<br>)<br>)<br>)<br>) Civil Action No. 4:22-cv-3246<br>)<br>)<br>)<br>)<br>)<br>) |

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
FOR EXPEDITED DISCOVERY

COMES NOW Plaintiff, Martin J. Walsh, Secretary of Labor, United States Department of Labor, in opposition to Defendant's Motion for Expedited Discovery, Scheduling Order, and Continuance of Preliminary Injunction. The Secretary asks the Court to deny Defendant's motion with regard to expedited discovery so the issue of employment by Defendant Packers Sanitation Services, Inc., LTD. ("PSSI") of minor children can be brought to a swift conclusion.

    A.    <u>Defendant Cannot Show Good Cause for Expedited Discovery.</u>

Discovery in support of the Secretary's Motion for Temporary Restraining Order and Preliminary Injunction is not warranted in this case.[1] "Litigants generally may not 'seek discovery from any source before the parties have conferred as required by Rule 26(f).'" <u>Strike 3 Holdings, LLC v. Doe</u>, Civ. No. 18-777, 2018 WL 2078707, at *1 (D. Minn. May 4,

---

[1] Despite claims that the "DOL refused" to provide information to Defendant, the Secretary provided Defendant with the names of all minors, known to the Secretary to be currently employed by Defendant at its Grand Island, NE and Worthington, MN workplaces the morning of November 14, 2022 – one business day

2018) (quoting Fed. R. Civ. P. 26(d)(1)).  "Expedited discovery is not the norm." Rapid Refill, LLC v. JDDK, Inc., No. C14-0084, 2014 WL 12581758, at *2 (N.D. Iowa July 17, 2014).  Notably, the Eight Circuit has not actually endorsed a standard under which early discovery may be allowed.  Wachovia Sec., LLC v. Stanton, 571 F. Supp. 2d 1014, 1049 (N.D. Iowa 2008).

Where district courts in the Eighth Circuit have allowed early discovery in limited cases, the party seeking to break with the timeline set by the Federal Rules has the burden of showing "reasonableness" or "good cause" exists.  See  Coram, Inc. v. Jesus, No. 8:10CV3, 2010 WL 584000, at *1 (D. Neb. Feb. 11, 2010) ("The party requesting expedited discovery must provide a showing of reasonableness or good cause, taking into account the totality of the circumstances."); Hanes v. Frakes, No. 8:22CV156, 2022 WL 2974762, at *1 (D. Neb. July 27, 2022) ("Plaintiff has filed a 'motion to compel production of documents and electronic records' (Filing 37) in advance of a hearing on his motion for preliminary injunction, but has not demonstrated any necessity for bypassing normal discovery procedures. An order setting a case progression schedule will be entered soon, after which time discovery can commence.").

Simply put, there is no need for formalized discovery, as the Secretary will be able to show a preliminary injunction is necessary to protect minor children from oppressive child labor.  Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that

---

after Defendant requested this information.  The Secretary provided Defendant with these names so Defendant

movant will succeed on the merits; and (4) the public interest." Dataphase Systems, Inc. v. C L Systems, Inc., 640 F.2d 109, 113 (8th Cir. 1981). As the Court agreed in its order granting the Temporary Restraining Order in part, the Secretary has established irreparable harm; the balance of hardship strongly favors the Secretary; and that it is in the public interest to cease the employment of oppressive child labor. Further, to succeed on the merits of this claim, the Secretary need only prove *one* violation of section 212(c) of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). While the Secretary will be able to prove multiple violations of this provision, to succeed and be granted a permanent injunction, the Secretary need only prove one act of oppressive child labor. Notably, Defendant knows the names of at least six (6) minor children believed to be currently employed – or recently terminated after the Court's Temporary Restraining Order – by Defendant as minors. Through those minors alone the Secretary has shown that he will, at a minimum, be highly like to succeed on the merits of this case.

