IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARTIN J. WALSH, SECRETARY OF LABOR U.S. DEPARTMENT OF LABOR, <br><br> Plaintiff, <br><br> v. <br><br> PACKERS SANITATION SERVICES, INC., LTD., <br><br> Defendant. | CIVIL ACTION FILE NO. 4:22-CV-03246 |

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF EXPEDITED DISCOVERY**

Defendant Packers Sanitation Services, Inc., Ltd. ("Defendant" or "PSSI") submits this reply in support of its *Motion For Expedited Discovery*. For the reasons set forth below, good cause exists to order expedited discovery. In summary, the Secretary's opposition to expedited discovery is based on the Secretary's disingenuous suggestion that his arguments in support of the motion for preliminary injunction can be responded to by relying on information or documents that are already in Defendant's possession or available to it. *See* Filing 14, pp. 3-4. That simply is not so. First, the Secretary's Motion for Temporary Restraining Order and Preliminary Injunction ("Secretary's Motion") relies on external information, to which the Company does not now and never has had access, in support of its assertions that minors allegedly were employed in violation of the FLSA. *See* Filing 3 and 3-1 to 3-13 (referencing school registrations, profiles, pictures, records (subpoenaed and provided), and statements by school officials; birth certificates; witness statements; police or law enforcement reports; emergency contact and parents' names and phone numbers; etc.). Second, the Secretary's reliance on the confidential informant's privilege is not supported and wholly ignores Defendant's citation to the recent and relevant decision of *Walsh v. MedStaffers LLC*, No. 1:21-cv-1730, 2021 WL 5505825, at *5 (M.D. Pa. Nov. 24, 2021).

1

In the present case, the Secretary's reliance on the informant's privilege to block discovery presents the same "serious fairness concerns" as in that case:

> Secretary Walsh cannot have his cake and eat it too. The Department has a choice when it comes to the informer's privilege: it can invoke the privilege and keep the information to itself, forgoing reliance on that evidence to meet its burden of proof, or it can waive the privilege and enter the information into evidence … **What the Department cannot do is pursue the extraordinary remedy of a preliminary injunction by relying on evidence it refuses to disclose to defendants.** Accordingly, we will not consider the materials submitted to the court *in camera* in our preliminary injunction ruling.

*Id*. at *5 (emphasis supplied). *See also Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers, Local No. 70 of Alameda Cty*., 415 U.S. 423, 448 (1974) (before a preliminary injunction can issue, Fed. R. Civ. P. 65 "implies a hearing in which the *defendant is given a fair opportunity to oppose the application and to prepare for such opposition*"; emphasis added).

PSSI will be presenting evidence that its policies permit the hiring only of those who are eighteen years or older, and that it has strict procedures in place to verify the identification and age of every employee it hires. These procedures include asking the employees their age, requiring that the employees submit legal proof of identification and age, requiring that each employee complete the U.S. Citizenship and Immigration Services Form I-9 for Employment Eligibility and Verification, and running each employee through the federal government's E-Verify system, even in states that do not require PSSI to do so. Moreover, PSSI uses biometric timeclocks at all of its locations to confirm that no impostors (including, but not limited to, minors) are showing up to work in place of the person who was hired and who passed the E-Verify check.

The Secretary claims that PSSI can simply review its own records to prepare its defense to the Secretary's action. PSSI's records, however, contain documentation supporting that each individual was authorized to work, do not support that PSSI was hiring minors, and do not contain the information that DOL is relying on in this hearing. The Secretary's case relies on alleged,

undisclosed evidence that it collected from third parties. This includes witness statements from anonymous persons, and school and other records obtained from third parties by subpoena or otherwise. The Secretary has produced **no direct evidence**—either to the Court or to PSSI—actually showing that there were minor employees. Instead, the Secretary seeks to subject PSSI to trial by ambush with secret evidence that it asserts exists but refuses to disclose, and to which the Secretary knows PSSI has no access other than through the DOL.

