IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, U.S. Department of Labor;<br><br>Plaintiff,<br><br>vs.<br><br>PACKERS SANITATION SERVICES, INC., LTD.,<br><br>Defendant. | 4:22CV3246<br><br>**AMENDED ORDER** |

This matter is before the Court on Defendant's Motion for Expedited Discovery, Scheduling Order, and Continuance of Preliminary Injunction Hearing (Filing No. 9.) For the reasons set forth below, the motion will be granted, in part.

## BACKGROUND

On November 9, 2022, Plaintiff filed suit alleging that Defendant has violated the Fair Labor Standards Act by employing oppressive child labor. Plaintiff sought a temporary restraining order and preliminary injunction prohibiting Defendant from further use of child labor and from interfering with Plaintiff's investigation into the matter. On November 10, 2022, District Court Judge John Gerrard issued a temporary restraining order (Filing No. 8) prohibiting Defendant from employing oppressive child labor and ordering Defendant to comply with the Department of Labor's lawful demands for information. The order also scheduled a hearing on the propriety of a preliminary injunction. The hearing was set for November 23, 2022.

The instant motion was filed on November 16, 2022. On November 17, 2022, Judge Gerrard continued the hearing on the preliminary injunction to December 7, 2022 and referred the discovery issue to the undersigned. Judge Gerrard's order noted that additional evidence at the hearing on the preliminary injunction is neither required nor expected. He further stated that the Court has not set an *evidentiary* hearing and if either party expects to adduce evidence at the hearing, they should advise the Court why that is necessary.

## DISCUSSION

Defendant seeks (1) expedited discovery and (2) a scheduling order with provisions relating to witness and exhibit lists, including the identification and exchange of witness information and documents for use at the preliminary injunction hearing. Defendant argues that without discovery, it will be deprived of the opportunity to adequately respond to the request for a preliminary injunction. Defendant maintains that Plaintiff seized documents and information from it by search warrant and it has no means of ascertaining the identities of the employees Plaintiff is referring to in its pleadings.

Defendant seeks the following discovery in advance of the preliminary injunction hearing:

- Request 1: All documents or other evidence that DOL intends to present or to rely upon at the hearing, including any and all witness statements that DOL plans to present;

- Request 2: All documents relating to assertions by DOL of an employee or employees with birthdates supposedly in the 1800s, which DOL has referred to on a number of occasions;

- Request 3: Any evidence that supervisors, managers, or other management officials at PSSI had knowledge of child labor violations;

- Request 4: Any exculpatory evidence that DOL possesses relating to the claims against PSSI (e.g., interview statements in which employees say that they know of no child labor violations).

- Request 5: Any documents or other information relating to your proof that individuals referred to in your TRO and Preliminary Injunction Pleadings are not the ages that appear in their I-9s or other employment documentation.

- Interrogatory 1: Please provide the identity of the remaining 19 (or 21) individuals referred to in your TRO and Preliminary Injunction pleadings who the DOL contends were employed in violation of the FLSA for whom DOL has not already furnished this information to Defendant.

- Interrogatory 2: Please provide the identity of any employees referenced in your TRO and Preliminary Injunction pleadings (other than those identified in response to Interrogatory No. 1), or about whom DOL intends to offer evidence of at the preliminary injunction hearing, who DOL contends were employed in violation of the child labor provisions of the FLSA.

- Interrogatory 3: Please identify all individuals DOL contends were employed in violation of the FLSA's child labor provisions, including the letter designation by which the individual is referred to for those who appear in the in the DOL's TRO and Preliminary Injunction pleadings if applicable, and any of them who appear in any of the photographs in DOL's filings (identifying the specific photograph).

- Interrogatory 4: Please identify all individuals you will or may call to testify at the preliminary injunction hearing on behalf of DOL, indicating whether you will or may call each such person.

(Filing No. 9-1.)

Under Federal Rule of Civil Procedure 26(d), parties normally may not seek discovery from any source until the parties have conferred as required by Rule 26(f). Fed. R. Civ. P. 26(d). "However, expedited discovery may be appropriate when injunctive relief is sought because of the expedited nature of injunctive proceedings." *Coram, Inc. v. Jesus*, No. 8:10CV37, 2010 WL 584000, at *1 (D. Neb. Feb. 11, 2010). "The party requesting expedited discovery must provide a showing of reasonableness or good cause, taking into account the totality of the circumstances." *Id*.

Considering the totality of the circumstances, the Court will order Plaintiff to produce certain limited information to Defendant in advance of the preliminary injunction hearing. However, the Court will not order the degree of discovery requested by Defendant as there has been an insufficient showing of reasonableness and/or good cause. Defendant is aware of the information Plaintiff submitted to support its request for a temporary restraining order—which is presumably much of the same information Plaintiff will rely upon in support of its request for a preliminary injunction. Plaintiff contends most of the documents it relied upon to determine the names of the minor children came from Defendant. Defendant has known that it is under

3

investigation for child labor violations since at least October 13, 2022, when the warrants were served. Thus, Defendant has had sufficient time and means to gather information to defend against these accusations.

Defendant claims it has no way to ascertain the identities of the purported minors because several gigabytes of documents and information were seized when the search warrant was executed. However, Defendant is already aware of at least six of the minor children's names and, at this point, there is no reason that Defendant needs to know the identities of additional children identified in the investigation. To succeed on its motion for a preliminary injunction, Plaintiff will only need to prove one act of unlawful child labor. Therefore, the Court will not order Defendant to identify additional minors by name or provide personal information about them. Nor will the Court order Plaintiff to identify whom they spoke to as part of their investigation. *Brennan v. Engineered Prod., Inc.,* 506 F.2d 299, 302 (8th Cir. 1974) ("There is a privilege in FLSA enforcement actions which permits the Secretary to withhold the names of people who have given statements as well as the statements themselves.").

However, *if* Plaintiff knows (or suspects) a certain minor is still employed by Defendant at this time, he has an obligation to identify any such minor to protect him/her against further harm. (Filing No. 14.) Plaintiff shall also provide Defendant with copies of the documents it intends to present or to rely upon at the hearing and to identify any witnesses that may testify at the hearing. This information shall be provided no later than November 29, 2022.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Expedited Discovery, Scheduling Order, and Continuance of Preliminary Injunction Hearing (Filing No. 9) is granted, in part, as set out above.

Dated this 21st day of November, 2022.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge