IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARTIN J. WALSH, SECRETARY OF LABOR U.S. DEPARTMENT OF LABOR, <br><br>Plaintiff, <br><br>v. <br><br>PACKERS SANITATION SERVICES, INC., LTD., <br><br>Defendant. | No. CV: 4:22-CV-03246 <br><br>**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO QUASH AND/OR MOTION FOR PROTECTIVE ORDER AND FOR EXPEDITED RELIEF** |

Defendant Packers Sanitation Services, LLC, named in the Complaint (Doc. 1) as Packers Sanitation Services, Inc., Ltd. ("PSSI" or the "Company"), pursuant to Fed. R. Civ. P. 1, 26, 45 and NECivR 45.1, hereby submits this Brief in Support of Defendant's Motion to Quash and/or Motion for Protective Order and for Expedited Relief ("Motion") to prevent Plaintiff Martin J. Walsh, Secretary of Labor (the "Secretary") from collecting information and documentation from a third-party, Asure Software, Inc. ("Asure") served through an administrative Subpoena Duces Tecum after the Secretary already commenced the above-captioned litigation, but without any requisite notice to PSSI, and from otherwise seeking premature discovery from PSSI outside of proper rules of discovery contained in the Federal Rules of Civil Procedure.

Expedited relief is requested to prevent the Secretary from obtaining additional improper discovery from Asure through its manufactured, immediate and artificial deadlines for production.

1

## I. STATEMENT OF FACTS

### A. Background Facts

On October 13, 2022, the U.S. Department of Labor's Wage and Hour Division ("WHD") executed *ex parte* warrants at PSSI's workplaces in Grand Island, Nebraska and Worthington, Minnesota. (Doc. 3, p. 4). On the same day, the WHD also executed a search warrant on PSSI's headquarters in Kieler, Wisconsin. *Id.* Pursuant to the warrants, WHD investigators toured PSSI's facilities, took photographs and video, obtained documents, and interviewed PSSI employees. *Id.* at 4-5. PSSI also produced several gigabytes of electronic records to the WHD in a Dropbox folder in cooperation with its investigation prior to litigation. *Id.* at 26. The electronic records pertained to fifty selected PSSI worksites. *Id.*

The warrant for PSSI's Kieler, Wisconsin headquarters expired on October 18, 2022. (Dalin Dec., ¶ 1, Ex. A). The warrant for the Worthington, Minnesota worksite expired on October 16, 2022. (Dalin Dec., ¶ 1, Ex. B). And the warrant for the Grand Island, Nebraska worksite expired, at the latest, on October 28, 2022. (Dalin Dec., ¶ 1, Ex. C).

On November 9, 2022, the Secretary filed a Complaint against PSSI alleging violations of the child labor provisions of the Fair Labor Standards Act. (Doc. 1). At the same time, the Secretary sought an *ex parte* temporary restraining order ("TRO") and a preliminary injunction. (Docs. 2-3). The following day, November 10th, this Court granted, in part, DOL's request and entered a TRO (Doc. 8), imposing certain restrictions during the timeframe of the TRO and setting a preliminary injunction hearing, which is presently scheduled for December 7, 2022. Regarding the Secretary's request for an order enjoining PSSI from "refusing to provide information to the Department of Labor to aid in its investigation," the Court's TRO issued a modified order that respects "the rights of the defendant and rules of discovery." *Id.*

**B.     Current Requests by the Secretary**

On November 15, 2022, counsel for the Secretary sent a letter requesting a supplemental production of records from PSSI. (Dalin Dec., ¶ 1, Ex. D). Requests 2 and 3 of the letter contend that documents or data were inadvertently missing from PSSI's prior production of documents in response to the warrants. *Id*. PSSI does not object to these requests, nor does it object to producing any documents or data that it intended to include in its prior production but were inadvertently not included. Request 1, however, seeks rosters of PSSI's current and former employees, including contact information, for each of the 50 locations at issue in the investigation that preceded the Secretary's Complaint in this matter. PSSI previously provided employee rosters in response to the warrant. The Secretary's November 15th request, however, asks for rosters of current and former employees for the time period of November 9, 2019 **to the present.** This is a new request for information made by the Secretary after filing his Complaint in this action.

