# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>PACKERS SANITATION SERVICES, INC., LTD.,<br><br>Defendant. | )<br>)<br>)<br>)<br>) Civil Action No. 4:22-cv-3246<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO QUASH AND/OR MOTION FOR PROTECTIVE ORDER AND FOR EXPEDITED RELIEF

COMES NOW Plaintiff, Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Department" or "Secretary"), in opposition to Defendant's Motion to Quash and/or Motion for Protective Order and for Expedited Relief and asks the Court to deny the Motion in its entirety.

## INTRODUCTION

Defendant Packers Sanitation Services, Inc., Ltd. ("PSSI") construes the Secretary's administrative investigatory powers as improper discovery, and in doing so is attempting to impede the Secretary's lawful investigation into the breadth and scope of Defendant's violations of the child labor provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). Defendant is conflating two things: its agreed-to obligations to produce documents under the warrants,[1] and the Wage and Hour Administrator's ability to seek

---

[1] Warrants were issued to PSSI for its operations in Grand Island, Nebraska; Worthington, Minnesota; and its corporate facility, located in Kieler, Wisconsin, the latter of which seeking corporate-wide records.

documents as part of the Department of Labor's ongoing investigations. These are the same investigations described in the Department's Motion for Temporary Restraining Order and Preliminary Injunction and supporting documents (ECF Doc. Nos. 2-3),[2] with which the Court deemed it necessary for PSSI to comply.[3]

As detailed below, the Secretary's investigation occurs in two parts. The Secretary can 1) seek injunctive relief for child labor violations under sections 12 and 17 of the FLSA; and 2) assess civil money penalties for individual child labor violations of the Department's regulations. The Honorable Judge Gerrard agreed that while PSSI and its employees have "Fifth Amendment" rights, "the Court will direct Packers Sanitation not to interfere with the Secretary's investigation, its required compliance will be cabined by its legal obligation to produce information." ECF Doc. No. 8. Contrary to this Order, Defendant's Motion seeks to interfere with the Secretary's investigation and lacks an understanding of the administrative process and procedures under which the Secretary is entitled to issue administrative subpoenas and continue its investigation.

## ARGUMENT

**A.     The Department of Labor's Investigation into Defendant's Compliance with the FLSA is Ongoing.**

Defendant's Motion is based on an incorrect premise that the Secretary is engaging in discovery by continuing its investigation into Defendant's employment of oppressive child

---

[2]The Secretary, in complying with Federal Rule of Civil Procedure 65, provided notice of the TRO filing to Defendant on November 9, 2022, the date of the filing. Indeed, Defendant's counsel entered appearance for Defendant shortly thereafter on November 10, prior to the Court entering the TRO. This TRO was not entered without notice to Defendant.

[3]It should be noted that in its TRO briefing, the Secretary detailed its use of third-party subpoenas to obtain school records and stated it would continue to do so as part of its investigation, which the Court acknowledged in its Order granting the temporary restraining order. See ECF Doc. No. 8.

labor. After executing the warrants and gathering enough information to conclude that Defendant has engaged in oppressive child labor, the Secretary immediately filed a Complaint and sought a Temporary Restraining Order and Preliminary Injunction under sections 12 and 17 of the FLSA, but the Secretary's investigation did not end with its request for a TRO. This was merely the first step, taken as soon as the Secretary was able to confirm it could prove at least one violation of the child labor provisions of the FLSA, to immediately stop Defendant from its harmful practice of employing minor children to clean dangerous equipment in a slaughterhouse/meat processing plant overnight. See, e.g., Walsh v. Caribbean Island Restaurant, No. 22-CV-4054, 2022 WL 2713725, at *2-3 (E.D. NY. July 13, 2022) (granting a temporary restraining order preventing "further use of oppressive child labor" while requiring defendants not to interfere with the Secretary of Labor's ongoing investigation, noting that the Secretary needs to "conduct a full and complete investigation of defendants' labor practices, as he is authorized to do under the FLSA.").

