# Exhibit A

DOL, ALJ Decision, In re Contingent Care, LLC, ALJ No. 2011-FLS-8, Decision and Order Granting Summary Decision, 2017 BL 111176

U.S. Department of Labor

Office of Administrative Law Judges
800 K Street, NW, Suite 400-N
Washington, DC 20001-8002
(202) 693-7300
(202) 693-7365 (FAX)

Issue Date:

03 April 2017

Case Number: **2011-FLS-00008**

In the Matter of:

Contingent Care, LLC, Endless Possibilities, LLC, and Wolfgang J. Shields, an Individual, Respondents

### *Decision and Order Granting Summary Decision*

This case arises under the Fair Labor Standards Act of 1938 (FLSA), as amended, 29 U.S.C. 201 *et seq.*, and the regulations found at 29 C.F.R. Parts 578 and 580 .

**I.** *Background*

By notice dated May 12, 2011, the Administrator of the Wage and Hour Division of the U.S. Department of Labor ("Plaintiff") informed the above-named Respondents of a civil money penalty in the amount of $40, 700.00.[1] Plaintiff subsequently filed an *Order of Reference*,[2] dated September 1, 2011, with the Office of Administrative Law Judges ("Office"). On September 9, 2011, then Chief Judge Stephen Purcell[3] issued a *Notice of Docketing* directing the parties to file and exchange certain information within 30 days.

On September 16, 2011, Plaintiff filed a *Motion to Stay Proceedings.* Therein, Plaintiff stated that a Complaint was filed against Respondents in the United States District Court for the Western District of Missouri. Plaintiff sought a stay of these proceedings to eliminate the possibility of conflicting decisions. On September 28, 2011, this Office issued an *Order Granting Motion to Stay Proceedings* ("Order"). The Order stayed the proceedings and instructed Plaintiff to file a status report with this Office every 90 days.

**[*2]** Plaintiff filed status reports on December 20, 2011; March 13, 2012; June 26, 2012; September 25, 2012; December 27, 2012; March 22, 2013; June 19, 2013; September 20, 2013; December 17, 2013; March 11,



© 2022 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

// PAGE 1

2014; June 9, 2014; September 9, 2014; December 9, 2014; March 11, 2015; June 2, 2015; September 1, 2015; November 30, 2015; March 1, 2016; and June 7, 2016.₄ Plaintiff's status reports indicate that a bench trial was held in United States District Court for the Western District of Missouri in May 2014, which resulted in a ruling for Plaintiff on all issues.₅ Respondents appealed to the United States Court of Appeals for the Eighth Circuit. On April 7, 2016, the Eight Circuit issued a decision affirming the District Court's decision.₆ On October 5, 2016, Plaintiff filed a *Motion to Lift Stay of Proceedings and for Summary Decision* ("Motion"). On October 19, 2016, Plaintiff filed a copy of a letter to Respondents indicating that it was resending a copy of its Motion because the original had not been delivered. On October 31, 2016, Plaintiff filed a *Proof of Service* stating that its Motion was delivered to Respondents on October 17 and October 20, 2016. It is unclear whether Respondents object to Plaintiff's Motion.₇

On February 15, 2017, I issued an *Order to Show Cause* lifting the stay and instructing Respondents to file a written response within thirty (30) days showing cause why summary decision should not be granted for Plaintiff. The Order to Show Cause warned Respondents that failure to respond may be grounds for default judgment. To date, Respondents have not filed a response to Plaintiff's Motion or the Order to Show Cause, and the Order has not been returned to this Office as undeliverable.

For the reasons set forth below, I GRANT Plaintiff's request for summary decision.

