# Exhibit B

U.S. Department of Labor

Office of Administrative Law Judges
800 K Street, NW
Washington, DC 20001-8002
(202) 693-7300
(202) 693-7365 (FAX)

Issue Date:

25 May 2018

Case Nos.: 2015-FLS-00010; 2015-FLS-00011

In the Matters of:

Five M'S, LLC d/b/a L & W Auto Salvage ( L & W Auto Parts) and John Morgavan, an Individual,

and

Five M'S LLC d/b/a Valparaiso Car Care Transmission and John Morgavan, an Individual, Respondents.

### *Order Setting Briefing Schedule*

These consolidated cases arise under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 -219 , and the implementing regulations at 29 C.F.R. Parts 578 and 580 . They were docketed by the Office of Administrative Law Judges ("OALJ") on receipt of *Orders of Reference* from the Counsel for the Administrator, Wage and Hour Division ("Plaintiff") received on August 27, 2015 and assigned the above-captioned case numbers.[1]

On September 11, 2015, I issued a *Notice of Docketing and Order of Consolidation*, consolidating the cases and directing the parties to exchange specified prehearing information. On October 14, 2015, Plaintiff filed a *Response to Notice of Docketing and Order of Consolidation*. In it, Plaintiff stated that "[o]n May 1, 2015, the Secretary of Labor filed a complaint in the United States District Court for the Northern District of Indiana to enjoin and restrain defendants . . . from violating the provisions of . . . the FLSA."[2] Plaintiff requested that these matters be stayed while **[*2]** the parties litigate the related case in District Court. In an *Order to Stay Proceedings* issued December 1, 2015, I granted Plaintiff's unopposed request to stay this matter and held the cases in abeyance until further notice.



DOL, ALJ Decision, In re Five M'S, LLC, ALJ No. 2015-FLS-10, Order Setting Briefing Schedule, 2018 BL 427449

On April 25, 2017, Plaintiff filed a *Motion and Memorandum in Support of Partial Summary Decision*, which advised that the District Court had entered summary judgement in the Secretary of Labor's favor in the related federal court litigation. The March 1, 2017 District Court order appeared to have resolved whether Respondents violated the minimum wage, overtime and recordkeeping provisions of the FLSA, whether Respondents' violations were repeated or willful and whether a civil money penalty for the Section 6 and 7 violations was authorized. However, the District Court did not appear to have resolved whether the $38,500 in assessed penalties was appropriate under 29 C.F.R. §578.3 or whether Respondents violated the child labor provisions of the Act and, if so, whether the $3,800.00 civil money penalty related to this violation of the FLSA was appropriate. Perez v. Five M's, Case No. 2:15-cv-00176-WCL-PFC (N.D. Ind. Mar. 1, 2017).

On May 9, 2017, Respondent filed a *Motion to Stay ALJ Proceedings During Defendants' Appeal to the Seventh Circuit Court of Appeals* advising that the Seventh Circuit had docketed its appeal of the District Court's decision and requesting that the instant proceeding, including deadlines for responding to the Plaintiff's *Motion and Memorandum in Support of Partial Summary Decision*, be stayed pending the Seventh Circuit's ruling. On May 15, 2017, Plaintiff filed a *Response in Opposition* to Respondent's motion to stay this proceeding. On May 31, 2017, I held a conference call with the parties to discuss the motion to stay proceedings, in which the parties advised that they were pursuing mediation through the Seventh Circuit in an attempt to reach a settlement of the federal litigation and the cases before this Court. As such, I verbally granted the request to stay proceedings and continued to hold this matter in abeyance.

On October 5, 2017, Plaintiff filed a *Status Report and Request for Telephone Conference* advising that the "mediation did not result in a settlement, and on October 3, 2017, Respondents withdrew their appeal of the District Court's decision," attaching *Defendant-Appellants Notice of Withdrawal of Appeal* filed in District Court. Plaintiff requested a telephone conference call with the Court to discuss whether Respondents planned to file a substantive response to the *Motion and Memorandum in Support of Partial Summary Decision* and setting a hearing schedule. On October 13, 2017, I held a conference call with the parties. As the related federal court litigation had concluded, obviating the need to continue holding these matters in abeyance, I issued an *Order Lifting Stay and Approving Withdrawal of Counsel* on October 25, 2017.

On March 14, 2018, Respondent filed *Motion to Dismiss and Respondents to Plaintiff's Motion for Summary Judgement* ("Respondent Motion"). On March 23, 2018, Plaintiff filed *Acting Administrator's Response in Opposition to Respondent's Motion to Dismiss and Response to Plaintiff's Motion for Summary Judgement* ("Response"). On March 23, 2018, Respondent filed *Objection to Labor Department's Supplemental Motion and Memorandum in Support of Summary Decision on Child Labor Law Civil Money Penalty* ("Civil Money Penalty"). On April 5, 2018, Respondent filed a *Reply to Department of Labor's Response on Motion for Summary Judgement and In Support of Morgavan's Motion for Summary Judgement*.

