# Exhibit C

DATE:

Jan. 31, 2018

ARB Case No. 16-070
ALJ Case No. 2016-FLS-004

In the Matter of:

Administrator, Wage and Hour Division, U.S. Department of Labor, Prosecuting Party,

v.

ZL Restaurant Corporation d/b/a Famous Wok; and Lixin Zhang, an Individual, Respondents.

BEFORE: THE ADMINISTRATIVE REVIEW BOARD

> Appearances:
> *For the Respondent:*
> Lixin Zhang; *pro se*; Tempe, Arizona
>
> *For the Administrator, WHD:*
> Kate O'Scannlain, Esq.; Jennifer S. Brand, Esq.; William C. Lesser, Esq.; Paul L. Frieden, Esq.; Sarah J. Starrett, Esq.; *U.S. Department of Labor, Office of the Solicitor*; Washington, District of Columbia

BEFORE: Paul M. Igasaki, *Chief Administrative Appeals Judge*; Tanya L. Goldman, *Administrative Appeals Judge*; and Leonard J. Howie III, *Administrative Appeals Judge*

**Final Decision and Order**

This case arises under section 16(e) of the Fair Labor Standards Act of 1938 (FLSA), as amended, 29 U.S.C.A. § 201 , et seq. (West 1998 & Supp. 2017), and its implementing regulations at 29 C.F.R. Parts 578 and 580 (2015). Respondents ZL Restaurant Corporation and Lixin Zhang appealed to the Administrative Review Board (ARB) two Department of Labor **[*2]** Administrative Law Judge (ALJ) orders.₁ In the first order, the ALJ granted partial summary decision on the issues of whether Respondents engaged in repeated and willful violations of FLSA sections 6 and 7 because a U.S. District Court had already determined that Respondents had engaged in violations that were repeated and willful. In the second decision, the ALJ affirmed the Wage and Hour Division's (WHD) assessment of civil money penalties (CMPs) against



Respondent for repeated violations of 29 U.S.C.A. §§ 206 and 207 , but reduced the amount of the penalty. For the following reasons, the ARB summarily affirms the ALJ's Decisions and Orders.

## BACKGROUND

The Wage and Hour Division investigated whether Respondents violated the FLSA two separate times and found identical violations in the two investigations.2 WHD determined that the second violations were repeated and willful and assessed a total of $2,200 in CMPs for two violations (the maximum penalty at the time for these FLSA violations).3 Respondents filed an exception to the CMPs and sought review before an ALJ.

The Office of Administrative Law Judges docketed the case and assigned an ALJ, who scheduled the matter for a hearing.4 The ALJ then granted a motion to stay the proceedings while the Secretary of Labor prosecuted a related action against Respondents in the U.S. District Court for the District of New Mexico.5 About a year and a half later, the Administrator filed a motion to lift the stay because the district court had entered judgment against Respondent Zhang. The district court had also awarded compensatory damages, liquidated damages, attorney's fees, **[*3]** and costs; permanently enjoined Respondents from violating the FLSA; and entered a default judgment against Respondent ZL Restaurant Corporation d/b/a Famous Wok.6

Responding to the Prosecuting Party's motion for summary decision, the ALJ granted partial summary decision on the issue of whether Respondents engaged in repeated and willful violations, holding that he was bound by the district court's decisions.7 Thus, the ALJ held that the district court had already resolved the issue of whether Respondents violated FLSA sections 6 and 7 .8 The ALJ also held that the district court's decision resolved whether the violations were repeated and willful because it found that WHD informed Respondents that their conduct was unlawful after the first investigation.9 Thus, the ALJ found that Respondents knew or were in reckless disregard of the FLSA requirements when they engaged in the violations WHD found during the second investigation.10 Because the issue of the amount of CMPs for these violations was not resolved, the ALJ denied the motion for summary decision on this issue and scheduled a hearing.11 The ALJ held the hearing on February 23, 2016, after which Respondents and the Administrator filed post-hearing briefs.12

The ALJ analyzed the factors relevant for determining CMPs and concluded that the amount of the penalties should be reduced from $2,200.00 to $1,000.00. He reasoned that while the violations were serious, repeated, and willful, and Respondents failed to pay the back wages due at the end of the first investigation, mitigating factors weighed in favor of reducing the penalties, including the small size of Respondents' business and Zhang's provision of non-cash benefits.13 Respondents appealed the ALJ's orders to the ARB.

