IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARTIN J. WALSH,<br>SECRETARY OF LABOR,<br>U.S. DEPARTMENT OF LABOR,<br><br>Plaintiffs,<br><br>v.<br><br>PACKERS SANITATION SERVICES,<br>INC., LTD.,<br><br>Defendant. | CIVIL ACTION NO. 4:22-CV-3246 |

## DECLARATION OF MARINA RAMIREZ

I, Marina Ramirez, hereby declare that the statements made in this Declaration, pursuant to 28 U.S.C. § 1746, are true and correct to the best of my knowledge and belief. I understand that false statements made herein are subject to the penalties of perjury and state as follows:

1. I am currently employed in the position of Site Manager with Packers Sanitation Services, LLC ("PSSI" or "Company") at the JBS Grand Island facility located at 555 South Stuhr Road in Grand Island, Nebraska ("Facility").

2. I am over 18 years of age, I am a resident of the State of Nebraska, and I am competent to testify to the matters stated in this declaration, and if called and sworn as a witness, I could and would testify competently and truthfully to the matters stated in it.

3. I have not been promised any benefit, or been coerced or threatened in any manner in exchange for the testimony in this declaration. I have been specifically informed that I am free to provide or decline to provide any information relating to the paragraphs below.

4. I make this declaration voluntarily and of my own free will.

5. I have worked in the role of Site Manager at two different PSSI locations. I worked for PSSI in Denver, Colorado from approximately 2014 through 2018. I voluntarily left PSSI in 2018 and returned as Site Manager in Grand Island, Nebraska on or around May 9, 2022.

6. I was at the Facility on the night that the U.S. Department of Labor investigators arrived at the gate with a search warrant. The investigators asked if PSSI had an office space at the Facility and we told them PSSI did not, as the Facility belongs to JBS and not PSSI.

7. The investigators did immediately take my personal cell phone out of my hands even though I was not using it at the time, and did not return it until the next day. They never asked me if my cell phone was used for work purposes and I never told them my cell phone was a PSSI work phone. No one ever asked me to call an investigator so they had my cell phone number in their phone and, in fact, I was not in possession of my cell phone while they were at the Facility.

8. I believed that I was allowed to review a search warrant prior to allowing them access to the floor, so I did request time to read it so I understood the purpose of the investigation. The investigators pushed to enter the floor immediately and did not want to give us time to read the search warrant. The investigators also resisted waiting until they were properly suited with personal protective equipment ("PPE") before entering the floor but ultimately agreed to don PPE before beginning the tour. Although I am a manager, they also interviewed me outside the presence of Company attorneys and did not give managers time or opportunity to contact PSSI's attorneys.

9. Once they all donned appropriate PPE, I took half the group with me to tour one side of the Facility while Pedro Montanez took the second half of the group to tour the other side of the Facility. I led investigators to the Harvest side, which is broken into four main areas. There are only a total of approximately 60 PSSI employees who sanitize these four areas. In areas one and two, there are approximately 20 workers, and in areas three and four, there are approximately

40 workers. I did not take any investigators to the Fabrication side or any location they identified as "new fab" in their declarations.

10. The tour took approximately an hour but it was not because PSSI "stall[ed]" or "delay[ed]" the tour. The tour took time because the four areas were quite large in size and the floor contained animal carcass and blood. They needed to walk carefully and slowly while navigating these areas so they did not slip and fall. The tour also took approximately an hour to complete because investigators kept stopping to take photographs or interview PSSI employees during the tour.

11. In my observations of the investigators, they spoke fluent Spanish with PSSI employees and kept asking them to repeat their age and date of birth. When PSSI employees answered their questions, the investigators would display hostility and challenge them by saying, "Are you sure it's your birthdate?" or "Are you sure that's your age?"

12. I have no knowledge of any PSSI employee deleting or destroying information related to the investigation by the U.S. Department of Labor, including on the night that they inspected the Facility. To my knowledge, we gave them everything that they asked for, including all documents and electronic devices that they requested.

13. I am also part of the hiring process at the Facility for PSSI employees. I interview candidates at the PSSI office location for a Food Service Team Member position at the Facility. I have never knowingly hired or heard of anyone hiring an employee under the age of 18 years old to work for PSSI at the Facility. Upon making an offer of employment, I always ask for identification and verify that the identification reasonably appears to be genuine and relates to the employee. We require each employee to submit government-issued identification that lists the employee's date of birth. On the few occasions where I determined that the identification did not

reasonably appear to be genuine or relate to the employee, I terminated their employment but those situations did not involve employees under the age of 18 years old.

14. I am new to the Facility and have not yet met all the PSSI employees but I have no knowledge of any employee, who was later alleged to be under the age of 18 years old, disclosing they received a chemical burn or other injury at PSSI. I also have no knowledge of any employee disclosing they worked while underage at PSSI with a sibling, or they were in high school while working at PSSI.

15. Before signing this declaration, I was provided with a full opportunity to carefully review this Declaration and freely make any corrections and additions of any kind.

Dated: 11/29/22

Marina Ramirez