IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARTIN J. WALSH,<br>SECRETARY OF LABOR,<br>U.S. DEPARTMENT OF LABOR,<br><br>Plaintiffs,<br><br>v.<br><br>PACKERS SANITATION SERVICES,<br>INC., LTD.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. 4:22-CV-3246 |

## DECLARATION OF LINDA RODRIGUEZ

I, Linda Rodriguez, hereby declare that the statements made in this Declaration, pursuant to 28 U.S.C. § 1746, are true and correct to the best of my knowledge and belief. I understand that false statements made herein are subject to the penalties of perjury and state as follows:

1. I am currently employed in the position of Office Coordinator with Packers Sanitation Services, Inc. Ltd. ("PSSI" or "Company") at the storefront office located at 515 W. 3rd Street in Grand Island, Nebraska.

2. I am over 18 years of age, I am a resident of the State of Nebraska, and I am competent to testify to the matters stated in this declaration, and if called and sworn as a witness, I could and would testify competently and truthfully to the matters stated in it.

3. I have not been promised any benefit, or been coerced or threatened in any manner in exchange for the testimony in this declaration. I have been specifically informed that I am free to provide or decline to provide any information relating to the paragraphs below.

4. I make this declaration voluntarily and of my own free will.

5. I have worked in the role of Office Coordinator since approximately November 4, 1998 and I perform several administrative tasks in that capacity, including ordering supplies, taking inventory, facilitating payroll for employees, and making schedule changing to sync the plant time clock with employees working. I also assist applicants through the hiring process by scheduling interviews with supervisors and providing applicants with a Chrome identification number so they may complete their applications.

6. If applicants are given conditional offers of employment following their interviews, I give them new hire documentation to complete and I review their photo identification for the purpose of completing Section Two of their Form I-9.

7. In reviewing the employee's identification to complete Section Two of the Form I-9, I make a photocopy of the identification and electronically scan that documentation into PSSI's corporate office so that the Company may run the candidate through E-Verify. If they pass through the E-Verify system and are verified for hire, I receive electronic notice of their authorization of employment from the corporate office. Subsequently, I proceed with the hiring process and set up the employee for orientation and training at the plant location.

8. If they are not authorized for hire, I will receive a notice of Tentative Nonconfirmation ("TNC") from the corporate office. At that time, I provide the employee with a copy of the TNC letter and advise them not to go to the plant location. I also notify the employee of their ability to contest the TNC with the Social Security Administration and the timing for doing so. If the employee is able to correct the TNC, I proceed with the onboarding process by scheduling their orientation and training at the plant. If the employee is unable to correct the TNC or does not return to PSSI within the requisite time period to contest the TNC, the Company proceeds with an immediate termination of employment.

9. In October 2022, I was present at PSSI's office in Grand Island when individuals entered the premises with badges, identification and cards from the U.S. Department of Labor, Wage and Hour Division. They took control of my office and computer and made me leave the room.

10. They demanded to know if I had a cell phone with me at the office. I told them that I only had a personal cell phone and I did not bring it into the office with me. I told them they could search my purse if they did not believe me. They stopped asking for my cell phone after I made the offer to look in my purse.

11. They also wanted to know where I kept the photocopies of identification and social security cards for employees. I explained that those records are not kept at the office and are electronically sent to the corporate office after I shred the original photocopies. They also asked me about any accident records for employees and I explained that those records are also not kept on the premises and they would need ask PSSI's corporate location for any such documentation. They made repeated requests for identification documentation and accident records even though I told them those were not kept at this office location.

12. Even though I was cooperating with their investigation and answering their questions, they threatened to return with a subpoena for the employee identification and safety records. I told them I would get them anything they asked for if the records were here, but we did not keep the records they wanted at the PSSI office location in Grand Island.

13. One woman from the U.S. Department of Labor sat at my computer the entire time she was in the PSSI office and downloaded a mirror copy of the hard drive on my computer. The other woman from the U.S. Department of Labor searched the premises and demanded to know what I was doing at all times. At one I point, I was trying to keep myself busy by transferring

supplies from the storage room into the supply room, and they questioned me for stocking supplies. When I told them what I was doing, they proceeded to search the storage and supply rooms.

14. Even though I explained we did not keep employee hiring documentation on premises, they demanded to know where the employee identification "papers" were kept, and searched file cabinets and my desk drawers looking for such records. They took photographs of my desk drawers and they searched the file cabinets, which mostly contained various safety equipment and PPE. The limited written employment documentation we had on the premises involved employee performance, pay adjustment and training records.

15. The U.S. Department of Labor stayed in the PSSI Grand Island office location from approximately 8:30 a.m. until 2:00 p.m. searching for employee identification and accident records that were not there.

16. I have no knowledge of PSSI ever knowingly hiring or employing anyone under the age of 18 years old to work as a Food Safety Team Member.

17. I have no knowledge of any employee, who was later alleged to be under the age of 18 years old, disclosing they received a chemical burn or other injury at PSSI.

18. Before signing this declaration, I was provided with a full opportunity to carefully review this Declaration and freely make any corrections and additions of any kind.

Dated: 11/30/22

Linda Rodriguez