IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARTIN J. WALSH, ) | | |
| SECRETARY OF LABOR, ) | | |
| U.S. DEPARTMENT OF LABOR, ) | | |
| Plaintiff, ) | CIVIL ACTION FILE | |
| ) | NO. 22-cv-03246-JMG-SMB | |
| v. ) | | |
| ) | | |
| PACKERS SANITATION SERVICES, ) | | |
| INC. LTD., ) | | |
| Defendants. ) | | |

### DECLARATION OF NANCY ALCANTARA

I, Nancy Alcantara, declare under penalty of perjury, as prescribed in 28 U.S.C. § 1746, that the following is true and correct:

1.  I am the Acting Director of Enforcement for the Wage and Hour Division's Midwest Regional Office. I hereby incorporate all relevant portions of my November 7, 2022 declaration. See ECF Doc. No. 3-1.

2.  The statements made herein are based on my training and experience, my personal knowledge, and observations made during the course of this investigation, as well as conversations with representatives and employees of Defendant Packers Sanitation Services, Inc., LTD ("PSSI") in this matter.

3.  Under Wage and Hour's policy, an employer may not rely on Form I-9 Employment Eligibility Verification to verify a minor's age for compliance with section 12 of the FLSA.

4.  Wage and Hour's internal policies permit and encourage surveillance where it would otherwise be difficult to obtain information through other means, such as in trying

**EXHIBIT 2**

to determine hours worked by employees or any child labor activity. Often in such instances, evidence may best be obtained through surveillance activities.

5. On October 12, 2022, I conducted surveillance of the PSSI storefront located at 515 W 3rd Street in Grand Island, Nebraska.[1] I observed a main desk on the left-hand side and a large waiting area to the right with chairs lined against the front windows. I also observed a "Now Hiring" sign by the main window. The sign advertised work for a third shift at $19 an hour.

6. I entered the storefront and walked into the reception area. I observed one Hispanic female appearing to be in her mid to late forties working inside a small office on the left-hand side of the building. She later identified herself as Linda Rodriguez.

7. I inquired about the hiring sign and asked what the work entailed. Ms. Rodriguez explained they were hiring for two positions: "detalladores" and "con manguera." This translates into "detailers" and "with a hose." She explained the "detailers" mainly cleaned by hand, while those "with a hose" cleaned with a power washer. Ms. Rodriguez stated all work was performed at the JBS plant, and their storefront location did not have contracts elsewhere. I asked if they had any other positions available, such as clerical or office work, to which she replied they did not.

8. When I asked how the application process worked, Ms. Rodriguez said to go online and start the application there. She said there was a backlog of applicants, and that she was just reviewing and interviewing applicants received in August and September of 2022. She said no work experience was needed. When I asked what type of documentation was required as part of the hiring process, she said not to worry about that.

---

[1] I began my surveillance at PSSI's prior storefront location, at 122 W. 3rd Street in Grand Island at 12:20 p.m. I did not observe any activity there, so I proceeded to the location at 515 W. 3rd Street.

She said, "Just start the application online and we can take it from there." Ms. Rodriguez stated the application could be completed by anyone and could be completed on another person's behalf. She said, "Just make sure to tell us if they are receiving public assistance or any other government-issued benefits, such as workmen's compensation or unemployment."

9. I also inquired about the method of pay. She said bank accounts were not needed, because they offered both direct deposit and a pay card for those who did not have a bank account. Ms. Rodriguez also explained applicants could apply in-person or by sending a text to PSSI. She said the storefront was open Monday through Friday, 8:00 a.m. to 4:00 p.m.

10. The warrant executed by U.S. Magistrate Judge Michael D. Nelson of the District of Nebraska authorized Wage and Hour to inspect and enter the beef production facility at 555 South Stuhr Road, Grand Island, NE 68801, operated by JBS USA, and expressly allowed Wage and Hour to "physically remove any such records or electronic storage media" used "in the operation of PSSI's business or containing records of documents related to PSSI's business and employees" to allow for the "imaging and off-site searching for such records[.]" The warrant also instructed that "[w]here access to such records requires account information, such as user names, passwords, and other authentication, PSSI shall provide such information to permit access to the records for the purposes of this inspection."

11. On October 13, 2022, at or around 6:45 a.m., during the execution of the warrant at the Grand Island JBS facility, I asked both Gregorio Acosta and Marina Ramirez if the phones in their hands were the phones they used for work. They both replied, "Yes."

I asked them to call my work cell to confirm I had their telephone number. After I received calls from both, I took temporary possession of their telephones.[2] I also requested the supervisors' password and/or pin given they were locked.

12.  I took the cell phones to one of the JBS conference rooms. I sought legal advice to confirm whether access to the cell phones was permissible. PSSI's legal counsel was contacted to confirm whether PSSI issued work phones to their supervisors. I did not access the cell phones, as I did not receive a response from PSSI legal counsel while at the JBS plant.

13.  The cell phones for all supervisors were returned the same day. The phones were never inspected or accessed by Wage and Hour.

14.  PSSI had the search warrant in their possession for about an hour before we were allowed to start the tour of the facility. The physical hardcopy was given to PSSI at the plant upon entry at 2:00 a.m. and an email version was also sent to Mary Morris.

15.  As part of the tour with Marina Ramirez, she stated she was taking us into a fabrication area called "New Fab." Ms. Ramirez explained there were seventeen workers in this area. During the tour, Marina explained the areas and number of workers in each of the areas. After the tour was completed, a request for a formal interview was made. Ms.

---

[2]As I explained in my prior declaration:

> I was advised that PSSI supervisors at the JBS facility were in possession of PSSI-work related information on their cellular phones. I called WHI Phelan to continue to take pictures of the computer screen, while I spoke to PSSI supervisors about the cell phones. I made contact with Ms. Ramirez and Mr. Acosta. Both supervisors confirmed the phone in their hands was their PSSI work phone. I requested they both call me so that their phone number could be registered in my work cell phone.

ECF Doc. No. 3-1 at ¶ 27.

Ramirez also made requests to delete pictures taken by myself and other investigators during the tour.

16. On October 13, 2022, during the execution of the warrant, Wage and Hour Investigator Thomas Phelan requested an interview of Marina Ramirez. I observed Marina Ramirez waiting outside a conference room in the JBS office, while WHI Phelan performed other investigation activities. However, PSSI legal counsel subsequently requested to be present for supervisor interviews. Wage and Hour was not able to coordinate Marina Ramirez's interview with PSSI's legal counsel during the execution of the warrant. As a result, Wage and Hour did not conduct an interview of Marina Ramirez.

17. On the morning of October 13, 2022, Wage and Hour removed four binders from PSSI's possession from the Grand Island JBS facility during the execution of the warrant. On the morning of October 14, 2022, we returned the four binders to Marina Ramirez. The Receipt for Records Removed from the Employer's Premises was filed with the return in the warrant docket showing the return of four binders of documents. This document is page 13 of Exhibit 8, which was attached to the Secretary's original brief. See ECF Doc. No. 3-8 at p. 13.

Executed on this 5th day of December, 2022.

NANCY ALCANTARA
Digitally signed by NANCY ALCANTARA
Date: 2022.12.05 07:10:54 -06'00'

NANCY ALCANTARA
Acting Director of Enforcement
Wage and Hour Division
U.S. Department of Labor