IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARTIN J. WALSH, SECRETARY OF LABOR U.S. DEPARTMENT OF LABOR, Plaintiff, v. PACKERS SANITATION SERVICES, INC., LTD., Defendant. | No. CV: 4:22-CV-03246 <br><br> **BRIEF IN SUPPORT OF DEFENDANT'S OBJECTIONS TO AND MOTION FOR RECONSIDERATION OF THE MAGISTRATE JUDGE'S NOVEMBER 21, 2022 ORDER, PURSUANT TO 28 U.S.C. §636(b)(1)(A) and FED. R. CIV. P. 72 (a)** |

## I.    INTRODUCTION

In support of his Motion for Temporary Restraining Order and Preliminary Injunction (the "Preliminary Injunction Motion"), the Secretary relied on third-party information, to which PSSI does not have, and has never had access to, in support of his assertions that PSSI allegedly employed minors in violation of the FLSA. (*See, e.g.* Filing # 3, 3-1 to 3-13 (referencing school registrations, profiles, pictures, records (subpoenaed and provided), and statements by school officials; birth certificates; witness statements; police or law enforcement reports; emergency contact and parents' names and phone numbers).

PSSI filed a Motion for Expedited Discovery, Scheduling Order, and Continuance of Preliminary Injunction Hearing ("Motion for Expedited Discovery") (Filing # 9). In his Opposition to PSSI's Motion for Expedited Discovery (the "Opposition"), the Secretary justified withholding the information and documents requested by PSSI on the grounds of the "government's privilege to protect from disclosure the names of confidential informants." (Filing # 14, p. 5).

On November 21, 2022, Magistrate Judge Bazis issued an Order allowing the Secretary to withhold his evidence from PSSI, with the exception of any evidence that he may use at the December 7th Preliminary Injunction hearing. (ECF Doc. No. 20, p. 4).[1]

As set forth below, the November 21st Order erred in allowing the Secretary to use evidence it is withholding as privileged against PSSI . Furthermore, the Secretary failed to properly assert the informant's privilege in accordance with Supreme Court precedent and the Secretary's own rules. The Secretary is seeking to ask the Court to rely on the underlying withheld evidence presented through declarations in support of his Preliminary Injunction Motion, without providing PSSI basic information necessary for it to investigate and respond to the DOL's contentions, and to enable it to address any compliance concerns under the FLSA. It was clearly erroneous and contrary to law for the November 21st Order to permit the Secretary to assert the informant's privilege without following the proper procedures. It was also clearly erroneous and contrary to law to permit the Secretary to use evidence against PSSI that he is withholding as privileged.

PSSI makes this motion to satisfy its obligations under Fed. R Civ. P. 72 and to adequately preserve future arguments. PSSI, however, also raised its arguments concerning the Secretary's use of the informant's privilege in its Brief in Opposition to the Secretary's Motion for Preliminary Injunction Order. (Filing # 38, p. 33-36.)

## II. ARGUMENT

### A. Motion for Reconsideration Standard.

Pursuant to 28 U.S.C. § 636(b)(1)(A), "a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court," except for certain specified matters. The judge "may reconsider any pretrial matter under this subparagraph (A) where it has been

---

[1] Judge Bazis subsequently issued an Amended Order (Doc. No. 23) (hereafter the "Order"), to correct a typo in the original Order.

shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

> When a party objects to a magistrate judge's order on a nondispositive pretrial matter, a district court may set aside any part of the order shown to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); *see* 28 U.S.C. § 636(b)(1)(A). A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Chase v. Comm'r*, 926 F.2d 737, 740 (8th Cir. 1991) (*citing United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). An order is contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure. *Haviland v. Catholic Health Initiatives-Iowa, Corp.*, 692 F. Supp. 2d 1040 (S.D. Iowa 2010) (internal quotation marks omitted).

*Bachman v. Bachman*, 8:19CV276, at *1 (D. Neb. Dec. 9, 2019) (internal quotation marks omitted).

> Under the Federal Magistrate Act, 28 U.S.C. § 636(b)(1), if a party files written objections to the magistrate judge's proposed findings and recommendations, the district court is required to 'make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.' *Id.* The court may 'accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.' *Id*.

*Wetch v. Crum & Forster Commercial Ins.*, CIV. 17-5033-JLV, at *4 (D.S.D. Feb. 25, 2020).

  **B.** **The November 21ˢᵗ Order Erred in Allowing the Secretary to Invoke the Informant's Privilege, Despite his Failure to Follow the Mandated Requirements for Asserting a Governmental Privilege Before the Court.**

The Secretary failed to comply with the mandatory process for invoking the informant's privilege.

