**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| MARTIN J. WALSH,<br>SECRETARY OF LABOR<br>U.S. DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>PACKERS SANITATION SERVICES, INC., LTD.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION FILE<br>NO. 4:22-CV-03246 |

**CONSENT ORDER AND JUDGMENT**

This Consent Order and Judgment resolves a civil action filed in this court by Plaintiff Martin J. Walsh, Secretary of Labor, U.S. Department of Labor (hereinafter the "Department of Labor" or the "Secretary") to enforce the provisions of 12(c), 15(a)(4) and 17 of the Fair Labor Standards Act of 1938, as amended (hereinafter "the FLSA" or "the Act"), 29 U.S.C. §§ 212(c), 215(a)(4) and 217, against Packers Sanitation Services, Inc., LTD, which does business as Packers Sanitation Services, LLC in the State of Nebraska (hereinafter "PSSI" or the "Defendant"). The Secretary filed this action alleging that Defendant violated the child labor provisions of the FLSA, 29 U.S.C. §§ 212(c) and 215(a)(4). Defendant stipulates that it is an employer subject to the FLSA. Defendant consents to the entry of the judgment below.

Defendant admits and the Court finds Defendant, and its operations throughout the United States, is engaged in related activities performed through unified operation or common control for a common business purpose and is an "enterprise" under 29 U.S.C. § 203(r) of the FLSA.

Defendant admits and the Court finds Defendant is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(1)(A) of the FLSA.

Defendant admits and the Court finds Defendant is an employer as defined in 29 U.S.C. § 203(d) of the FLSA and that the Court has jurisdiction over this matter and Defendant.

It is hereby ORDERED, ADJUDGED and DECREED that Defendant PSSI, its agents, servants, employees, and all persons in active concert or participation with PSSI who receive actual notice hereof, are permanently enjoined from violating sections 12(c) and 15(a)(4) of the FLSA, in any of the following manners, at each of its workplaces throughout the United States of America, including any establishment where Defendant sends its employees to work,

1. Defendant, its officers, agents, servants, and all persons acting or claiming to act on its behalf and interest, shall not, contrary to the provisions of §§ 12(c) and 15(a)(4) of the Act, 29 U.S.C. §§ 212(c) and 215(a)(4), and any provision of 29 C.F.R. Part 570, engage in oppressive child labor as defined by Section 203(l), including but not limited to, employing any individual in violation of the age, hours, or occupational restrictions set forth in Part 570, at any of Defendant's facilities in the United States.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, pursuant to section 17 of the FLSA that Defendant, its officers, agents, servants, and all persons acting or claiming to act on its behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of sections 11(c) and 15(a)(5) of the FLSA, in any of the following manners, at each of its workplaces throughout the United States of America:

2. Defendant, its officers, agents, servants, and all persons acting or claiming to act on its behalf and interest, shall make, keep, and preserve records showing the wages, hours and other conditions of work for each of its employees in accordance with 29 U.S.C. § 211(c), including accurate records of the date of birth of all employees under the age of 19 in accordance

with 29 C.F.R. § 516.2(a)(3). Defendant shall make such records available to representatives of the Secretary within 72 hours following notice from the Administrator, unless otherwise specified.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that:

3. Defendant will review and enhance its existing policies and training materials for all employees that relate to compliance with the child labor provisions of the FLSA and the regulations promulgated thereunder, and will incorporate such changes in its management training program and training for any employee engaged in on-boarding or hiring new employees. Defendant will have such training materials properly translated for employees with limited English proficiency.

4. Within 90 days of the entry of this Consent Order and Judgment, Defendant will hire a third-party consultant or compliance specialist (hereinafter the "compliance specialist") with knowledge and experience in the requirements of compliance with the FLSA's child labor provisions to provide quarterly child labor compliance training to all management personnel for a period of three years; thereafter annual training will be provided and new managers will be trained as part of their onboarding process. The compliance specialist could also present W&H's child labor Powerpoint, available on their website. Prior to any training, the compliance specialist shall work with Defendant to review and revise as necessary Defendant's policies and procedures to assist Defendant in complying with the FLSA's child labor provisions and Defendant shall confer with the compliance specialist regarding all recommended changes to its policies and procedures.

5. The compliance specialist also shall monitor and audit Defendant's compliance with the child labor provisions of the FLSA for a period of three years and shall report any concerns regarding non-compliance with these provisions to the Company's designated compliance official. Monitoring shall include periodic site visits of at least 6 facilities of the compliance specialist's choosing on a quarterly basis (with notice only to the Company designated compliance official so

that appropriate arrangements can be made for entrance to a client facility), review of records, interviews of managers and employees, evaluation of training procedures, and additional reasonable steps as determined by the compliance specialist. In instances in which the compliance specialist has concerns about suspected minors, forms I-9, or copies of documents presented at the time of completion of the forms I-9, cannot be used as the basis to show compliance or to come into compliance, with Section 12 of the FLSA. Defendant will provide the results of the compliance specialist's audits within one week of its completion to Wage and Hour via its online document sharing system, for a period of three years.