Defendant bears the obligation, and is in the best position to, find and cease employing children in oppressive child labor at worksites. The majority of the documents relied upon by the Secretary to determine the minor children come from Defendant through the investigation. Indeed, after being alerted to the names of minor children the Department believed were currently working for PSSI, Defendant's Counsel stated it had "no record" of two children (see ECF Doc. No. 9, Exhibit A): even though Defendant's own records provided to the Secretary showed the names and faces of these two children as PSSI workers at the JBS Grand Island, Nebraska facility. It is not the Secretary's responsibility to teach

---

could cease the employment of oppressive child labor of those minors.

Defendants how to search their own documents to find the minor children they employ. Further, PSSI need only consult their own managers working on the ground at these establishments to conduct their own due diligence. It's likely these managers/supervisors have first-hand knowledge of PSSI's employment of minors, as they are the same managers/supervisors named in the Department's declarations who deleted documents, intimidated minor witnesses, and exchanged at least one text message in which the supervisor advised an employee about purchasing social security numbers and identification to work at PSSI, stating the "ID will need to have your face and that'll work". See, e.g., ECF Doc. No. 3, Ex. 1 at ¶ 28 (PSSI supervisor deleting WhatsApp messages); Ex. 13 at ¶ 19 (PSSI supervisor moving items to computer's Recycle Bin); Ex. 2 at ¶ 17 (PSSI supervisor standing around during employee interviews despite being asked to leave area); Ex. 6 at ¶ 18 (minor being told they only had five minutes to speak with Wage and Hour); Ex. 9 at ¶ 14 (PSSI supervisor discussing employee purchasing credential to return to work).

      B.      <u>Defendant's Request for Discovery Seeks Privileged, Private Information about Minor Children that Must Be Protected.</u>

Defendant's request for expedited discovery should also be denied because the Secretary cannot provide personal information about minor children and identify to whom they spoke or did not speak as part of the Department's investigation for important public policy considerations.[2] The Secretary has serious reservations about providing private, personal information about minor children to Defendant, especially because Defendant, by

---

[2] In light of this concern, should there be an evidentiary hearing for the preliminary injunction, the Secretary intends to provide physical documents for the Court to review in camera to add further information to the record in support of his request for a preliminary injunction. Additionally, the Secretary will ask the Court for a restricted access protective order for Defendant and the Court to review the documents in Court, to ensure the documents do not get out to the public.

its own filing in this case, has shown continued disregard for minor children, by including as an exhibit, an email that contained the names of two minor children employed by Defendant.[3] See ECF Doc. No. 10. There are important public policy reasons for not revealing minor children's names to the public, as made obvious by the Federal Rules of Civil Procedure, which requires that minors only be identified by initials in any public filing with the court. See Fed. R. Civ. Pro 5(a)(3); see also Webster Groves School Dist. v. Pulitzer Pub. Co., 898 F.2d 1371, 1375 (8th Cir. 1990) ("The Supreme Court has confirmed that 'safeguarding the physical and psychological well-being of a minor' is a 'compelling' state interest.") (quoting Globe Newspaper Co. v. Superior Court, 457 U.S. 596, 603 (1982)). Indeed, Defendant's broad discovery requests would require the Secretary to provide the Defendant with the birth certificates and school photographs of minor children.[4]

Furthermore, not only does Defendant's proposed discovery request private information about minor children, but it also seeks information protected by the government's privilege to protect from disclosure the names of confidential informants.[5] See Brennan v. Engineered Products, 506 F.2d 299, 302 (8th Cir. 1974) ("There is a privilege in

---

[3] Indeed, Defendant still does not acknowledge this error in filing a document revealing minor children's names, and instead claims it lacks information about whether any such person is a minor, rather than diligently seeking to gather that information before revealing such information publicly. See ECF Doc. No. 11.

[4] Without leave of court, Defendant served Interrogatories and Request for Production of Documents on the Secretary this morning, including several broad requests seeking: "All documents or other evidence that DOL intends to present or to rely upon at the hearing, including but not limited to any and all witness statements that DOL plans to present." (RFP #1); "Any documents or other information establishing, reflecting, or proving that individuals referred to in your TRO and Preliminary Injunction Pleadings (by letter designations) are not the ages that appear in their I-9s or other employment documentation." (RFP #5); and "All documents or other evidence regarding any individual employed by PSSI (presently or in the past, other than those covered by Request No. 5) as to whom DOL intends to present evidence at the preliminary injunction hearing indicating that the individual was a minor." (RFP #6). Defendant's Interrogatory requests would require the Secretary to reveal similar private details about minor children.

[5] Defendant's Request for Production of Documents seeks "witness" or "interview" statements (RFP #1 and 4).

FLSA enforcement actions which permits the Secretary to withhold the names of people who have given statements as well as the statements themselves."). The privilege exists in part because "enforcement of the Act is highly dependent on the cooperation or, and statements given by, employees[]" as such "cooperation may not be forthcoming unless the government can assure confidentiality." Id. at 302; see also Marshall v. Carlson Stapler & Shippers Supply, Inc., No. 77-0-96, 1978 WL 1616, at *1 (D. Neb. Mar. 3, 1978) (denying employer's motion to compel the Secretary's interviews of employees because employer could get much of the information it claimed was necessary "by consulting its own records"). For these reasons alone, the Court should deny Defendant's motion.

      C.     <u>Defendant's Fairness and Due Process Claims are Not Supported.</u>

As set forth above, Defendant has access to the documents and information needed to defend against the claims in the Complaint. Defendant has not shown any unfairness or that a lack of due process will be suffered if the hearing proceeds without discovery or the exchange of witness and exhibit lists. The cases cited by Defendant do not support its claim for lack of fairness or due process in this case, as they do not involve the employment of minor children, where the primary information that will support or defend against the claims comes directly from Defendant itself.

Defendant has been on notice since at least October 13, 2022, when the warrants were served, that the Secretary is investigating child labor at PSSI's workplaces. At that time, it was incumbent on Defendant, in the public interest of the health and welfare of minor children, to begin its own investigation and gather information to determine the merits of the Secretary's claims. Defendant's failure to gather the information itself does not give

6

Defendant the right to discovery. Defendant is the only party in this action with unlimited information about its employment of minor children, but now argues to the Court that due process will not be served if Defendant cannot see privileged and personal information about its minor children employees compiled by the Secretary. This argument simply has no merit and must be rejected.

CONCLUSION

Finally, as noted in the Court's Order (ECF. Doc. No. 13), "additional evidence at the hearing is neither required nor expected. The Secretary's motion was supported by an index of evidence as provided by this Court's rules. The Court found that evidence sufficient to warrant a temporary restraining order, and since the standard for a preliminary injunction is the same, the Secretary need not necessarily adduce additional evidence to meet his burden." (internal citations omitted). For the reasons set forth herein, Plaintiff respectfully requests the Court deny Defendant's motion for expedited discovery.

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

**EVERT H. VAN WIJK**
Associate Regional Solicitor

*/s/ Traci Martin*
Ambriel Renn-Scanlan
Traci Martin
Laura O'Reilly
U.S. Department of Labor
Office of the Solicitor

          2300 Main Street, Suite 10100
          Kansas City, Missouri 64108
          (816) 285-7260
          renn-scanlan.ambriel@dol.gov
          martin.traci.e@dol.gov
          oreilly.laura.m@dol.gov

          *Attorneys for Plaintiff Martin J. Walsh,*
          *Secretary U.S. Department of Labor*

## CERTIFICATE OF SERVICE

      I hereby certify that on November 17, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Randall Coffey
Fisher & Phillips LLP
4922 Pennsylvania Ave., Suite 910
Kansas City, MO 64112
rcoffey@fisherphillips.com

Gillian G. O'Hara
Kutak Rock LLP
1650 Farnam Street, The Omaha Building
Omaha, NE 68102
Gillian.ohara@kutakrock.com

*Attorneys for Defendant*

          */s/ Traci Martin*