    A.    **Good Cause Exists For Expedited Discovery.**

There is no question that the Court has the discretion to order expedited discovery where a party seeks the extraordinary remedy of a preliminary injunction. *See* Fed. R. Civ. P 26(d)(1), Adv. Comm. Note. 1993 (stating that early discovery "will be appropriate in some cases, such as those involving requests for a preliminary injunction); *Wachovia Sec., LLC v. Stanton*, 571 F. Supp. 2d 1014, 1049 (N.D. Iowa 2008) (ordering expedited, limited discovery); *Strike 3 Holdings, LLC v. Doe*, Civ. No. 18-777, 2018 WL 2078707, at *1 (D. Minn. May 14, 2018) (ordering expedited discovery); *New York v. Griepp*, 17-CV-3706 (CBA) (JO) ) (S.D.N.Y. July 20, 2017) (granting defendant's motion for expedited discovery for documents that Plaintiff alleges depict Defendant engaging in illegal conduct and relied upon in support of preliminary injunction).[1] In fact, the first case that the Secretary cites on this point granted expedited discovery, stating that "FEDERAL RULE OF CIVIL PROCEDURE 26(d)(1) is intended to permit early discovery when

---

[1] The DOL's citations to *Rapid Refill, LLC v. JDDK, Inc.*, C14-0084, 2014 WL 12581758 (N.D. Iowa July 17, 2014), *Coram, Inc. v. Jesus*, No. 8:10CV37, 2010 WL 584000 (D. Neb. Feb. 11, 2010), and *Hanes v. Frakes*, No. 8:22CV156, 2022 WL 2974762 (D. Neb. July 27, 2022), all involve the plaintiff seeking the preliminary injunction also seeking discovery (rather than the defendant seeking discovery) in advance of the preliminary injunction hearing. Here, the DOL obtained search warrants and took Defendant's information. More importantly, the DOL seeks a preliminary injunction but seeks to deny Defendant the underlying information on which it relies in support of the injunction which contains information from external sources.

a preliminary injunction is requested." *See* Filing 14, p. 2; *Rapid Refill, LLC v. JDDK, Inc.*, Case No. C14-0084, 2014 WL 12581758, at *2 (N.D. Iowa July 17, 2014).

The question here is whether the Court should accept the DOL's misleading argument that there is no need for any discovery because the information and documents upon which it relies are allegedly in the Defendant's possession and that the DOL does not need to "teach" Defendant to search its own documents. This feigned outrage is belied by the Secretary's Motion which extensively relies on external information not in the Company's records. *See* Filings 3 and 3-1 to 3-13.

This is not a matter of Defendant searching its own documents. *The Secretary is affirmatively relying upon documents in support of its motion for preliminary injunction to which the Defendant obviously does not have access*. *See* Filing 3. Moreover, the refusal of the Secretary to even identify 19 (or 21, depending on which of DOL's counts you rely upon) of the alleged 29 or 31 minor employees and the basis for the conclusion that such persons are minors, deprives Defendant of the ability to even review the circumstances of these persons' employment. While the Secretary feigns outrage about two persons he identified and claims Defendant was not able to locate, the Secretary neglects to mention that it told Defendant the two persons were *current* employees (they actually were former employees), which is why Defendant's counsel did not locate them in the current employee records, even though those employees had been terminated for a month at the time DOL communicated this information.

When a Defendant possesses documents showing that an employee is of an age such that the person may be employed in accordance with the Fair Labor Standards Act, the evidence of the government allegedly refuting that documentation presented is unquestionably relevant and discoverable if the Defendant is to be afforded due process in responding to a motion for

preliminary injunction. The Secretary's repeated assertion that it need only prove a "single" violation at one facility to obtain an overly-broad nationwide preliminary injunction is inconsistent with the standards for a preliminary injunction under *Dataphase* and inconsistent with the DOL's own guidance and the available defenses under the FLSA.

The Secretary misrepresents the child labor provisions of the FLSA to impose strict liability on employers. The obligation imposed on employers, however, is a "duty to inquire" into the conditions of its workplaces. *Gulf King Shrimp Co. v. Wirtz*, 407 F.2d 508 (5th Cir. 1969) (citing *Lenroot v. Interstate Bakeries Corp.*, 146 F.2d 325, 328 (8th Cir. 1969)). The Eighth Circuit recognized in *Brennan v. Correa*, that an employer's duty to enforce the FLSA's child labor provisions depends on whether the employer had notice of the violations. 513 F.2d 161, 163-64 (8th Cir. 1975) (holding that employer was required to do more than merely give stern warnings about child labor laws where it had knowledge of prior violations demonstrating that warnings were not sufficient).

Here, the Secretary seeks the extraordinary relief of a preliminary injunction, but refuses even to identify those who allegedly were unlawfully employed, the documents which substantiate the unlawful employment, or any of the external evidence *upon which he attempts to affirmatively rely* in his motion for preliminary injunction and which DOL seeks to obscure from Defendant's counsel so that no response even can be made.

  **B.**  **The Secretary Cannot Use The Informant's Privilege as a Sword and a Shield.**

The Secretary wholly ignores Defendant's citation to the recent and relevant decision in *Walsh v. MedStaffers LLC*, No. 1:21-cv-1730, 2021 WL 5505825, at *5 (M.D. Pa. Nov. 24, 2021), where a United States District Court observed the "serious fairness concerns" that exist when the Secretary attempts to block a Defendant from discovering information necessary to respond to a motion for preliminary injunction, stating:

5

> Secretary Walsh cannot have his cake and eat it too. The Department has a choice when it comes to the informer's privilege: it can invoke the privilege and keep the information to itself, *forgoing reliance on that evidence to meet its burden of proof*, or it can waive the privilege and enter the information into evidence … **What the Department cannot do is pursue the extraordinary remedy of a preliminary injunction by relying on evidence it refuses to disclose to defendants**. Accordingly, we will not consider the materials submitted to the court *in camera* in our preliminary injunction ruling.

*Id*. at *5 (emphasis supplied). Instead, the Secretary cites to *Marshall v. Carlson Staplers & Shippers Supply Co., Inc.*, 1978 WL 1616 (D. Neb. Mar. 3, 1978), in support of its reliance on the confidential informant's privilege. *Marshall v. Carlson Staplers* is distinguishable from the present situation.

In *Marshall*, the defendant sought discovery of the identity of persons who had provided statements to the DOL about wage violations. *Id.* at *1 (seeking discovery "of any and all statements taken by any employee of the Department of Labor from any person . . . in connection with any investigation of alleged violations of the Fair Labor Standards Act by the defendant.") In *Marshall*, this Court stated:

> The Eighth Circuit Court has ruled that "[t]here is a privilege in FLSA enforcement actions which permits the Secretary to withhold the names of people **who have given statements as well as the statements themselves**." However, "**the privilege is a qualified one**" which "**must give way when the defendant's need for the information outweighs the government's interest in protecting the source and in gathering the information.**" *Brennan v. Engineered Prod., Inc.*, [75 LC P 33,164] 506 F.2d 299, 302 (8th Cir. 1974) …
>
> The amended complaint [Filing No. 30] charges the defendant with sex discrimination in wage rates and lists forty-four present and former employees who are alleged to be entitled to additional wages … **Defendant therefore needs to know which female employees operated saws, when they did so, and what functions they actually performed.**
>
> . . . Plaintiff has offered to provide such prior statements of those witnesses who testify, after completion of direct examination. The Court would entertain an appropriate motion to compel production of such witnesses' statements before they testify or perhaps at the beginning of trial when the identity of plaintiff's witnesses has been finally ascertained. **Defendant's need to use the statements for impeachment purposes would thereby be protected**. In addition, defendant can

> verify the prior work experience of the forty-four named persons by consulting its own records.

*Id*. at *1 (emphasis supplied); see *Tumey v. Mycroft AI, Inc*. 27 F.4th 657 (8th Cir. 2022) (while defendant had opportunity to participate in adversarial hearing in sense that it could cross-examine plaintiff's witnesses and present its own evidence, defendant's ability to mount a defense was hampered by the non-disclosure and concealment of evidence, eradicating "a meaningful opportunity to defend against that evidence prior to the issuance of a preliminary injunction"). In the present case, PSSI is entitled to the statements DOL possesses because the Secretary already has presented information about the contents of those very statements and has relied upon them as the basis for the preliminary injunctive relief he is seeking in this case.

Defendant recognizes that the Court has a certain amount of discretion to rely on hearsay evidence in regard to a motion for preliminary injunction, *see, e.g., H&R Block Tax Serv. LLC v. Santiago*, Case No. 4:19-cv-00154-NKL, 2019 WL 1415466, at *1 ("the court may properly consider evidence . . . such as hearsay, in support of granting a preliminary injunction"), but that is not the issue here. That rule makes sense in the posture of a typical preliminary injunction hearing, but it would impose a severe injustice here. In the typical motion for preliminary injunction, a plaintiff claims to face imminent and irreparable harm, but most or all of the evidence of the alleged violation and harm may be in the possession of the defendant (for example, restrictive covenant breaches, and theft of trade secret claims). Thus, to prevent irreparable harm, a court may apply a lax evidentiary standard for a preliminary injunction in this setting, recognizing that the plaintiff has not had the opportunity to conduct full discovery to support his case. Here, however, the DOL opened an investigation of PSSI in August 2022 and used its extraordinary governmental powers of pre-litigation *ex parte* subpoenas and warrants to develop its case. In this particular circumstance, it is the Secretary who holds all of the cards and claims to have a full

house, but who refuses to put his hand down on the table.  It would be unjust to apply a lax evidentiary standard to a request for preliminary injunction **where the asymmetry in evidence runs almost entirely in the plaintiff's favor and the plaintiff has refused to provide that information to the company.**  Just as importantly, a relaxed rule on the admission of hearsay evidence still does not cure the DOL's improper efforts simultaneously both to assert the informant's privilege and to use the evidence it is claiming as privileged; the Secretary cannot use the privilege as both a "sword and a shield." *Gen. Dynamics Corp. v. Selb Mftg. Co.*, 481 F.2d 1204 (8th Cir. 1973); *see also Benson v. City of Lincoln,* Case No. 4:18CV3127, 2022 WL 426563, at *9 (D. Neb. Feb. 11, 2022) (party cannot use attorney client privilege "as both a sword and a shield" by claiming in its defense that it relied on counsel's advice while claiming that advice is privileged).

In the present proceeding, the Secretary has submitted declarations to this Court containing hearsay statements of its investigators describing the alleged hearsay statements of underlying witnesses and the contents of documents not in the record.  In other words, the Secretary expects PSSI and the Court simply to accept its multi-level hearsay representations; this leaves PSSI with no notice, no opportunity to review what the Secretary supposedly has, and no opportunity to respond to this "evidence" by testing any of the Secretary's assertions or documents because PSSI does not have them and cannot do so.  This approach is not supported by the law of the Eighth Circuit and also has been expressly rejected as to the Secretary by the Middle District of Pennsylvania for precisely the same reasons.  *Walsh v. MedStaffers LLC*, 2021 WL 5505825, at *5.  Put simply, the Secretary can claim that the evidence is privileged, but it cannot then rely on it to seek substantive relief from the Court.  In the alternative, if the Secretary relies on the

employees' statements and the other underlying undisclosed evidence (which it has already done to obtain the temporary restraining order), it must disclose that evidence.

      C.      **The Secretary In Any Event Has Not Properly Raised the Informant's Privilege Before This Court and, Therefore, Has Waived the Privilege.**

In order to assert a governmental privilege before the Court, the Secretary must follow specific procedures set out by the Supreme Court. Specifically, "[t]here must be a formal claim of privilege, lodged by the head of the department which has control over the matter, after actual consideration by the officer." *United States v. Reynolds*, 345 U.S. 1, 7–8 (1953); *see also Martin v. Albany Business Journal, Inc.* 780 F. Supp. 927 (N.D.N.Y. 1992) (collecting cases). Pursuant to the Secretary of Labor's own order to implement the Supreme Court's directive in *Roviaro*, the following is required:

> In order to properly assert a Governmental privilege before a court, *a formal claim of privilege must be filed by affidavit or declaration*. The formal claim must: (1) Be made by a high-level agency official to whom such authority has been properly delegated under this Order; (2) contain a description of the privileged material sufficient to permit a determination as to whether the claim of privilege is properly asserted; (3) state the reasons disclosure of the materials would cause harm; and (4) state that the invocation of the privilege is based on personal consideration by the delegated official.

71 Fed. Reg. 67024 "Secretary's Order 16-2006; Invoking Governmental Privileges" (emphasis added). Pursuant to the Secretary's delegation of authority, in cases under the FLSA, the Administrator of the Wage and Hour Division must submit an affidavit or declaration to the Court, which meets all elements described above, in order to claim the informant's privilege. The Secretary has already relied on the undisclosed statements and documents, but did not properly assert the privilege before this Court. As he states in his Motion, the Secretary opened the investigation on August 24, 2022. *See* Filing 3 at p. 7. The Secretary, therefore, had ample time to prepare and file the required declaration. Having failed to do so, he has waived the informant's privilege. If the Secretary does not produce all of the statements and documents, the Court should

refuse to rely on any of that "evidence" is support of the motion for preliminary injunction. *MedStaffers*, 2021 WL 5505825, at *5.

### D. Due Process And Fairness Dictate That Defendant Must Be Afforded An Opportunity To Engage In Limited Discovery In Advance Of The Preliminary Injunction Hearing.

Without citation to a single case, the Secretary suggests that the Court simply may ignore any concerns related to due process or fairness because this is a preliminary injunction proceeding under the Fair Labor Standard Act's child labor provisions. This argument is without merit. Under the Secretary's apparent reasoning, the more serious an allegation is, the less due process Defendant is entitled to and the greater deprivation of the rights of the Defendant to engage in limited discovery in order to respond is warranted. This argument is not supported and is contrary to United States Supreme Court case law and the law in this Circuit. *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers, Local No. 70 of Alameda Cty.*, 415 U.S. 423, 448 (1974) (before a preliminary injunction can issue, Fed. R. Civ. P. 65 "implies a hearing in which the *defendant is given a fair opportunity to oppose the application and to prepare for such opposition*"; emphasis added); *Tumey v. Mycroft AI, Inc*. 27 F.4th 657 (8th Cir. 2022) (while defendant had opportunity to participate in adversarial hearing in sense that it could cross-examine plaintiff's witnesses and present its own evidence, defendant's ability to mount a defense was hampered by the non-disclosure and concealment of evidence, eradicating "a meaningful opportunity to defend against that evidence prior to the issuance of a preliminary injunction"); *Rural Media Group, Inc. v. Performance One Media, LLC*, No 8:09-cv-447, 2010 WL 273979, at *3 (D. Neb. Jan. 13, 2010) (a preliminary injunction requires fair opportunity to oppose the application and prepare an opposition).

An "immutable" principle of our court system is that "where governmental action seriously injures an individual, and the reasonableness of the action depends on fact findings, the evidence

used to prove the Government's case must be disclosed to the individual so that he has an opportunity to show that it is untrue." *Green v. McElroy*, 360 U.S. 474, 496 (1959). This principle applies not only in criminal cases, "but also in all types of cases where administrative and regulatory actions are under scrutiny." *Id.*

Fairness, due process, and the public interest demands that PSSI be afforded expedited, limited discovery. Affording an adequate amount of time and discovery to PSSI here furthers the parties' and the Court's interests.

### E. Conclusion.

For the foregoing reasons, PSSI respectfully requests that the Court grant Defendant's motion for expedited discovery.

Respectfully submitted,
/s/ J. Randall Coffey
J. Randall Coffey
**FISHER & PHILLIPS LLP**
46 Penn Centre
4622 Pennsylvania Avenue, Suite 910
Kansas City, MO 64112
Phone: (816) 842.8770
Facsimile: (816) 842.8767
Email: rcoffey@fisherphillips.com

And

Gillian G. O'Hara # 22414
**KUTAK ROCK LLP**
The Omaha Building
1650 Farnam Street
Omaha, NE 68102-2186
Phone: 402.346.6000
Facsimile: 402.346.1148
Email: gigi.ohara@kutakrock.com

ATTORNEYS FOR DEFENDANT PACKERS SANITATION SERVICES, INC.

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 21st day of November, 2022, the foregoing was filed via the Court's Electronic Filing System and service made via the same, to:

>Ambriel Renn-Scanlan
>Traci Martin
>Laura O'Reilly
>U.S. Department of Labor
>Office of the Solicitor
>2300 Main Street, Suite 10100
>Kansas City, Missouri 64108
>Phone: 816.285.7260
>Email: renn-scanlan.ambriel@dol.gov
>Email: martin.traci.e@dol.gov
>Email: oreilly.laura.m@dol.gov
>Counsel for Plaintiff

>>/s/ *J. Randall Coffey*
>>Attorney for Defendant