Additionally, on November 21, 2022, the Secretary served an administrative Subpoena Duces Tecum on Asure, which is PSSI's biometric timeclock vendor. (Dalin Dec., ¶ 1, Ex. E). The subpoena seeks voluminous records, including timeclock photographs, daily timeclock punches, and rosters of all PSSI employees for the period of November 9, 2019 **to the present**. The subpoena initially commanded production of the responsive documents by November 23, 2019 (the day before Thanksgiving), but it is PSSI's understanding that the Secretary subsequently agreed to extend Assure's deadline to November 29, 2022.

## II.     ARGUMENT

**A.     Standard for Motions to Quash**

District courts have authority to quash an administrative subpoena. *McLane Co., Inc. v. E.E.O.C,* 581 U.S. 72, 137 S.Ct. 1159, 1167 (2017).

A party is required to provide notice to opposing counsel before serving a subpoena. See Fed. R. Civ. P. 45(a)(4)("If the subpoena commands the production of documents, electronically stored information, or tangible things . . . then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party."); NECivR 45.1(a)("No subpoenas for production or inspection may be issued for service on a nonparty without giving the adverse party notice[.]"). The Eighth Circuit has found a district court may quash a subpoena duces tecum to a non-party which was served without providing prior notice to opposing counsel. *See Firefighter's Inst. for Racial Equal. ex rel. Anderson v. City of St. Louis*, 220 F.3d 898, 903 (8th Cir. 2000).

### B. Standard for Motions for Protective Order

"Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); *see also Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 362 (8th Cir. 2003). This includes the power to alter or set discovery parameters. An order protecting a party from the taking of discovery is granted only upon a showing of good cause. See Fed. R. Civ. P. 26(c). The party moving for the protective order has the burden to demonstrate good cause for issuance of the order. *See Misc. Docket Matter No. 1 v. Misc. Docket Matter No. 2*, 197 F.3d 922, 926 (8th Cir. 1999).

To make the requisite showing of good cause, the moving party must make "a particular and specific demonstration of fact, as distinguished from stereotype and conclusory statements." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981) (quoting 8 C. Wright & A. Miller, Federal Practice and Procedure § 2035, p. 265 (1970)); *Misc. Docket Matter*, 197 F.3d at 926. Accordingly, the party seeking protection must show that specific prejudice or harm will result if

no protective order is granted. The prejudice or harm protected by Rule 26(c) includes "annoyance, embarrassment, oppression, or undue burden or expense." A court must also consider the relative hardship to the nonmoving party should the protective order be granted." *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973) (citing *United States v. Kordel*, 397 U.S. 1, 4-5 (1970)).

> C. **The Court Should Quash the Subpoena Because it Commands Production of Information and Documentation Outside of Discovery Rules Applicable to Parties Following Commencement of a Lawsuit, and Without Proper Notice to PSSI**

The Secretary's request to PSSI for **new** information and its issuance of an administrative subpoena to PSSI's third-party vendor—both of which occurred after it filed a Complaint to initiate this action—violates the rules for discovery contained in the Federal Rules of Civil Procedure and Nebraska's Local Rules. As the Eight Circuit has noted, the government cannot use its investigatory powers to obtain evidence for a hearing once it has commenced an action. *United States v. Sellaro*, 514 F.2d 114, 122 (8th Cir. 1973) (government cannot use the investigation tools of the grand jury to gather evidence for trial in a filed action). Once a civil action is commenced, parties must follow the procedures for discovery set forth in the Federal Rules of Civil Procedure. See, Fed. R. Civ. P. 1 ("These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81.").

The Secretary filed a Complaint to commence this action on November 9, 2022. (Doc. 1). Once he commenced this civil action, the Secretary, like PSSI, must adhere to the rules of discovery and obtain evidence in accordance with the Rules of Civil Procedure. The parties must exchange discovery in accordance with the schedule set forth in Rule 26. In addition, subpoenas to third parties must be issued in accordance with Rule 45, including providing notice to an adverse party, once permitted by the Court's Scheduling Order.

5

The Secretary's request to PSSI for updated employee rosters and its subpoena to Asure are clearly intended to gather evidence for the lawsuit. In both instances, the Secretary's requests pertain to the same fifty locations at issue in the investigation that preceded his Complaint in this matter—including the Grand Island, Nebraska and Worthington, Minnesota locations. Now that the Complaint is filed, the Secretary cannot run this matter on dual tracks and must subscribe to the rules governing this litigation.

The Secretary's circumvention of the discovery procedures is particularly egregious here because he has refused to disclose any of the evidence underlying the declarations provided in support of his Motion. Moreover, the Secretary opposed PSSI's request, which it made in accordance with the rules, for expedited discovery and the production of documents in advance of the preliminary injunction hearing. (Doc. 14). In his opposition, the Secretary argues that litigants may not seek discovery before the parties have conferred as required by Rule 26(f). *Id.* p. 1. The Court's intervention is necessary to ensure an orderly exchange of discovery in accordance with the rules, and to ensure that the parties are operating on a level playing field. To conduct this litigation in any other matter will place an undue burden on PSSI, who is being denied any discovery from the Secretary while simultaneously being asked to produce new records outside of formal discovery requests. Further, the Secretary is pursuing third-party subpoenas without adhering to Rule 45 or NECivR 45.1 and without notifying PSSI properly, which likewise creates undue burden.

### D. In Addition, or the Alternative, the Court Should Grant a Protective Order Preventing Plaintiff From Seeking Discovery Outside Compliance With Discovery Rules

Under Fed. R. Civ. P. 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense,

including . . . forbidding the disclosure or discovery . . . specifying terms, including time and place, for the disclosure or discovery, [and] forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters[.]" As stated above, should the Court allow new discovery requests to PSSI to proceed outside of formal discovery, or any subpoenas to third-parties to proceed outside of notice obligations, PSSI will suffer undue burden. Therefore, PSSI has shown good cause for issuance of a protective order preventing Plaintiff from seeking premature discovery from PSSI and third parties and requiring the Secretary to comply with the rules of discovery contained in the Federal Rules of Civil Procedure and Nebraska Local Rules.

### III. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant Defendant's Expedited Motion to Quash and/or Motion for Protective Order because PSSI has shown good cause for preventing Plaintiff from improper and premature discovery efforts. Given that the Subpoena to Assure is due November 29, 2022, the Court should immediately quash the Subpoena. The Court should then enter a protective order precluding further document production from taking place until it may secured through proper means, either to PSSI or third-parties.

Dated this 29th day of November, 2022

Respectfully submitted,

*/s/ Patrick M. Dalin*
J. Randall Coffey
**FISHER & PHILLIPS LLP**
46 Penn Centre
4622 Pennsylvania Avenue, Suite 910
Kansas City, MO 64112
Phone: (816) 842.8770
Facsimile: (816) 842.8767
Email: rcoffey@fisherphillips.com

7

Patrick M. Dalin
**FISHER & PHILLIPS LLP**
Two Logan Square
100 N. 18th Street, 12th Floor
Philadelphia, PA 19103
Phone: (610) 230-6112
Facsimile: (610) 230-2151
Email: pdalin@fisherphillips.com
*Admitted Pro Hac Vice*

and

Gillian G. O'Hara #22414
**KUTAK ROCK LLP**
The Omaha Building
1650 Farnam Street
Omaha, NE 68102-2186
Phone: (402) 346-6000
Facsimile: (402) 346-1148
Email: gigi.ohara@kutakrock.com

ATTORNEYS FOR DEFENDANT
PACKERS SANITATION SERVICES, LLC

**CERTIFICATE OF SERVICE**

    The undersigned certifies that on this 29th day of November, 2022, the foregoing was filed via the Court's Electronic Filing System and service made via the same, to:

    Ambriel Renn-Scanlan
    Traci Martin
    Laura O'Reilly
    U.S. Department of Labor
    Office of the Solicitor
    2300 Main Street, Suite 10100
    Kansas City, Missouri 64108
    Phone: 816.285.7260
    Email: renn-scanlan.ambriel@dol.gov
    Email: martin.traci.e@dol.gov
    Email: oreilly.laura.m@dol.gov
    Counsel for Plaintiff

                                                  /s/ *Patrick M. Dalin*
                                                  Attorney for Defendant