The child labor regulations promulgated under the FLSA specifically outline at least two ways for the Secretary to enforce the child labor provisions of the FLSA. The Secretary can file for an injunction in a U.S. District Court, as he did here, seeking to enjoin Defendant from violating the law. See 29 U.S.C. §§ 212(b), 217; 29 C.F.R. § 570.140(a). Additionally, the Secretary can enforce the child labor provisions by assessing civil money penalties through a separate administrative process. The regulations specifically set forth the right to file for an injunction in U.S. District Court and "[i]n addition, FLSA section 16(e) states that any person who violates the provisions of FLSA sections 12 or 13(c), relating to child labor,

or any regulations issued under those section, shall be subject to a civil penalty". 29 C.F.R. § 570.140(b).

The regulations provide for an administrative process, separate and apart from the U.S. District Court proceedings for an injunction, for the issuance and resolution of civil money penalties that are contested before an Administrative Law Judge. 29 C.F.R. § 570.140(c); <u>see</u> <u>also</u> 29 C.F.R. § 579. 5 and 29 C.F.R. § 580.6. The Department is still investigating the breadth and scope of Defendant's child labor violations and has not yet assessed civil money penalties. A civil money penalty can be issued for each employee who was the subject of a violation, per 29 C.F.R. § 570.140(b). This civil money penalty process is separate and distinct from this District Court case seeking injunctive relief, and the mere filing of this action does not prevent the Department from continuing to determine how many violations of the child labor provisions of the FLSA in which Defendant has engaged and assessing civil money penalties for each violation. As such, there is no basis for the Court to grant Defendant's requested relief of prohibiting further investigation, including barring further administrative subpoenas.

**B.     The Administrative Subpoena Was Lawfully Issued Pursuant to the Department's Lawful Investigation.**

As set forth above, the Wage and Hour Administrator is currently engaged in a lawful investigation into Defendant's compliance with the child labor provisions of the Act. As part of this investigation, the Wage and Hour Administrator issued an administrative subpoena to Asure Software, Inc. ("Asure"), a third-party vendor used by PSSI, to gather information

about Defendant's compliance with the FLSA's child labor provisions.[4] The subpoena issued to Asure that Defendant seeks to quash was not a Rule 45 subpoena, nor was it issued as part of discovery in this case. Attached as Exhibit E to Defendant's Motion,[5] the subpoena clearly sets forth that it issued by the Regional Administrator of the Wage and Hour Division pursuant to the FLSA at 29 U.S.C. §§ 209 and 211.

This subpoena was lawfully issued by the Secretary pursuant to the FLSA, as the FLSA authorizes the Department to:

> investigate and gather data regarding the wages, hours, and other conditions and practices of employment in any industry subject to this chapter, and may enter and inspect such places and such records (and make such transcriptions thereof), question such employees, and investigate such facts, conditions, practices, or matters as he may deem necessary or appropriate to determine whether any person has violated any provision of this chapter, or which may aid in the enforcement of the provisions of this chapter.

29 U.S.C. § 211(a).

By its plain text, the investigative authority granted to the Department in the FLSA is broad. 29 U.S.C. § 211(a). The investigative authority encompasses "conditions and practices of employment in any industry" subject to the FLSA and expressly includes the power to inspect and copy records. Id. The Department may request any records that it "may deem necessary or appropriate to determine whether any person has violated" the FLSA or which may aid in FLSA enforcement. Id. Section 212(b) of the FLSA extends section 211(a) to child labor investigations: "The Secretary of Labor, or any of his

---

[4] Asure had produced a substantial number of documents before November 29, 2022, although, after receiving the Court's Order yesterday afternoon (ECF Doc. No. 29), the Department asked Asure to cease production until given further notice.
[5] The subpoena attached as Exhibit E is unsigned. It is unclear how or why Defendant has a copy of an unsigned subpoena, but the subpoena that was served upon Asure was electronically signed by Michael Lazzeri.

5

authorized representatives, shall make all investigation and inspections under section 11(a) with respect to the employment of minors . . ."

To effectuate this broad investigative authority, section 9 of the FLSA grants the Department authority to subpoena witnesses and documentary evidence relating to any matter under investigation. 29 U.S.C. § 209. "For the purpose of any hearing or investigation provided for in this [Act]," the Department has the full range of enforcement powers possessed by the Federal Trade Commission, including its subpoena authority under 15 U.S.C. § 49. Id. The Department has the "power to require by subpoena the attendance and testimony of witnesses and the production of all such documentary evidence *relating to any matter under investigation*." 15 U.S.C. § 49 (emphasis added). The Secretary has broad authority to conduct its investigation and seek information related to its investigations into Defendant's compliance with the child labor provisions of the FLSA. The subpoena issued by the Department to Asure seeks relevant documents pursuant to Wage and Hour's investigations.

The Secretary's lawful authority aside, even if a party sought to quash the administrative subpoena issued to Asure, the court does not have the authority to quash the subpoena issued to Asure in this action, because it was not issued under Federal Rule of Civil Procedure 45 as part of this proceeding.[6] PSSI could file a separate action asking the a court to quash the administrative subpoena issued by the Administrator of Wage and Hour

---

[6]Further, the subpoena to Asure was issued by Michael Lazzeri, Regional Administrator for the Wage and Hour Division in Chicago, Illinois, and was served on Asure, a company located in Austin, Texas. The U.S. District Court for the District of Nebraska is not the proper forum for a filing to quash such subpoena. As set forth in 15 U.S.C. § 49, the district courts "within the jurisdiction of which such inquiry is carried on may" hear claims about a failure to comply with a subpoena, which arguably would also set forth the proper forum for a motion to quash such an administrative subpoena.

pursuant to its statutory authority. Yet even in such scenario, courts have a limited role in considering a challenge to the enforcement of an administrative subpoena. The Supreme Court has stated that the Department has the right to enforce administrative subpoenas, if the investigation was for a lawfully authorized purpose, the documents sought were relevant to the inquiry, and the demand for production was reasonable. Oklahoma Press Publishing Co. v. Walling, 327 U.S. 186, 209 (1947); see also Fresenius Med. Care v. U.S., 526 F.3d 372, 375 (8th Cir. 2008) (administrative subpoenas should be enforced if they are "(1) issued pursuant to lawful authority, (2) for a lawful purpose, (3) requesting information relevant to the lawful purpose, and (4) the information sought is not unreasonable"). Defendant has raised no such claims to the lawful administrative subpoena issued by the Administrator outside of these proceedings.[7]

Of note, prior to the Court's November 29 Order, Asure had already substantially responded to the subpoena and did not raise any of these arguments about complying with the lawful administrative subpoena. Indeed, neither did Defendant on November 23, 2022, when it emailed the Secretary about the administrative subpoena, raising no objections to the subpoena and assuming documents would be produced under the subpoena. See Exhibit 1,

---

[7]PSSI cites to a case in which the EEOC sought to enforce an administrative subpoena, where the Supreme Court noted "It is also unlikely that affording deferential review to a district court's subpoena decision would clash with Court of Appeals decisions that instructed district courts to defer to the EEOC's determination about the relevance of evidence to the charge at issue. Such decisions are better read as resting on the established rule that the term 'relevant' be understood 'generously' to permit the EEOC 'access to virtually any material that might cast light on the allegations against the employer.'" McLane Co., Inc. v. EEOC, 581 U.S. 72 (2017) (quoting E.E.O.C. v. Shell Oil Co., 466 U.S. 54, 68-69 (1984)). We, of course, agree with the Supreme Court that a proper administrative subpoena, as here, should afford the agency "access to virtually any material that might cast light on the allegations against the employer."

PSSI also confusingly cites a nearly fifty year old criminal case involving wire taps and a grand jury – none of which apply here – though in that case, the Eighth Circuit held the government was in its rights to have continued its investigation; "where the purpose of the grand jury proceeding is directed to other offenses, its

Email from Patrick Dalin dated November 23, 2022. Ironically, in the same email, PSSI's counsel even requested from the Department "an agreement that PSSI does not need to duplicate Asure's production." It was not until approximately 1.5 hours before the filing of Defendant's Motion on November 29, the day the subpoena responses were due, that the Secretary received any indication from Defendant that it had an issue with the subpoena.[8] There is simply no basis for this Court to hear Defendant's request to quash an administrative subpoena issued by the Administrator of the Wage and Hour Division outside of this proceeding to a third party.[9] Defendant's feigned expedient need to quash this subpoena on the day a response was due, despite knowledge of the subpoena at least one week ago, has wasted this Court's time and resources.

**C.    PSSI Agreed to Continued Production of Documents Under the Warrant.**

In addition to the Wage and Hour Administrator's lawful subpoena, the Secretary is also continuing its investigations into PSSI's child labor practices by gathering documents requested pursuant to the warrants served on PSSI. Here, PSSI is legally required to produce information under the corporate warrant, which extended to all other locations and to which the Secretary agreed PSSI could comply on an ongoing basis due to the voluminous documents requested. Arguing now that the warrants have expired, despite ongoing

---

scope cannot be narrowly circumscribed and any collateral fruits from bona fide inquiries may be utilized by the government." U.S. v. Sellaro, 514 F.2d 114, 122 (8th Cir. 1973).

[8] This "notice" of the filing did not grant the Secretary any opportunity to confer, and Defendant did not comply with the requirement to confer prior to filing the Motion, as required by Local Rule 7.1(j).

[9] Indeed, the Department relies upon subpoenas to third parties, including school districts, to gather necessary information about the minor children employed by PSSI. Thwarting the Department's ability to issue third-party subpoenas would prevent the Secretary from uncovering further violations and protecting further minor children.

communication between the Secretary and PSSI granting PSSI's requested extensions to produce documents under the warrants, is disingenuous.

As the Secretary outlined in its brief in support of a temporary restraining order, the Secretary's investigations into fifty of PSSI's facilities is ongoing. After executing the warrant on PSSI's Corporate Office, "Wage and Hour and PSSI negotiated an initial document production to review fifty facilities where PSSI is contracted to provide cleaning services, a smaller portion of the records subject to the warrant." ECF Doc. No. 3 at p. 30 (referencing Uphold Dec. ¶ 8, Ex. 7). This negotiated agreement is acknowledged by PSSI's counsel in an October 17, 2022 email from Patrick Dalin to counsel for the Secretary. See Exhibit 2, Email from Patrick Dalin dated October 17, 2022 ("It is my understanding that DOL and PSSI agreed that PSSI will produce the requested information for an agreed-upon sample of 50 sites within 14 days."). Due to the voluminous documents requested at the time of the warrant execution, the parties reached this agreement, and rather than staying at Defendant's facility to gather all the documents, the Department granted Defendant more time to produce the documents required under the warrant.

The ongoing investigation required (and continues to requires) "extensive time and effort to cross reference the voluminous records for the remaining forty-seven (47) establishments, including cross referencing with any subpoenaed school records WHD might obtain." ECF Doc. No. 3 at p. 30 (referencing Uphold Dec. ¶ 12, Ex. 7). Moreover, the documents provided under the warrant were incomplete. Id. at ¶ 14 ("As the records were reviewed, it was unclear where some files started or stopped in the employee personnel file. This made it difficult to determine what was repeat information (like handbook language) or

9

actual employee information."). The Secretary was clear and upfront that Wage and Hour would need to conduct additional investigatory steps, including "subpoenaing records from local school districts near these plants or conduct extensive interviews with these workers to determine if these workers are minors." ECF Doc. No. 3 at p. 31. Indeed, the Secretary continued to negotiate with PSSI's counsel before and after the filing of the temporary restraining order to obtain complete documents pursuant to the corporate warrant. See Ex. 1-2. At no point did PSSI's counsel allege impermissible discovery was taking place – because it was not.

The Department has engaged in amicable discussion regarding supplementation of the warrant productions, discussions PSSI's counsel participated in until it filed the instant motion without conferring.[10] By contending to the Court that the documents sought from PSSI are somehow impermissible discovery, rather than document productions under the warrant PSSI agreed to, PSSI has wasted this Court's time by acting as if surreptitious discovery is afoot.[11] Furthermore, to the extent any documents the Secretary are now seeking from PSSI fall outside the scope of the warrants and agreed-to document production after the warrant execution, the Secretary is not precluded from gathering that information as part of its broad administrative investigatory powers under section 211 of the FLSA.

**D.      There Is No Basis for a Protective Order.**

Finally, Defendant has not set forth any basis for a protective order. Defendant has

---

10  Today when the parties conferred, we agreed that the Department is not pursuing the current employee roster under the warrants.
   [11]PSSI could have refused to comply with the warrant and the Secretary can seek contempt proceedings in federal court in the Eastern District of Wisconsin for production of all four hundred (400) locations. Instead, PSSI has offered the Department every public and private assurance that it is complying, until yesterday when it filed the instant motion without conferring with the Secretary.

not shown in will suffer any prejudice or harm if a protective order is not granted, and Defendant will not face an undue burden from a third-party responding to a subpoena (which Asure had already substantially responded to prior to the Court's November 29 Order). In granting the Department's request for a TRO, the Court understood the investigation was on-going, as the Order specifically precluded Defendant from interfering. ECF Doc. No. 8. at p. 6. While the Court noted Defendant may have Fifth Amendment or other rights to raise in response to request for information from the Department, it ordered Defendant to comply with the Department's "lawful demands for information to aid in its investigation." Id. at 7. Defendant has not asserted that any request made by the Secretary for information during its investigation was unlawful. Indeed, Defendant has not set forth any support that any of the requests were unlawful or violate its Fifth Amendment rights.

While the Secretary has asked for and been temporarily granted an injunction, its investigations into PSSI at these locations and others is ongoing and necessary, both to determine the number of violations of the child labor regulations so that civil money penalties can be properly assessed and to identify additional minor children. Indeed, since obtaining the TRO, <u>the Department has identified and confirmed eleven (11) additional minor children hired by PSSI, including four minor children currently employed by PSSI</u>.[12] These include additional minor children at the Grand Island, Nebraska facility, Worthington, Minnesota facility, and a facility in Arkansas. As the Department will detail in subsequent filings, if necessary, of the eleven (11) additional minor children the Department has identified, <u>PSSI hired one 14-year-old, three 15-year-olds, two 16-year-olds, and five 17-</u>

11

year-olds. This brings the total to forty-two (42) minor children at four facilities in which PSSI operates – a number which will likely only grow.

Perhaps it is in PSSI's interests for the Secretary not to discover additional minor children in its employ, but hampering the Department's investigations does not serve the interests of the children working overnight hours in a slaughterhouse to clean dangerous machines under grueling conditions, and it only frustrates the dictates of this Court's Order for PSSI to produce what it is legally required to. The temporary restraining order can only go so far, as PSSI's current employment of at least four additional minor children attests.

## CONCLUSION

For the reasons set forth above, the Secretary asks that the Court deny Defendant's Motion in its entirety.

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

**EVERT H. VAN WIJK**
Associate Regional Solicitor

*/s/ Traci Martin*
Ambriel Renn-Scanlan
Traci Martin
Laura O'Reilly
U.S. Department of Labor
Office of the Solicitor
2300 Main Street, Suite 10100
Kansas City, Missouri 64108
(816) 285-7260

---

[12] Pursuant to the Court's November 11 Order (ECF Doc. No. 23), the Department has made PSSI aware of the names of the four minor children it currently employs. See ECF Doc. No. 32.

renn-scanlan.ambriel@dol.gov
martin.traci.e@dol.gov
oreilly.laura.m@dol.gov

*Attorneys for Plaintiff Martin J. Walsh,*
*Secretary of Labor, U.S. Department of Labor*

CERTIFICATE OF COMPLIANCE UNDER RULE 7.1(d)(3)

In compliance with Nebraska Civil Rule 7.1(d)(3), I hereby certify that this brief complies with the Court's limits for opposing briefs of not exceeding 13,000 words. This brief contains 3,818 words. I have determined this word count by relying on the word-count function in Microsoft Word, version 2209, and it was applied to include all text, including the caption, headings, footnotes, and quotations.

*/s/ Traci Martin*

CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Randall Coffey
Fisher & Phillips LLP
4922 Pennsylvania Ave., Suite 910
Kansas City, MO 64112
rcoffey@fisherphillips.com

Patrick M. Dalin
Fisher & Phillips LLP
Two Logan Square
100 N. 18th Street, 12th Floor
Philadelphia, PA 19103
pdalin@fisherphillips.com

Gillian G. O'Hara
1650 Farnam Street, The Omaha Building
Omaha, NE 68102
Gillian.ohara@kutakrock.com

*Attorneys for Defendant*

                                                */s/ Traci Martin*