**[\*3] II.** *Discussion* A. Plaintiff's Motion

Plaintiff contends that there are no genuine issues of material fact and that it is entitled to summary decision on the assessment of civil money penalties. (Motion at 11.) Plaintiff avers that the U.S. Court of Appeals for the Eighth Circuit affirmed the District Court's decision finding that Respondents willfully violated the FLSA and that the finding is entitled to collateral estoppel. (Motion at 1, 5-11; Exhibits B, D.) Plaintiff also asserts that Respondents' violations were "repeated," as defined by 29 C.F.R. 578.3(b)(1) . (Motion at 11 n. 7.) Plaintiff states that "there is no dispute that the Administrator followed the CMP guidelines in assessing the penalties in this case." (Motion at 11.) Plaintiff attaches its notice of assessment of civil money penalties and Respondents' request for hearing, (Exhibit A); the District Court's decision awarding damages, (Exhibit B); the District Court's judgment, (Exhibit C); the Eight Circuit's decision affirming the District Court's judgment, (Exhibit D); a declaration by the Assistant Director for the Wage and Hour Division in the Kansas City District Office, (Exhibit E); and proposed findings of fact and conclusions of law, (Exhibit F).

Aracelis Scarbrough, the Assistant Director for the Wage and Hour Division in the Kansas City District Office, explains the procedure that was used to assess civil money penalties against Respondents. (Exhibit E.) Ms. Scarbrough states that:

> When assessing a CMP pursuant to 29 U.S.C. 216(e)(2) , the WHD bases the amount on the mandatory guidelines listed in 29 U.S.C. 216(e)(3) and 29 C.F.R. 578.4(a) , the WHD's Field Operations Handbook which tracks the regulatory guidelines as well as considering the additional discretionary guidelines described in 29 C.F.R. 578.4(b) .



© 2022 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

(Exhibit E 4.) Ms. Scarbrough attests that she reviewed the file. She explains that the civil money penalty at issue was the result of a third investigation of Respondents; that the two previous investigations resulted in findings of FLSA violations with back wages owed; and that Respondent Wolfgang Shields attended initial and final conferences for both investigations. (Exhibit E 7, 9.) Ms. Scarbrough details the violations that pertain to the current matter:

> The violations found during the Third Investigation included overtime and recordkeeping violations. Some of the overtime violations were based on payment of straight time for hours worked over 40 in a workweek. Some of the remaining overtime violations resulted from Respondents' lowering of employees' hourly wages from various amounts such as $10 and $12 per hour, to minimum wage, while simultaneously beginning to pay an alleged "bonus" which was denoted as "other" pay in the paychecks. The amount of "other" pay, when divided by the hours worked and added to the minimum wage, often equaled or strongly resembled the amount of the hourly wage that the employee received prior to the hourly rate being lowered to minimum wage. This allowed Respondents to evade payment of **[\*4]** full overtime due, as overtime was calculated on time and one-half of the minimum wage rate rather than time and one-half of the full regular rate.

(Exhibit E 8.)

Plaintiff contends that it assessed the maximum $1,100 penalty per employee owed back wages "[b]ased on the . . . history of repeated FLSA violations and the size of the employer." (Exhibit E 11.) Ms. Scarbrough explains that 37 current and former employees were owed back wages and that Respondent had "roughly 20" employees when the penalty was assessed. (Exhibit E 10.) Ms. Scarbrough further explains that "Respondents did not offer a good faith explanation for the violations" and Respondents' alternative payment scheme "was a subterfuge to avoid paying overtime on the full regular rate." (Exhibit E 12.) Finally, Ms. Scarbrough cites Respondents' "continued pattern of violating the FLSA," (Exhibit E 14), and "the interval between Respondents' violations," which tends to show that "the violations were almost continuous from 2003 to 2009," (Exhibit E 15).

B. Standard of Review for Summary Decision

The standard of review for a motion for summary decision is essentially the same as the one used in Rule 56 of the Federal Rules of Civil Procedure , the rule governing summary judgment in the federal courts. *Hasan v. Burns & Roe Enterprises, Inc.*, ARB No. 00-080 , ALJ No. *2000-ERA-000006* , slip op. at 6 (ARB Jan. 30, 2011). According to the Rules of Practice and Procedure for Administrative Hearings before the OALJ, an Administrative Law Judge "shall grant summary decision if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a decision as a matter of law." 29 CFR 18.72(a) . A material fact is one whose existence affects the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue exists when the nonmoving party produces sufficient evidence of a material fact that a factfinder is required to resolve the parties' differing versions at trial. Sufficient evidence is any significant probative evidence. *Id.* at 249 , citing *First Nat'l Bank of Ariz. V. Cities Serv. Co.*, 391 U.S. 253, 288-290 (1968). No genuine issue of material fact exists when the "record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475



U.S. 574, 587 (1986).

The party moving for summary decision has the burden of establishing the "absence of evidence to support the nonmoving party's case." *Celotex Corp v. Zenith Radio Corp.*, 477 U.S. 317, 325 . The burden then shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986). In reviewing the request for summary decision, all of the evidence must be viewed in a light most favorable to the non-moving party. *See, e.g.*, *Darrah v. City of Oak Park*, 255 F.3d 301, 305 (6th Cir. 2001). A genuine issue of material fact exists when, based on the evidence, a reasonable fact-finder could rule for the non-moving party. However, granting a summary decision motion is not appropriate where the information submitted is insufficient to determine if material facts are at issue. *Anderson*, 477 U.S. at 242 .

[*5] C. Applicable Law 1. Issue Preclusion

The doctrine of issue preclusion prevents the relitigation of matters that have already been decided. The ARB has found that issue preclusion will apply if certain requirements are met:

> 1) The same issue must have been actually litigated, that is, contested by the parties and submitted for adjudication by the court; 2) the issue to be precluded by collateral estoppel must have been necessary to the outcome of the first case; and 3) preclusion of litigation of the contested second matter must not constitute a basic unfairness to the party sought to be bound by the first determination.

*Chao v. A-One Medical Servs., Inc.*, ARB Case No. 02-067 , ALJ Case No. *2001-FLS-27, 12-13* (ARB Sept. 23, 2004) (internal quotations omitted).[8]

2. Civil Money Penalty Determinations

This Office has jurisdiction to make "a determination of whether the respondent has committed a violation of section 12 , or a repeated or willful violation of section 6 or section 7 of the Act, and the appropriateness of the penalty assessed by the Administrator." 29 C.F.R. 580.12(b) .

Repeated violations are defined as violations

> (1) [w]here the employer has previously violated section 6 or 7 of the Act, provided the employer has previously received notice, through a responsible official of the Wage and Hour Division . . . that the employer allegedly was in violation of the provisions of the Act; or
> (2) [w]here a court or other tribunal has made a finding that an employer has previously violated section 6 or 7 of the Act . . . .

29 C.F.R. 578.3(b) .



Willful violations are defined as violations "where the employer knew that its conduct was prohibited by the Act or showed reckless disregard for the requirements of the Act." 29 C.F.R. 578.3(c)(1) . Conduct is deemed knowing "if the employer received advice from a responsible official of the Wage and Hour Division to the effect that the conduct in question is not lawful." 29 C.F.R. 578.3(c)(2) . **[*6]** Conduct is "deemed to be in reckless disregard of the requirements of the Act . . . if the employer should have inquired further into whether its conduct was in compliance with the Act, and failed to make adequate further inquiry." 29 C.F.R. 578.3(b) .

An administrative law judge reviews a determination of civil money penalty de novo. 29 C.F.R. 578.3 ; *see also Keystone Floor Refinishing Co., Inc.*, ARB Nos. 03-056 , 03-067 , ALJ No. *2002-CLA-017* (ARB Nov. 29, 2004) (stating that a Wage and Hour form is not a substitute for an "ALJ's independent review of the appropriateness of the assessed penalty [for child labor violations of the FLSA]; it is merely a starting point").

A civil money penalty assessed for repeated or willful violations of section 6 or 7 must take into consideration "the seriousness of the violations and the size of the employer's business," 29 C.F.R. 578.4(a) , and may take into account other relevant factors. 29 C.F.R. 578.4(b) contains the following illustrative list of factors:

> (1) Whether the employer has made efforts in good faith to comply with the provisions of the Act and this part;
> (2) The employer's explanation for the violations, including whether the violations were the result of a bona fide dispute of doubtful legal certainty;
> (3) The previous history of violations, including whether the employer is subject to injunction against violations of the Act;
> (4) The employer's commitment to future compliance;
> (5) The interval between violations;
> (6) The number of employees affected; and
> (7) Whether there is any pattern to the violations.

Other relevant factors may be considered as well. 578.4(b) . A civil money penalty for repeated or willful violations of 206 or 207 after January 7, 2002 is capped at $1,100.00 per violation. 29 C.F.R. 578.3(a) .

### III. *Findings of Fact and Conclusions of Law*

A. Issue Preclusion

The United States District Court for the Western District of Missouri found, in relevant part, that (i) the above-listed Respondents are all covered under the FLSA[9]; (ii) the Wage and Hour Division of the U.S. Department of Labor conducted three investigations of Respondents, the first covering the time period from October 2003 through October 2005; the second April 2006 through April 2008; and the third pertaining to December 2008 through February 2011[10]; (iii) Respondents committed overtime violations[11]; and (iv) Respondents' violations were willful.[12]



© 2022 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

**[\*7]** The above findings were (i) actually litigated in the District Court case; (ii) were necessary to the outcome of the District Court case;[13] and (iii) issue preclusion is not unfair because the issues were already fully and fairly litigated. Therefore, I find that the District Court case has resolved the issue of whether Respondents willfully[14] violated the FLSA.[15]

B. Reasonableness of the Civil Money Penalty

The issue of whether the penalty assessed is appropriate under 29 C.F.R. 578.4 is distinct from the issues resolved by the District Court and must be evaluated separately.

I find that Plaintiff has met the initial burden of showing the absence of evidence to support Respondents' case. I credit Ms. Scarbrough's declaration setting out the basis for the assessed penalty and find that Plaintiff properly took into consideration the seriousness of the violations and the size of the employer's business as required by 578.4(a) , as well as additional factors in 578.4(b) .

Accordingly, the burden has shifted to Respondents, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. In this case, Respondents have not asserted that the civil money penalty is unreasonable or inappropriate.[16]

\* \* \*

Based on the above, I find that there is no genuine dispute that Respondents willfully and repeatedly violated the FLSA or that the civil money penalty of $40,700.00 is reasonable and appropriate.

### *ORDER*

As no genuine issues of material fact remain, Plaintiff's motion for summary decision is GRANTED in full and the civil money penalty assessed by the Administrator of the Wage and **[\*8]** Hour Division of the United States Department of Labor is AFFIRMED. Respondents Contingent Care, LLC; Endless Possibilities, LLC; and Wolfgang Shields are jointly and severable liable for and are hereby ORDERED to pay Plaintiff a total of **$40,700.00,** due immediately on the date this order becomes final,[17] or in accordance with any proceedings in United States Bankruptcy Court in which Respondents were or are engaged.

SO ORDERED:



**STEPHEN R. HENLEY**
Chief Administrative Law Judge

### NOTICE OF APPEAL RIGHTS

If you are dissatisfied with the administrative law judge's decision, you may file an appeal with the Administrative Review Board ("Board"). To be timely, your appeal must be filed with the Board within thirty (30) days of the date of issuance of the administrative law judge's decision. *See* 29 C.F.R. 580.13 . The Board's address is: Administrative Review Board, U.S. Department of Labor, Suite S-5220, 200 Constitution Avenue, NW, Washington DC 20210, for traditional paper filing. Alternatively, the Board offers an Electronic File and Service Request (EFSR) system. The EFSR for electronic filing (eFile) permits the submission of forms and documents to the Board through the Internet instead of using postal mail and fax. The EFSR portal allows parties to file new appeals electronically, receive electronic service of Board issuances, file briefs and motions electronically, and check the status of existing appeals via a web-based interface accessible 24 hours every day. No paper copies need be filed.

An e-Filer must register as a user, by filing an online registration form. To register, the e-Filer must have a valid e-mail address. The Board must validate the e-Filer before he or she may file any e-Filed document. After the Board has accepted an e-Filing, it is handled just as it would be had it been filed in a more traditional manner. e-Filers will also have access to electronic service (eService), which is simply a way to receive documents, issued by the Board, through the Internet instead of mailing paper notices/documents.

**[*9]** Information regarding registration for access to the EFSR system, as well as a step by step user guide and FAQs can be found at: https://dol-appeals.entellitrak.com. If you have any questions or comments, please contact: Boards-EFSR-Helpdol.gov

At the time you file the appeal with the Board, you must serve it on all parties as well as the Chief Administrative Law Judge, U.S. Department of Labor, Office of Administrative Law Judges, 800 K Street, NW, Suite 400-North, Washington, DC 20001-8001. *See* 29 C.F.R. 580.13 .

If filing paper copies, you must file an original and four copies of the petition for review with the Board, together with one copy of this decision. In addition, within 30 calendar days of filing the petition for review you must file with the Board an original and four copies of a supporting legal brief of points and authorities, not to exceed thirty double-spaced typed pages, and you may file an appendix (one copy only) consisting of relevant excerpts of the record of the proceedings from which the appeal is taken, upon which you rely in support of



your petition for review. If you e-File your petition and opening brief, only one copy need be uploaded.

Any response in opposition to a petition for review must be filed with the Board within 30 calendar days from the date of filing of the petitioning party's supporting legal brief of points and authorities. The response in opposition to the petition for review must include an original and four copies of the responding party's legal brief of points and authorities in opposition to the petition, not to exceed thirty double-spaced typed pages, and may include an appendix (one copy only) consisting of relevant excerpts of the record of the proceedings from which appeal has been taken, upon which the responding party relies. If you e-File your responsive brief, only one copy need be uploaded.

Upon receipt of a legal brief filed in opposition to a petition for review, the petitioning party may file a reply brief (original and four copies), not to exceed ten double-spaced typed pages, within such time period as may be ordered by the Board. If you e-File your reply brief, only one copy need be uploaded.

If no appeal is timely filed, then the administrative law judge's decision becomes the final order of the Secretary of Labor pursuant to 29 C.F.R. 580.12(e) .

---

fn
1 Plaintiff alleged that Respondents violated the minimum wage and overtime provisions of sections 6 and 7 of the FLSA during the time period from December 13, 2008 to February 14, 2011.

fn
2 Plaintiff's Order of Reference amended the May 12, 2011 notice by "delet[ing] all references to violations of the minimum wage provisions of section 6 of the Act." Accordingly, the above-captioned matter is limited to civil money penalties for violations of the overtime provisions of section 7 of the FLSA during the time period from December 13, 2008 to February 14, 2011.

fn
3 Judge Purcell has since retired from active federal service. Accordingly, I have reassigned the matter to myself in my capacity as Chief Administrative Law Judge. *See* 29 C.F.R. 18.12(a) .

fn
4 On September 17, 2013, Respondents filed a *Notice of Automatic Stay*. Respondents stated that Contingent Care, LLC had filed a Chapter *7* Bankruptcy Petition on May 28, 2013; and that Endless Possibilities, LLC had filed a Chapter 11 Bankruptcy Petition on April 29, 2013. Although the related District Court proceedings were briefly stayed, Plaintiff states in a status report that the court lifted the stay after finding that "district court and administrative proceedings are exempt from the automatic stay provisions of the Bankruptcy Code as proceedings to enforce the police or regulatory powers of a government unit." It is unclear whether Respondents are currently in bankruptcy proceedings. However, I also find that the instant proceedings are exempt from the automatic stay provisions. *See* 11 U.S.C. 362(b)(4) (exempting from automatic stay "the commencement or continuation of an action or proceeding by a governmental unit . . . to

enforce such governmental unit's or organization's police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's or organization's police or regulatory power").

fn
5 Perez v. Contingent Care, LLC, 4:11-CV-00871-BCW (Dec. 15, 2014).

fn
6 *Perez v. Contingent Care, LLC*, 820 F.3d 288 (8th Cir. 2016).

fn
7 At my direction, my law clerk contacted Mr. Shields on November 17, 2016, who informed her that he was represented by the law firm Evans & Mullinix. On November 17, 2016 and December 16, 2016, my clerk left voicemail messages for Evans & Mullinix. On December 20, 2016, an attorney from Evans & Mullinix contacted my clerk and indicated that his firm does not represent Mr. Shields "in this matter at this time" and asserted that "[a]ny action against Endless Possibilities, LLC would be in violation of the confirmed Ch. 11 Plan." Mr. Shields subsequently informed my clerk in a telephone call on December 23, 2016 that he "object[s] to the whole thing," but that he "want[s] it to be over." Respondents did not indicate at that time whether or not they would be filing a response to the Order to Show Cause.

fn
8 The Eighth Circuit's standard for issue preclusion is substantially the same as the ARB's. The Eighth Circuit articulates the following elements: "(1) at least one party to be bound in the second case must have been a party in the first case, (2) the issue in the second case must be the same as the issue in the first case, (3) the issue must have been actually litigated in the first case, (4) the issue must have been actually decided in that case, and (5) the decision on the issue in the prior action must have been necessary to the court's judgment and adverse to the party to be bound." *PPW Loyalty Trust v. Barton*, 832 F.3d 876, 885 (8th Cir. 2016).

fn
9 Motion, Exhibit B at 5-7.

fn
10 Motion, Exhibit B at 2, 3.

fn
11 Motion, Exhibit B at 7-13.

fn
12 Motion, Exhibit B at 13-14.

fn
13 A finding of willfulness based on previous investigations was necessary to the District Court case in order to extend the statute of limitations from two to three years. *See* Motion, Exhibit B at 13, 14; 29 U.S.C. 255(a) .


DOL, ALJ Decision, In re Contingent Care, LLC, ALJ No. 2011-FLS-8, Decision and Order Granting Summary Decision, 2017 BL 111176

<sup>fn</sup> 14 I find that the definition of willfulness articulated by the District Court is the same as the standard provided by the FLSA regulations. *See* 29 C.F.R. 578.3(c)(1) (defining willfulness as "where the employer knew that its conduct was prohibited by the Act or showed reckless disregard for the requirements of the Act"); Motion, Exhibit B at 13 (stating that a violation is willful if "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by statute") (citing *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)).

<sup>fn</sup> 15 I also find that Respondents repeatedly violated the FLSA under 580.12(b)(1) based on Plaintiff's notification of Mr. Shields of FLSA violations during two previous investigations. *See* Motion, Exhibit E 9.

<sup>fn</sup> 16 Respondents' initial exception to the assessed civil money penalty, dated May 15, 2011, raises issues related to whether Respondents violated the FLSA and whether any violations were willful. It does not address whether the civil money penalty would be reasonable for the violations that were alleged in the notice of penalty assessment.

<sup>fn</sup> 17 *See* 29 C.F.R. 580.18(a) ("When the determination of the amount of any civil money penalty provided for in this part becomes final . . . pursuant to the decision and order of an Administrative Law Judge in an administrative proceeding as provided in 580.12 , or the decision of the Board pursuant to 580.16 , the amount of the penalty as thus determined is immediately due and payable to the U.S. Department of Labor. The person against whom such penalty has been assessed or imposed shall promptly remit the amount thereof, as finally determined. The payment shall be by certified check or by money order, made payable to the order of the Wage and Hour Division, and shall be delivered or mailed to the District Office of the Wage and Hour division which issued and served the original notice of penalty.").


Bloomberg Law®

© 2022 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

// PAGE 10

# General Information

| | |
|---|---|
| **Case Name** | In re Contingent Care, LLC |
| **Date Filed** | Mon Apr 03 00:00:00 EDT 2017 |
| **Citation** | 2017 BL 111176; ALJ No. 2011-FLS-8 |
| **Parties** | Contingent Care, LLC; Endless Possibilities, LLC; Wolfgang J. Shields |

Bloomberg Law®

© 2022 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

// PAGE 11