On April 5, 2018, I issued *Order Granting Partial Summary Decision, Denying Motion to Dismiss and Establishing Location of Hearing*. I held the District Court litigation had resolved the **[\*3]** issue of whether Respondents violated sections 6 and 7 of the FLSA, whether Respondents' violations were repeated or willful



and whether a civil money penalty was authorized.[3] I held that Respondents' behavior was deemed to be "repeated" under 29 C.F.R. § 578.3(b)(1) and (2) pursuant to the District Court's findings that Respondents violated sections 6 and 7 in the time period corresponding to the Wage and Hour Division's first investigation in 2005, and Respondents received notice of that violation. Additionally, I held that Respondents' behavior was deemed to be "willful" pursuant to 29 C.F.R. § 578.3(c)(2) and (3) pursuant to the District Court's findings that Respondents were informed by the Wage and Hour Division that their conduct was unlawful. I further held that Respondents either knew or were in reckless disregard of the requirements of the FLSA. Accordingly, I held that it was proper to assess a civil money penalty. I further held the District Court's assessment of $14,477.06 in liquidated damages did not cover the appropriateness of the $38,500.00 assessed civil money penalties in this matter.

I denied that part of Plaintiff's motion for summary decision as to whether the $38,500.00 assessed penalty was appropriate under 29 C.F.R. § 578.4 . I also denied Plaintiff's motion for summary decision as to whether Respondents violated the child labor provisions of the FLSA[4] and, if so, the appropriateness of the assessed $3,800.00 civil money penalty under 29 C.F.R. § 579.5 .

On April 17, 2018, I convened a formal hearing in Chicago, Illinois to resolve the sole remaining issues (1) of the appropriateness of the $38,500.00 civil money penalties assessed for violations of Section 6 and 7 of the FLSA; and (2) whether Respondents violated the child labor provisions of the FLSA and, if so, the appropriateness of the $3,800.00 assessed civil money penalty. Both parties were in attendance, and represented by counsel.

The evidentiary record now having closed, the parties may simultaneously file post-hearing briefs by July 15, 2018[5], with responses filed by July 30, 2018.[6]

SO ORDERED:

**STEPHEN R. HENLEY**

Chief Administrative Law Judge

---

fn
  1 Plaintiff alleged that Respondents employed one minor contrary to the provisions of section 12(c) of the FLSA, and violated the child recordkeeping provisions of section 11(c) , during the period October 1, 2013 to March 1, 2014 and assessed a total of $3,800.00 in civil money penalties. Plaintiff also assessed total civil money penalties against Respondents in the amount of $38,500.00 for violating the provisions of Sections 6 and 7 of the Act by failing to pay employees a total of $14,477.06 in required minimum wages and overtime during the period October 7, 2012 to October 5, 2014. 29 C.F.R. 570.140(b)(1) ; 579.1(a)(1)(i)(A)) ; 530.302 ; and 579.3(a)(5) .

fn
  2 *See* Perez v. Five M's, LLC, 2:15-cv-00176 (N.D. Ind.).



[fn] 3 *See* 29 C.F.R. § 580.12 .

[fn] 4 *See* 29 C.F.R. § 579.3

[fn] 5 The briefs should address, inter alia, whether this Court can consider mitigating factors in determining the appropriateness of civil money penalties for child labor violations under the FLSA; what factors can be considered by the Court in determining the appropriateness of civil money penalties for repeated and willful violations of sections 6 and 7 of the FLSA; can a 17-year-old part owner of a company violate the child labor provisions of the FLSA by driving, controlling, or operating that company's tow truck, either on or off public roads; and is it a violation of Hazardous Order No. 2 for a 17-year-old to drive a tow truck on private property, not on public roads. (Tr. 189-90)

[fn] 6 I again urge the parties to take advantage of this office's free mediation services and reach a settlement in this case. Contact Jashawn Stewart at 202-693-7369 for more information.

# General Information

| | |
|---|---|
| **Case Name** | In re Five M'S, LLC |
| **Date Filed** | Fri May 25 00:00:00 EDT 2018 |
| **Judge(s)** | Stephen R. Henley |
| **Citation** | 2018 BL 427449; ALJ No. 2015-FLS-10; ALJ No. 2015-FLS-11 |
| **Parties** | Five M'S LLC; Five M'S, LLC; John Morgavan; L & W Auto Parts; L & W Auto Salvage; Valparaiso Car Care Transmission |

Bloomberg Law® © 2022 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service