## JURISDICTION AND STANDARD OF REVIEW

**[*4]** The Secretary of Labor has delegated to the Board authority to issue final agency decisions under the



FLSA.[14] The FLSA, at 29 U.S.C.A. § 216(e)(4) , affords any party against whom civil money penalties have been assessed the opportunity to challenge any such assessment through administrative procedures, including a hearing, as established by the Secretary of Labor in accordance with the Administrative Procedure Act.

The APA provides, at 5 U.S.C.A. § 557(b) , that "[o]n appeal from or review of the initial decision, the agency has all the powers which it would have in making the initial decision . . . ." Thus, the Board reviews the ALJ's decision de novo, 5 U.S.C.A. §§ 554 , 557 , although on the record that was before the ALJ, 29 C.F.R. § 580.15 . The ARB also reviews de novo an ALJ's grant of a motion for summary decision, i.e., under the same standard that an ALJ employs. The Board is guided in its consideration by 29 C.F.R. § 18.72 (2017), governing an ALJ's grant of summary decision. Pursuant to 29 C.F.R. § 18.72(a) , the ALJ shall grant summary decision "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to decision as a matter of law."

## DISCUSSION

The issues before the ARB are: (1) whether the ALJ properly granted partial summary decision because the district court case established that Respondents repeatedly and willfully violated the FLSA and (2) whether the ALJ properly assessed $1,000.00 in CMPs for Respondents' FLSA violations.

The ALJ recognized that the U.S. District Court for the District of New Mexico had already found that (1) WHD conducted two investigations covering different time periods, (2) Respondents committed violations of FLSA sections 6 and 7 with regard to two employees in each of those two investigations, and (3) WHD informed Respondents about its findings after the first investigation (and Respondents agreed to pay the affected employees after the first investigation).[15] Analyzing the district court's findings and the FLSA regulations' definitions of willful and repeated, the ALJ found that Respondents' violations were repeated and willful.[16] Respondents appear to challenge these findings on appeal.[17] The Administrator argues that collateral estoppel prevents Respondents from relitigating these issues.

**[*5]** [1] Collateral estoppel, or "issue preclusion," concerns the effect a judgment has in foreclosing "relitigation of a matter that has been litigated and decided."[18] "Collateral estoppel applies in administrative adjudication."[19] We have held that collateral estoppel applies when: 1) the same issue has been actually litigated and submitted for adjudication; 2) the issue was necessary to the outcome of the first case; and 3) precluding litigation of the contested second matter does not constitute a basic unfairness to the party sought to be bound by the first determination.[20] We affirm the ALJ's determination that the district court case resolved the issue of whether Respondents violated FLSA sections 6 and 7 on two separate occasions. Collateral estoppel applies and the matter cannot be relitigated. We also affirm the ALJ's finding that Respondents' behavior was repeated and willful.



© 2022 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

FLSA section 16(e)(2) provides that "[a]ny person who repeatedly or willfully violates section 206 or 207 of this title [29 U.S.C.A. §§ 206 and 207 ] shall be subject to a civil penalty not to exceed $1,100 for each such violation."[21] Because the ALJ found that Respondents willfully and repeatedly violated these sections, civil money penalties were appropriate. The ALJ analyzed factors relevant to an assessment of civil money penalties.[22] He took into account the seriousness of the violations, their repeated and willful nature, and that Respondents failed to pay back wages as ordered at the end of the first investigation, and also the mitigating factors that Respondents are/have a small business and provided considerable non-cash benefits to the **[*6]** affected employees.[23] Based on these considerations, the ALJ determined that a reduction in the penalty WHD assessed was appropriate and ordered Respondents to pay the Prosecuting Party a total of $1,000.00. We affirm.[24]

### CONCLUSION

For the foregoing reasons, the ALJ's Decision and Order is **AFFIRMED**.
**SO ORDERED**.
TANYA L. GOLDMAN
Administrative Appeals Judge
PAUL M. IGASAKI
Chief Administrative Appeals Judge
LEONARD J. HOWIE III
Administrative Appeals Judge

---

fn
1 *ZL Rest. Corp., v. Adm'r, Wage & Hour Div., U.S. Dep't of Labor*, ARB No. 16-070 , ALJ No. *2013-FLS-004* (ALJ Dec. 29, 2015) (Order Granting Partial Summary Decision and Notice of Hearing), *ZL Rest. Corp., v. Adm'r, Wage & Hour Div., U.S. Dep't of Labor*, ARB No. 16-070 , ALJ No. *2013-FLS-004* (ALJ May 24, 2016) (D. & O. Reducing Civil Money Penalty, hereafter "D. & O.").

fn
2 D. & O. at 5-6.

fn
3 *Id.* Inflationary adjustments are annually made to the civil money penalties. *See, e.g.*, 29 C.F.R. § 578.1 (citing The Federal Civil Penalties Inflation Adjustment Act of 1990 (Pub. L. 101-410 ), as amended by the Debt Collection Improvement Act of 1996 (Pub. L. 104-134, section 31001(s) ) and the Federal Civil Penalties Inflation Adjustment Act Improvement Act of 2015 (Pub. L. 114-74, section 701 )).

fn
4 *Id.* at 1.

fn
  5 *Id.* at 2.

fn
  6 *Id.*

fn
  7 *Id.*

fn
  8 ALJ Order Granting Partial Summary Decision at 4.

fn
  9 *Id.* at 5.

fn
  10 *Id.*

fn
  11 *Id.*

fn
  12 D. & O. at 3.

fn
  13 *Id.* at 11-12.

fn
  14 Secretary's Order No. 02-2012 (Delegation of Authority and Assignment of Responsibility to the Administrative Review Board), 77 Fed. Reg. 69,378 (Nov. 16, 2012).

fn
  15 ALJ Order Granting Partial Summary Decision at 4.

fn
  16 *Id.* Repeated violations occur when an employer has previously violated section 6 or 7 of the Act when it had notice that it was in violation of the Act, and willful violations occur when the employer knew that the Act prohibited its conduct or showed reckless disregard for the provisions of the Act. 29 C.F.R. § 578.3(b) and 29 C.F.R. § 578.3(c)(1) , respectively. The ALJ also found that while Respondents agreed to pay back wages after the first investigation, they did not do so. D. & O. at 12.

fn
  17 The Administrator argues that the Board should dismiss Respondents' petition for review because they failed to adequately identify any issues on appeal or provide any supporting argument. Br. at 13. As the Board liberally construes the filings of pro se litigants, we deny this request. *See, e.g.*, *Droog v. Ingersoll-Rand Hussman*, ARB No. 11-075 , ALJ No. *2011-CER-001* , slip op. at 3 (ARB Sept. 13, 2012).

[fn] 18 *Hasan v. Sargent & Lundy*, ARB No. 05-099 , ALJ No. *2002-ERA-032* , slip op. at 6-7 (ARB Aug. 31, 2007) (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984)).

[fn] 19 *Hasan*, ARB No. 05-099 , slip op. at 7 (citation omitted).

[fn] 20 *Id.* (citations omitted).

[fn] 21 29 U.S.C.A § 216(e)(2) ; *see also* 29 C.F.R. § 578.3(a) .

[fn] 22 D. & O. at 11-12 (discussing factors referenced in 29 C.F.R. § 578.4 ).

[fn] 23 *Id.*

[fn] 24

# General Information

| | |
|---|---|
| **Case Name** | DOL v. ZL Rest. Corp. |
| **Date Filed** | Wed Jan 31 00:00:00 EST 2018 |
| **Judge(s)** | Leonard J. Howie, III; Tanya L. Goldman |
| **Citation** | 2018 BL 42834; ALJ No. 2016-FLS-4; ARB No. 16-70; 27 WH Cases2d 1241; DK:BNA a0n8p9w0q8; DK:BNA decrefXIPL1C8G000N |
| **Parties** | Administrator, Wage and Hour Division, U.S. Department of Labor; Famous Wok; Lixin Zhang; ZL Restaurant Corporation |
| **Topic(s)** | Employment Law; Civil Procedure; Damages & Remedies |