In order to assert a governmental privilege before the Court, the Secretary must follow specific procedures set out by the Supreme Court. Specifically, "[t]here must be a formal claim of privilege, lodged by the head of the department which has control over the matter, after actual

3

consideration by the officer." *United States v. Reynolds*, 345 U.S. 1, 7–8 (1953); *see also Martin v. Albany Business Journal, Inc.* 780 F. Supp. 927 (N.D.N.Y. 1992) (collecting cases). Pursuant to the Secretary of Labor's own order in the Federal Register:

> In order to properly assert a Governmental privilege before a court, *a formal claim of privilege must be filed by affidavit or declaration*. The formal claim must: (1) Be made by a high-level agency official to whom such authority has been properly delegated under this Order; (2) contain a description of the privileged material sufficient to permit a determination as to whether the claim of privilege is properly asserted; (3) state the reasons disclosure of the materials would cause harm; and (4) state that the invocation of the privilege is based on personal consideration by the delegated official.

71 Fed. Reg. 67024 "Secretary's Order 16-2006; Invoking Governmental Privileges" (emphasis added).

**Pursuant to the Secretary's delegation of authority, in cases under the FLSA, the Administrator of the Wage and Hour Division must submit an affidavit or declaration to the Court, which meets all elements described above, in order to claim the informant's privilege.** The Secretary has already relied on the undisclosed statements and documents, and has failed to properly assert the privilege before this Court. The Secretary was required to formally assert the informant's privilege, following the rules set forth above, when he filed his motion. It is clear error to allow the Secretary to withhold documents pursuant to the privilege when he did not follow any of the required procedures to claim the privilege.

### C. The November 21ˢᵗ Order Erred in Allowing the DOL to Use the Informant's Privilege as a Both a Sword and a Shield.

PSSI is entitled to the statements the DOL possesses because the Secretary has already presented information about the contents of those statements, and has relied upon them as the basis for the preliminary injunctive relief he seeks.

In *MedStaffers*, 2021 WL 5505825, at *5, the court observed "serious fairness concerns" that exist when the Secretary attempts to block a defendant from discovering information necessary to respond to a motion for preliminary injunction, stating:

> Secretary Walsh cannot have his cake and eat it too. The Department has a choice when it comes to the informer's privilege: it can invoke the privilege and keep the information to itself, *forgoing reliance on that evidence to meet its burden of proof*, or it can waive the privilege and enter the information into evidence … **What the Department cannot do is pursue the extraordinary remedy of a preliminary injunction by relying on evidence it refuses to disclose to defendants**. Accordingly, we will not consider the materials submitted to the court *in camera* in our preliminary injunction ruling.

*Id*. (emphasis added); *see also Gen. Dynamics Corp. v. Selb Mftg. Co*., 481 F.2d 1204 (8th Cir. 1973) (holding the privilege against self-incrimination "must not be used as a 'sword and a shield' where affirmative relief is voluntarily sought by a party"); *Benson v. City of Lincoln*, Case No. 4:18CV3127, 2022 WL 426563, at *9 (D. Neb. Feb. 11, 2022) (noting a party cannot use the attorney-client privilege "as both a sword and a shield," by claiming in its defense that it relied on counsel's advice, while claiming that advice is privileged).

In the present proceeding, the Secretary has submitted declarations to this Court containing hearsay and double hearsay statements of its investigators describing the alleged statements of underlying witnesses and the contents of documents not in the record. In other words, the Secretary expects PSSI and the Court to simply accept its multi-level hearsay representations. The Secretary

fails to provide PSSI with any notice, opportunity to review any evidence the Secretary has against PSSI, or an opportunity to investigate or respond to the evidence because PSSI does is not in possession of it. It is clear error and contrary to law to allow the Secretary to do this. The Secretary can either withhold the evidence as privileged or use the evidence in this matter – he cannot do both.

### III.   CONCLUSION

For the foregoing reasons, PSSI respectfully requests that the Court reconsider the November 21st Order and its failure to consider the Secretary's misuse of the informant's privilege.

Respectfully submitted,

*s/Patrick M. Dalin*
J. Randall Coffey
**FISHER & PHILLIPS LLP**
46 Penn Centre
4622 Pennsylvania Avenue, Suite 910
Kansas City, MO 64112
Phone:  (816) 842.8770
Facsimile:  (816) 842.8767
Email: rcoffey@fisherphillips.com

Patrick M. Dalin
**FISHER & PHILLIPS LLP**
Two Logan Square
100 N. 18th Street, 12th Floor
Philadelphia, PA 19103
Phone: (610) 230-6112
Facsimile: (610) 230-2151
Email: pdalin@fisherphillips.com
*Admitted Pro Hac Vice*

and

Gillian G. O'Hara #22414
**KUTAK ROCK LLP**
The Omaha Building
1650 Farnam Street
Omaha, NE 68102-2186

6

Phone: (402) 346.6000
Facsimile: (402) 346.1148
Email: gigi.ohara@kutakrock.com

ATTORNEYS FOR DEFENDANT
PACKERS SANITATION SERVICES, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2022, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system, which sent notification of such filing to the following attorneys registered with the CM/ECF system:

Ambriel Renn-Scanlan
Traci Martin
Laura O'Reilly
U.S. Department of Labor
Office of Solicitor
2300 Main, Suite 10100
Kansas City, MO. 64108

*s/ Patrick M. Dalin*
Patrick M. Dalin