6. Following retention of the compliance specialist, Defendant shall have 30 days to include a child labor provision in its contract template provided to clients, for newly-executed contracts which would be executed after entry of this Order, with the name and contact information of the compliance specialist for any questions or concerns regarding potential child labor at their establishment and attach Fact Sheet #43 on Child Labor in Non-Agriculture Occupations.

7. Defendant shall impose sanctions, including termination and/or suspension, upon any management personnel responsible for child labor violations after the date of this Order.

8. Within 45 days after the entry of this Consent Order and Judgment, Defendant shall notify the Department of Labor of each individual under 18 years of age whose employment was terminated after the date of the entry of this Consent Order and Judgment

9. Plaintiff specifically reserves the right to investigate Defendant's future compliance with the terms of this Consent Judgment and any subsequent claims of Defendant employing oppressive child labor.

10. By entering into this Consent Order and Judgment, Plaintiff also does not waive his right to complete his investigation for the assessment of civil money penalties pursuant to 29 U.S.C. § 216(e) in relation to this investigation, which shall occur within 90 days of the date of this Order.

11. Defendant agrees that it shall not take any retaliatory action against any of their employees, including family members of minor children employed by Defendant, in violation of 29 U.S.C. §215(a)(3) of the FLSA because an employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to the FLSA, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee. Prohibited retaliatory action, includes but is not limited to, reporting or threatening to report, directly or indirectly, any such individual to law enforcement agencies based on their actual or perceived immigration status, or initiating an internal I-9 audit or other reverification process for the purpose of retaliating against workers. It shall not be considered a retaliatory action to terminate any individual who is determined to be a minor on the basis, in whole or in part, of a review of Company-maintained documentation or otherwise.

12. Defendant shall post this Consent Order and Judgment at each of its own facilities where employee notices are customarily posted and it shall remain posted for a period of not less than 60 days. Defendant shall provide the Department of Labor publication Fact Sheet # 43 regarding the child labor provisions of the FLSA to each of its employees, in the language used by the employee, to the extent such translation is available on the Department of Labor's website, and shall otherwise maintain all existing postings required by the Department of Labor.

13. For six months (180 days) following the issuance of this order, the Department of Labor shall promptly notify Defendant in writing of any individuals it believes to be employed in

violation of the child labor provisions of the FLSA and/or of any other alleged violation of this Consent Order and Judgment. Defendant shall have ten days or any such longer period agreed upon by the parties to cure any such violation, before the Department of Labor proceeds with any action for contempt of this Consent Order and Judgment.

14. During the three year tenure of the compliance specialist referenced in paragraphs 4 and 5, Defendant shall have ten days to cure any child labor violations the compliance specialist finds. In the event that Defendant cures any alleged violations of which it is notified by the compliance specialist during this three year period, such alleged violations shall not serve as the basis for a contempt action of this Consent Order and Judgment or the assessment of civil money penalties pursuant to 29 U.S.C. § 216(e). This paragraph does not become effective until the 90 day investigatory period is over as referenced in paragraph 10 above.

15. Each party shall bear such other of its own costs and attorney's fees and expenses incurred by such party in connection with any stage of this case, including but not limited to, attorney's fees which may be available under the Equal Access to Justice Act, as amended.

ORDERED this 6th day of December 2022.

John M. Gerrard

JOHN M. GERRARD
UNITED STATES DISTRICT JUDGE

Entry of this judgment

is hereby consented to:

Dan Taft
Chief Executive Officer
For Packers Sanitation Services, Inc., Ltd.

*s/ J. Randall Coffey*
J. Randall Coffey
Fisher & Phillips LLP
4922 Pennsylvania Ave., Suite 910
Kansas City, MO 64112
(816) 842-8770
rcoffey@fisherphillips.com

Patrick M. Dalin
Fisher & Phillips LLP
Two Logan Square
100 N. 18th Street, 12th Floor
Philadelphia, PA 19103
(610) 230-6112
pdalin@fisherphillips.com
*Admitted Pro Hac Vice*

Gillian G. O'Hara
Kutak Rock LLP
1650 Farnam Street, The Omaha Building
Omaha, NE 68102
(402) 346-6000
gigi.ohara@kutakrock.com

Attorneys for Defendant

APPROVED:

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**

Regional Solicitor

**EVERT H. VAN WIJK**
Associate Regional Solicitor

_______________________________
Ambriel Renn-Scanlan
Traci Martin
Laura O'Reilly
U.S. Department of Labor
Office of the Solicitor
2300 Main Street, Suite 10100
Kansas City, Missouri 64108
(816) 285-7260
renn-scanlan.ambriel@dol.gov
martin.traci.e@dol.gov
oreilly.laura.m@dol.gov

*Attorneys for Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor*